IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CUTBERTO VIRAMONTES, *et al.*, | ) | |
| Plaintiffs, | ) ) ) | No. 21 CV 4595 |
| v. | ) ) ) | Judge Rebecca R. Pallmeyer Magistrate Judge Susan E. Cox |
| THE COUNTY OF COOK, *et al.*, | ) ) | |
| Defendants. | ) | |

**Report of Parties Planning Meeting**

1. **Meeting.** Pursuant to FED. R. CIV. P. 26(f), a meeting was held telephonically on November 16, 2021 and was attended by :

    Peter A. Patterson and William V. Bergstrom for plaintiffs.
    Hellin Jang and Jessica Scheller for defendants.

2. **Nature of the Case**

    a. The case involves the following claims and counterclaims:Plaintiffs are individual residents of Cook County who desire to exercise their Second Amendment rights by acquiring, possessing, and carrying common semi-automatic rifles and associations who count these individuals among their members. Plaintiffs allege they are prevented from exercising their rights by Cook County ordinances and seek a judgment declaring those ordinances unconstitutional and enjoining their enforcement.

    b. The basis for federal jurisdiction is:

    28 U.S.C. §§ 1331, 1343.

3. **Pre-trial Schedule**. The parties jointly propose to the court the following discovery plan:

    a. Discovery will be needed on the following subjects:

    Plaintiffs' position: Plaintiffs oppose discovery in this case. As they acknowledged in their complaint, the relief requested is foreclosed by Seventh Circuit precedent which they seek to have overruled. *See Wilson v. Cook Cnty.*, 937 F.3d 1028 (7th Cir. 2019); *Friedman v. City of Highland Park*, 784 F.3d 406 (7th Cir. 2015). Under current precedent and without any development of the record, Defendants are entitled to judgment in their favor. In light of this binding precedent, Plaintiffs view discovery at this point to be an improper and unnecessary exercise and against the interest of judicial economy.

    Plaintiffs state that discovery is also unnecessary because the "facts" relevant to

the resolution of this case are legislative facts about matters such as history and social science research, and as such can be developed in briefing and argument on appeal without the need for the admission of expert or other evidence through trial proceedings. *See Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012) (ordering entry of judgment for plaintiffs on review of order granting motion to dismiss because "[t]he constitutionality of the challenged statutory provisions does not present factual questions for determination in a trial. . . . Only adjudicative facts are determined in trials, and only legislative facts are relevant to the constitutionality of the Illinois gun law. The key legislative facts in this case are the effects of the Illinois law; the state has failed to show that those effects are positive."). Indeed, it was legislative facts, in the form of "national statistic[s]" and "general evidence of the features of semi-automatic guns" that were the focus of the Seventh Circuit's decisions on this issue in *Friedman* and *Wilson*. *Wilson*, 937 F.3d at 1034 ("The result in *Friedman* did not turn on any factual findings unique to Highland Park."). And the Court in *Wilson* expressly held that the district court properly decided the case on the pleadings despite the plaintiffs' insistence that factual development should have been allowed. *See id.* at 1034.

To be sure, Plaintiffs have instituted this action in an effort to get this binding precedent overturned, and they will seek to do so before a Court authorized to make that determination. But that does not justify doing anything other than deciding this case on the pleadings. Defendants will be free to argue on appeal that if the challenged precedent is overturned the case should be remanded for litigation and decision under the proper standard of analysis. Furthermore, while Defendants will be free to make this argument, such a remand should not be necessary for the same reason that legislative facts were sufficient in *Moore*.

Defendants claim that discovery is needed on organizational plaintiffs' standing, but there is no need for such discovery. So long as individual plaintiffs have standing there is no need to inquire into the standing of organizational plaintiffs. *See Village of Arlington Heights v. Metropolitan Housing Development*, 429 U.S. 252, 264 (1977).

Defendants' position: Under the Seventh Circuit Court of Appeals' two-step inquiry for scrutinizing statutes and ordinances, courts assess: (1) whether the restricted activity is protected by the Second Amendment, and (2) the strength of the government's justification for restricting or regulating the exercise of Second Amendment rights. *Ezell v. City of Chicago*, 651 F.3d 684, 701, 703 (7th Cir. 2011). If the restricted activity is found to be within the scope of the Second Amendment, the rigor of the second inquiry depends "on how close the law comes to the core of the Second Amendment right and the severity of the law's burden on the right." Id. at 703. Discovery is needed in this case to establish a record on these factors.

Discovery is also needed to establish a record on the "dangerous and unusual" nature of assault weapons. The Seventh Circuit Court of Appeals in *Friedman* stated "[w]hat should matter to the 'danger' question is how deadly a single weapon of one kind is compared with a single weapon of a different kind." *Friedman*, 784 F.3d 406, 409 (7th Cir. 2015). The Appellate Court acknowledged that "[o]n that subject the record provides *some* evidence." *Id*. at 409 (emphasis added). The Appellate Court's statement that the record provides *some* evidence

indicates that the record could have been more fully developed. Accordingly, parties should have an opportunity to conduct discovery in order to establish a complete record in this case.

In addition, the Seventh Circuit Court of Appeals in *Ezell* stated that the defendant had not had an opportunity to establish a complete record on the risks to public safety. *See Ezell*, 651 F.3d 684, 709 (7th Cir. 2011) ("In the district court, the City presented no data or expert opinion to support the range ban…"). Judge Rover, concurring in the judgment, stated that "[a]t this stage of the litigation, the City has not yet had an opportunity to develop a full record on the safety issues raised by placing live gun ranges in an urban environment." *Id*. at 714. Given the Seventh Circuit Court of Appeals' statements in *Friedman* and *Ezell*, Defendants' position is that discovery is needed in this case to establish a complete record.

Furthermore, the Ordinance bans an individual possessing an assault weapon. The Ordinance does not address an organization's rights, and therefore, the organizational plaintiffs do not have the necessary standing. Discovery is warranted on this issue as well.

b    Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

Defendants' position: to be made by 1/15/22. All discoveryto be commenced in time to be completed by 2/15/22.

Plaintiffs' position: Based on Plaintiffs' position that no discovery should take place, Plaintiffs believe that initial disclosures are unnecessary as well.

c.    The parties have discussed discovery of electronically stored information ["ESI"]. The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties propose the following methodologies for identifying ESI, eliminating duplicative ESI, developing filters or keywords for searches:

The parties do not believe a plan for ESI discovery is necessary at this time.

d.    Defendants' position: The parties expect they will need approximately 8-10 depositions.

Plaintiffs' position: Consistent with earlier answers, there should be zero discovery, including depositions, at this time. In the event the Court disagrees, Plaintiffs reserve the right to take depositions of any witnesses, including experts, identified by Defendants.

e.    Reports from retained experts under Rule 26(a)(2) due:

Defendants' position:

from plaintiffs by 3/15/22.

      from defendants by 5/15/22.

      Plaintiffs' position: As explained, Plaintiffs believe that discovery is unnecessary at this time. In the event the Court disagrees with Plaintiffs' opposition to discovery, Plaintiffs reserve the right to submit rebuttal expert reports in accordance with Fed. R. Civ. P. 26(a)(2)(D)(ii).

   f.    All potentially dispositive motions should be filed by:

      Defendants' position: 7/15/22.

      [Note: The court will not consider a summary judgment motion until the parties have first discussed settlement. Any motion for summary judgment must be accompanied by a statement signed by lead counsel for both parties certifying that they have engaged in good faith settlement efforts.]

      Plaintiffs' position: Because this case should be decided on the pleadings, it is unnecessary to set a dispositive motion deadline at this time.

4. **Trial Schedule**

   a.    Final pretrial order:

      Defendants' position: Plaintiff to prepare proposed draft by 10/15/22; parties to file jointfinal pretrial order by 10/30/22.

   b.    The case should be ready for trial by

      Defendants' position:11/15/22 and at this time is expected to take approximately 2-4 days.

      Plaintiffs' position: Because this case should be decided on the pleadings, it is unnecessary to set a pretrial or trial schedule at this time.

5. **Expected Evidentiary Proceedings**

The parties anticipate there may be the following types of evidentiary hearings:

The parties do not currently anticipate there being any evidentiary hearings in the case.

6. **Settlement.** At least 7 days prior to the Rule 16[b] scheduling conference, plaintiff[s] is directed to make a written settlement demand to the defendant[s]. At least 3 days prior to the scheduling conference defendant[s] is to respond in writing to the plaintiff's settlement demand.

7. **Consent.** Parties do not consent unanimously to proceed before a Magistrate Judge.

| | |
|---|---|
| Date:  December 1, 2021 | /s/ David H. Thompson  <br>David H. Thompson\*<br>Peter A. Patterson\*<br>William V. Bergstrom\*<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Ave., N.W.<br>Washington, D.C. 20036<br>(202) 220-9600<br>(202) 220-9601 (fax)<br>dthompson@cooperkirk.com<br>ppatterson@cooperkirk.com<br>wbergstrom@cooperkirk.com<br><br>Christian D. Ambler<br>ARDC #6228749<br>STONE & JOHNSON, CHTD.<br>111 West Washington St., Suite 1800<br>Chicago, IL 60602<br>(312) 332-5656<br>cambler@stonejohnsonlaw.com<br><br>   \*Admitted p*ro hac vice*<br><br>**ATTORNEYS FOR PLAINTIFFS**<br><br>KIMBERLY M. FOXX<br>State's Attorney of Cook County<br><br>/s/ Hellin Jang  <br>Jessica Scheller<br>Prathima Yeddanapudi<br>Hellin Jang<br>Nicolette Koutas<br>Assistant State's Attorneys<br>500 Richard J. Daley Center<br>Chicago, Illinois 60602<br>hellin.jang@cookcountyil.gov<br>(312) 603-5397<br>Attorney No. 10295<br><br>**ATTORNEYS FOR DEFENDANTS** |