## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CUTBERTO VIRAMONTES, et al. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Case No. 1:21-cv-04595 |
| vs. | : | |
| | : | Chief Judge Rebecca R. Pallmeyer |
| THE COUNTY OF COOK, et al. | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF JOYAL'S MOTION FOR VOLUNTARY DISMISSAL

Rule 41(a)(2) permits a Plaintiff to seek an order from the Court dismissing his claims without prejudice if he no longer wishes to prosecute his suit but the opposing party has already answered the complaint. "Voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) is allowed at the district court's discretion." *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008). Dismissal is favored and should be denied "only if the defendant shows that she will suffer 'plain legal prejudice'" from dismissal. *Id.*; *see also SmithKline Beecham Corp. v. Pentech Pharma., Inc.*, 261 F. Supp. 2d 1002, 1006 (N.D. Ill. 2003) (Posner, J.) ("[O]nly harm to a nonconsenting party is a permissible ground for the court's refusing to grant a plaintiff's motion to dismiss without imposing conditions."). In assessing whether such prejudice will arise, the court can consider:

> the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.

*Kunz*, 538 F.3d at 677–78 (quoting *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969) (cleaned up). In this case, none of these points indicate Defendants will suffer *any* prejudice from granting Plaintiff Rubi Joyal's motion and the court should dismiss him from this case.

1

This case presents a facial constitutional challenge to Cook County's ban on certain firearms it dubs "assault weapons." *See* Complaint at ¶¶ 61–70, Doc. 1 (Aug. 27, 2021). In a case of this type, a plaintiff's challenge, as the Seventh Circuit has previously explained, turns not on any facts specific to the individuals who desire to challenge the law, but rather rises or falls exclusively based on "legislative facts," *i.e.*, "facts that bear on the justification for legislation, as distinct from facts concerning the conduct of parties in a particular case." *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012). As a result, the only effort and expense incurred by Defendants in this case that is attributable to Joyal directly and not equally valuable to its defense without him as a plaintiff is the relatively small amount of the time and expense devoted to Joyal's deposition.

Furthermore, there has been no delay in prosecuting the action. The case is still in discovery, and no motion for summary judgment has been filed by Defendants, who actually *opposed*, at an earlier stage of these proceedings, an entry of judgment in their favor on Plaintiffs' own motion. With the exception of possible arguments regarding facts unique to Joyal's standing (which in any event could only be used to dismiss him from the case, exactly as he seeks to be dismissed now) any eventual summary judgment motion made by Defendants will take the same form and rely on the same arguments and facts with or without his participation as a plaintiff, so no work in defending this case will have been wasted if Joyal is permitted to drop his claims. In fact, the two organizational plaintiffs in this case, Second Amendment Foundation and Firearms Policy Coalition, both have standing to bring this suit precisely *because* Joyal's participation in this case is unnecessary to resolving the constitutionality of the challenged law. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977) ("[W]e have recognized that an association has standing to bring suit on behalf of its members when . . . neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."). In short, "these

proceedings are at [a] fairly early stage and Defendants . . . have not been put to great effort and expense" because of Joyal's participation, so dismissing him from the case will not cause prejudice. *Document Generation Corp. v. AllMeds, Inc.*, No. 07-cv-841, 2009 WL 2849076, at *3 (S.D. Ill. Sept. 1, 2009).

Courts routinely grant dismissal when greater costs have been incurred (or will be in future repetitive litigation) or when the proceedings are at a more advanced stage. *See, e.g., Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988) (approving dismissal even though "DEC triggered one of the factors listed in *Pace* when it filed a summary judgment motion"). By contrast, cases where dismissal is appropriately denied present much stronger evidence of prejudice. In *Kapoulas v. Williams Ins. Agency, Inc.*, 11 F.3d 1380, 1385 (7th Cir. 1993), for example, the court upheld denial of a Rule 41 motion because "plaintiffs . . . intended to refile the case in state court, clearly evidencing an intent to avoid further adverse rulings by the district court." In *Villegas v. Princeton Farms, Inc.*, 893 F.2d 919, 924 (7th Cir. 1990), the Seventh Circuit affirmed a district court's rejection of voluntary dismissal because it had already decided the case on the merits and refused to "vacat[e its] decision in order to grant the losing party the opportunity to press the same case in state court." Not only does Joyal not have any intent to refile his case in state court, *this* case will remain live in federal court, just brought by the remaining Plaintiffs. Cook County will have the opportunity to attempt to vindicate its firearms ban in this forum and will not face parallel or repetitive adjudication of the case in state court or a separate federal suit.

Regarding Plaintiffs' need for dismissal, Joyal no longer desires to challenge the constitutionality of Cook County's assault-weapons ban or to sue any of the Defendants in this case. Courts have approved dismissal in other cases where the Plaintiff invoked Rule 41 because he no longer desired the relief sought or did not want to sue a particular defendant. *See, e.g.*

3

*Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1234 (7th Cir. 1983) (rejecting other defendants' objection to dismissal of Fass who stated "emotionally I have had enough of this case" and sought out settlement with Quad/Graphics); *SmithKline Beecham Corp.*, 261 F. Supp. 2d at 1004 (granting dismissal where plaintiff had settled its dispute with a defendant); *Futch v. AIG, Inc.*, 2007 WL 1752200, at *3 (granting dismissal of claims against Tennessee Valley Authority to facilitate remand to state court).

Cases where courts have found a Plaintiff's reason for dismissal insufficient generally involve generic or disingenuous proposed reasons—and always involve prejudice to the defendant. In *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994), for example, the Court concluded that the plaintiff's request to dismiss "in the interest of judicial economy and the conservation of economic and human resources, and to avoid unnecessary confusion of issues" was "unconvincing" because the case had been ongoing for four years, discovery was concluded, the issues had been narrowed, and the district court might well have found all of those interests advanced by *continuing* rather than dismissing the case. Other cases have rejected attempts to dismiss that were intended to give a plaintiff a chance to try her case in front of a different judge or avoid the consequences of adverse rulings. *See Mallory v. Rush Univ. Med. Ctr.*, No. 18 C 4364, 2020 WL 6559155, at *5–6 (N.D. Ill. Nov. 9, 2020) (discussing examples); *see also Ratkovich v. Smith Kline and French Labs.*, No. 88 C 3758, 1990 WL 17070, at *5 (N.D. Ill. 1990) (dismissal without prejudice inappropriate where reason was "inability to adduce adequate evidence"). Of course, no such gamesmanship is possible here, where all Plaintiffs but Joyal will remain in this action and the only "adverse" ruling against Plaintiffs in this case is the Court's decision to not enter judgment in favor of Defendants and to allow a period for discovery.

Joyal simply seeks to leave the case and does not intend to bring another. His exit from the proceedings will not have any adverse impact on Defendants; certainly no "plain legal prejudice" will result. Indeed, given that this is a facial, pre-enforcement challenge to an allegedly unconstitutional law, Joyal's participation is unnecessary so long as other parties with standing are present and the case will continue just the same without him. Joyal therefore respectfully requests that this Court grant his motion and dismiss his claim against all defendants without prejudice and without costs.

Dated: April 14, 2022

Christian D. Ambler
ARDC #6228749
STONE & JOHNSON, CHTD.
111 West Washington St., Suite 1800
Chicago, IL 60602
(312) 332-5656
cambler@stonejohnsonlaw.com

Respectfully Submitted,

/s/ David H. Thompson
David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

*Admitted p*ro hac vice*

*Attorneys for Plaintiffs*