**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CUTBERTO VIRAMONTES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 1:21-cv-04595 |
| | ) | |
| v. | ) | Hon. Rebecca R. Pallmeyer |
| | ) | Hon. Susan E. Cox |
| THE COUNTY OF COOK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**COUNTY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO
VOLUNTARILY DISMISS PLAINTIFF RUBI JOYAL**

Defendants The County of Cook, a body politic and corporate, Toni Preckwinkle, in her official capacity as County Board President and Chief Executive Officer of Cook County, Kimberly M. Foxx, in her official capacity as State's Attorney, and Thomas Dart, in his official capacity as Sheriff (collectively the "County Defendants"), by their attorney, Kimberly M. Foxx, State's Attorney of Cook County, through Megan Honingford, Assistant State's Attorney, for their response to Plaintiffs' motion to voluntarily dismiss Plaintiff Rubi Joyal, state as follows:

**INTRODUCTION**

Plaintiffs bring this case challenging the constitutionality of the Cook County's assault weapons ban. The parties are currently engaged in discovery. Plaintiff Joyal brings this motion to voluntarily dismiss his claims without prejudice pursuant to Rule 41(a)(2). Defendants oppose this motion to the extent it seeks a dismissal without prejudice and ask the court to include Plaintiff's participation in discovery as a term of the dismissal.

**ARGUMENT**

The Seventh Circuit has set forth the following factors which may justify denying voluntary dismissal: (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack

1

of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. *Pace v. S. Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969). Defendants do not contend that they have incurred excessive costs relative to Joyal's participation in this case or that Plaintiff has delayed or shown a lack of diligence in prosecuting this action.

It is Plaintiff's burden to demonstrate that a dismissal without prejudice is warranted and that Defendant will not suffer legal prejudice. *Mallory v. Rush Univ. Med. Ctr.*, 2020 U.S. Dist. Lexis 209199 (N.D. Ill. Nov. 9, 2020). If Plaintiffs are ultimately unsuccessful in achieving their goals for this litigation, Plaintiff will have the ability to relitigate his claims if he is dismissed without prejudice. Plaintiff's only explanation for needing to dismiss his claims is that he "no longer desires to challenge the constitutionality of Cook County's assault-weapons ban or to sue any of the Defendants in this case." (ECF No. 30, p. 3). Given this representation, Joyal has not shown that dismissal without prejudice is warranted, and any voluntary dismissal should therefore be with prejudice.

Furthermore, if Plaintiff's claims are dismissed, it should be on the condition that he is required to respond to all outstanding discovery requests. Under Rule 41(a)(2), the court may dismiss Joyal's claims "on terms that the court considers proper." *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 305 (D.C. Dist. 2000) (allowing voluntary dismissal on the condition that dismissed plaintiffs respond to noticed discovery). On March 10, 2022, Defendants issued interrogatories and requests for production to all Plaintiffs, including Joyal. Plaintiffs did not raise the issue of Joyal's dismissal until after discovery was issued, and counsel for Plaintiffs has indicated that Joyal will not be responding to discovery given the instant motion. Defendants have already taken Plaintiff Joyal's deposition, during which Joyal conveyed information that

Defendants believe to be material admissions. Defendants may be disadvantaged if Joyal is permitted to avoid responding to discovery by seeking dismissal. Therefore, Joyal should be dismissed only upon the completion of outstanding discovery.

WHEREFORE, the Defendants respectfully request that this court dismiss Plaintiff Joyal's claims with prejudice upon the condition that Joyal respond to all outstanding discovery.

Dated: April 21, 2022                    Respectfully submitted,

_/s/_Megan Honingford
Megan Honingford
Assistant State's Attorney
Cook County State's Attorney's Office
Civil Actions Bureau
Advice, Business and Complex Litigation Division
50 West Washington Street, Room 500
Chicago, Illinois 60602-1356
Tel:     (312) 603-3630
Email: megan.honingford@cookcountyil.gov