IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CUTBERTO VIRAMONTES, et al. : | |
| : | |
| Plaintiffs, : | |
| : | Case No. 1:21-cv-04595 |
| vs. : | |
| : | Chief Judge Rebecca R. Pallmeyer |
| THE COUNTY OF COOK, et al. : | |
| : | |
| Defendants. : | |

### REPLY IN SUPPORT OF PLAINTIFF JOYAL'S MOTION FOR VOLUNTARY DISMISSAL

Plaintiff Rubi Joyal has sought to have his case dismissed without prejudice under Rule 41(a)(2). Mem. in Supp. of Pl. Joyal's Mot. for Voluntary Dismissal, Doc. 30 (April 14, 2022) ("Br."). Defendants have opposed and ask the Court to dismiss with prejudice and to condition even that on Joyal responding to discovery requests first. Cnty. Defs.' Resp. to Pls.' Mot. to Voluntarily Dismiss Pl. Rubi Joyal, Doc. 32 (April 21, 2022) ("Resp."). The Court should reject both requests.

Ordinarily, a district court should grant a plaintiff's motion to dismiss without imposing conditions unless it believes that "plain legal prejudice" will follow. *SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F. Supp. 2d 1002, 1006 (N.D. Ill. 2003). Defendants request dismissal with prejudice because they view Joyal's explanation of his need for dismissal as inadequate and are concerned that "[i]f Plaintiffs are ultimately unsuccessful in achieving their goals for this litigation, [Joyal] will have the ability to relitigate his claims if he is dismissed without prejudice." Resp. 2. Regarding Joyal's desire for dismissal, as explained in his opening brief, courts frequently approve dismissal for similar reasons. Br. 3–4. Defendants offer no citation for the proposition that

1

they are insufficient here. And as to Defendants' concerns about subsequent suits, that is not enough to require dismissal with prejudice. The Seventh Circuit has repeatedly stated that a court should find the defendant "will suffer some plain legal prejudice *other than the mere prospect of a second lawsuit*" before denying a Rule 41 motion. *See Fluker v. Cnty. of Kankakee*, 741 F.3d 787, 794 (7th Cir. 2013) (quoting *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971)) (emphasis added); *see also Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1234 (7th Cir. 1983) ("[A] showing of injury in fact, *such as the prospect of a second lawsuit* or the creation of a tactical advantage, is insufficient to justify denying the plaintiff's motion to dismiss.") (emphasis added). And to be clear, Joyal has no present intention of filing another suit.

Defendants likewise will suffer no "plain legal prejudice" if Joyal is dismissed without answering outstanding interrogatories and requests for production. Defendants argue they "may be disadvantaged if Joyal is permitted to avoid responding to discovery by seeking dismissal." Resp. 3. Again, the Seventh Circuit has stated that a mere "creation of a tactical advantage[] is insufficient to justify denying the plaintiff's motion to dismiss." *Quad/Graphics*, 724 F.2d at 1233. Furthermore, Defendants can offer no explanation for how such a disadvantage could arise because none would. Plaintiffs have brought a facial challenge to a law and "[i]n a facial constitutional challenge, individual application facts do not matter. Once standing is established, the plaintiff's personal situation becomes irrelevant." *Ezell v. City of Chicago*, 651 F.3d 684, 697 (7th Cir. 2011). Defendants have the discovery responses of the other Plaintiffs in this matter, which included thousands of pages of publicly available information that Plaintiffs intend to use to support their claim. The additional information that Joyal could provide would be probative only of his standing—and of course his standing is irrelevant if he is not a party to this case.

In short, Defendants offer just two ill-defined reasons for keeping Joyal in this case or placing conditions on his dismissal and both have been rejected by the Seventh Circuit. For the foregoing reasons and those contained in Plaintiff's opening brief in support of dismissal, the Court should grant Plaintiff Joyal's motion and dismiss his claims without prejudice and without ordering that he first go through a futile exercise of answering discovery requests.

Dated: April 22, 2022

Christian D. Ambler
ARDC #6228749
STONE & JOHNSON, CHTD.
111 West Washington St., Suite 1800
Chicago, IL 60602
(312) 332-5656
cambler@stonejohnsonlaw.com

Respectfully Submitted,

/s/ David H. Thompson
David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

*Admitted p*ro hac vice*

*Attorneys for Plaintiffs*