IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CUTBERTO VIRAMONTES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 21 CV 4595 |
| | ) | |
| v. | ) | Judge Rebecca R. Pallmeyer |
| | ) | Magistrate Judge Susan E. Cox |
| THE COUNTY OF COOK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR EXTENSION OF TIME TO DISCLOSE EXPERT REPORT**

NOW COME the Defendants, the County of Cook, Toni Preckwinkle, Kimberly M. Foxx, and Thomas Dart, by and through their attorney, Kimberly M. Foxx, State's Attorney of Cook County, through her Assistant State's Attorney Megan M. Honingford, pursuant to Fed. R. Civ. P. 6(b)(1)(A) and 26(b)(2)(B), for their Motion for Extension of Time to Disclose Expert Report, now state as follows:

1. On May 31, 2022, this Honorable Court entered a scheduling order regarding expert discovery. Relevant to this motion, Defendants are ordered to tender their initial expert disclosures by July 15, 2022. ECF Dkt. 37.

2. Defendants have worked diligently towards meeting this court's July 15 deadline. Prior to recent events, Defendants planned to timely produce expert reports from all experts they anticipated disclosing on or before the court's deadline.

3. On June 23, 2022, the United States Supreme Court issued its ruling in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 2022 U.S. Lexis 3055 (2022).

4. In *Bruen* the court rejected the constitutionality of a New York state law requiring anyone wishing to possess a concealed handgun outside his home obtain a permit and make a showing

of "proper cause" before a licensing officer. *Bruen*, 2022 U.S. Lexis at *15-16, 90.

5. The Court rejected a two-step analysis that Courts of Appeals have used to determine whether a firearm regulation offends the Second Amendment. *Bruen*, 2022 U.S. Lexis at *21-22. The Court held instead that, to satisfy the Second Amendment, the regulation must be "consistent with this Nation's historical tradition of firearm regulation." *Id.* at *20-21.

6. The Court now considers "'historical precedent' from before, during, and after" the founding of our country to assess whether a firearm regulation is constitutional. *Bruen*, 2022 U.S. Lexis at *34.

7. The Court went on to conduct a substantial (but not "exhaustive") survey of our historic tradition of firearm regulations before concluding that the New York statute was inconsistent with our historic tradition of firearm regulations, and was therefore unconstitutional. *Bruen*, 2022 U.S. Lexis at *39, 48.

8. As the Court concedes, this "historic traditions" test is made more explicit in *Bruen* than in *District of Columbia v. Heller*, 554 U.S. 570 (2008), upon which this test relies heavily. *Bruen*, 2022 U.S. Lexis at *39.

9. Because *Bruen* was announced less than a week ago, and the Court's "historic traditions" test for the constitutionality of firearms regulations was heretofore not explicit, Defendants did not foresee the need for a history and traditions expert to opine on our country's tradition of firearms regulations as it pertains to the ordinance which is the subject of this lawsuit.

10. Defendants now intend to produce an expert in the historic tradition of firearms regulations in the United States.

11. In addition, as the court is no doubt aware, a mass shooting took place in Highland Park, Illinois just two days prior to this filing, on July 4, 2022. New information regarding the

shooting, the shooter, the weapons he used, and how he obtained them is being released daily. Given Highland Park's proximity to Cook County, Defendants wish to allow their experts time to evaluate the facts of the event and consider whether this event has any impact on potential discovery or analysis in this case.

12. Defendants therefore need additional time to produce their expert reports.

13. Accordingly, Defendants now request an extension of time up to and including September 15, 2022 to produce their expert reports.

14. Defendants do not seek an extension of any other deadlines and would not object to a similar extension for Plaintiffs' responsive disclosures, if any.

15. Defendants proposed an extension of time to counsel for Plaintiffs. As of this filing, Plaintiffs have agreed to an extension up of time to disclose all experts up to August 15, 2022, but objected to extending time further.

16. Accordingly, Defendants request an extension of time up to and including September 15, 2022, to produce the reports of their experts.

WHEREFORE, Defendants respectfully request that this Honorable Court extend the Defendants' deadline to produce their expert report on historic traditions of firearms regulations, and for all other appropriate relief.

Dated: July 6, 2022

        Respectfully submitted,

        KIMBERLY M. FOXX
        State's Attorney of Cook County

        */s/ Megan Honingford*
        Megan Honingford
        Cook County Assistant State's Attorneys
        50 W. Washington, 5th Floor

                                                Chicago, Illinois 60602
                                                (312) 603-3630
                                                megan.honingford@cookcountyil.gov

## CERTIFICATE OF SERVICE

      I, Megan Honingford, hereby certify that on July 6, 2022, I have caused a true and correct copy of Motion for Extension of Time to Disclose Expert Report be sent via e-filing to all counsel of record in accordance with the rules regarding the electronic filing and service of documents.

                                                */s/ Megan Honingford*
                                                Megan Honingford
                                                Cook County Assistant State's Attorneys
                                                50 W. Washington, 5th Floor
                                                Chicago, Illinois 60602
                                                (312) 603-3630
                                                megan.honingford@cookcountyil.gov