**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CUTBERTO VIRAMONTES, an individual and resident of Cook County, Illinois, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE COUNTY OF COOK, a body politic and corporate, *et al.*, <br><br> Defendants. | No. 1:21-cv-04595 <br><br> Honorable Rebecca R. Pallmeyer <br><br> Honorable Susan E. Cox |

**MEMORANDUM IN SUPPORT OF THE CITY OF HIGHLAND PARK'S
MOTION TO REASSIGN RELATED CASE PURSUANT TO LOCAL RULE 40.4**

**TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................................................1

BACKGROUND ............................................................................................................................1

ARGUMENT ..................................................................................................................................3

      I.      The Cook County And Highland Park Cases Are Related. .....................................4

      II.     Reassignment Would Promote The Efficient Use Of Judicial Resources. ..............6

CONCLUSION .............................................................................................................................10

i

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*21 srl v. Enable Holdings, Inc.*, 2009 WL 4884177 (N.D. Ill. Dec. 9, 2009) ............................. 8, 9

*Blair v. Equifax Check Servs., Inc.*,
   181 F.3d 832 (7th Cir. 1999) ................................................................................................... 7

*BP Corp. N.A. Inc. v. N. Tr. Invs., N.A.*,
   2009 WL 1684531 (N.D. Ill. June 15, 2009) ............................................................................ 6

*Ewing v. Carrier*,
   35 F.4th 592 (7th Cir. 2022) .................................................................................................. 4, 7

*Freeman v. Bogusiewicz*,
   2004 WL 1879045 (N.D. Ill. Aug. 11, 2004) ........................................................................... 9

*Friedman v. City of Highland Park*,
   68 F. Supp. 3d 895 (N.D. Ill. 2014) .......................................................................................... 2

*Friedman v. City of Highland Park*,
   784 F.3d 406 (7th Cir. 2015) .................................................................................................... 2

*Gautreaux v. Chi. Hous. Auth.*,
   2013 WL 5567771 (N.D. Ill. Oct. 9, 2013) .............................................................................. 8

*Glob. Pat. Holdings, LLC v. Green Bay Packers, LLC*,
   2008 WL 1848142 (N.D. Ill. Apr. 23, 2008) ....................................................................... 4, 9

*Helferich Pat. Licensing, L.L.C. v. N.Y. Times Co.*,
   2012 WL 1368193 (N.D. Ill. April 19, 2012) ...................................................................... 8, 9

*Murry v. Am. Mortg. Banc, Inc.*,
   2004 WL 407010 (N.D. Ill. March 1, 2004) ............................................................................ 6

*N.Y. State Rife & Pistol Ass'n, Inc. v. Bruen*,
   142 S. Ct. 2111 (2022) ......................................................................................................... 1, 7

*Sha-Poppin Gourmet Popcorn, LLC v. JP Morgan Chase Bank, N.A.*,
   2020 WL 8367421 (N.D. Ill. Sept. 4, 2020) ........................................................................ 5, 7

*Stingley v. Laci Transp., Inc.*,
   2020 WL 12182491 (N.D. Ill. Dec. 1, 2020) ........................................................................... 6

*United States v. Bullock*,
   2022 WL 16649175 (S.D. Miss. Oct. 27, 2022) ...................................................................... 7

*Urb. 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*,
   2019 WL 2515984 (N.D. Ill. June 18, 2019) ...................................................................4

*Velocity Pat. LLC v. Mercedes-Benz USA, LLC*,
   2014 WL 1661849 (N.D. Ill. Apr. 24, 2014) ...................................................................9

*Wilson v. Cook County*,
   937 F.3d 1028 (7th Cir. 2019) .....................................................................................2, 5

**Statutes**

Cook County, Ill. Code §§ 54-211, 54-212 ...............................................................................1, 5

Highland Park, Ill. Code §§ 136.001-006 ..................................................................................2, 5

**Other Authorities**

Local Rule 40.4 ......................................................................................................................4, 5, 8

**INTRODUCTION**

The City of Highland Park, Illinois ("Highland Park") moves under Local Rule 40.4 to reassign a related case to this Court's docket. The related case, captioned *Goldman v. City of Highland Park*, No. 1:22-cv-04774 (N.D. Ill.) (the "Highland Park action"), is pending in the Northern District of Illinois before Judge Harry D. Leinenweber.

The Highland Park action and this action are both constitutional challenges to ordinances that prohibit assault weapons and large-capacity magazines. As the Seventh Circuit recognized in 2019, the challenged ordinances are materially identical. Both actions involve the same essential question of law: whether, in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), governments may lawfully ban assault weapons. Likewise, both actions raise many common questions of fact, including about how dangerous they are, how broadly Americans lawfully own and use them, and which historical weapons regulations are relevant.

All required conditions for reassignment in Local Rule 40.4 are satisfied. Given the identical ordinances and overlapping nature of the legal and factual issues, Highland Park respectfully requests that this Court exercise its discretion to grant the motion. Reassignment would promote the efficient use of judicial resources and minimize the risk of inconsistent rulings or judgments in the two cases. In accordance with Local Rule 40.4(c), a copy of the *Highland Park* complaint is attached as Exhibit A.

**BACKGROUND**

Over a decade ago, Cook County and Highland Park enacted assault weapons and large-capacity magazine bans. The Cook County Board of Commissioners enacted a ban on assault weapons and large-capacity magazines in November 2006. *See* Cook County, Ill. Code §§ 54-

1

211, 54-212. In June 2013, Highland Park enacted a materially identical ordinance prohibiting assault weapons and large-capacity magazines. *See* Highland Park, Ill. Code § 136.005.

Highland Park modeled its ordinance after Cook County's and, as a result, the two ordinances are nearly identical. *See* Ex. B, Rotering Decl. in *Friedman v. City of Highland Park*, No. 1:13-cv-09073 (N.D. Ill.), Dkt. 45-1, at ¶ 6 (explaining that Highland Park "modeled its Ordinance after Cook County's assault weapon ban"); *Friedman v. City of Highland Park*, 68 F. Supp. 3d 895, 898 n.1 (N.D. Ill. 2014) ("The Ordinance is nearly identical to a ban in neighboring Cook County … ."), *aff'd* 784 F.3d 406 (7th Cir. 2015). As the Seventh Circuit has recognized, the "Highland Park Ordinance defines 'assault weapon' and 'large-capacity magazine' in virtually identical terms as the [Cook] County Ordinance does and proscribes the same conduct: it penalizes those who 'manufacture, sell, offer or display for sale, give, lend, transfer ownership of, acquire or possess' any assault weapon or large-capacity magazine." *Wilson v. Cook County*, 937 F.3d 1028, 1030 (7th Cir. 2019) (quoting Highland Park, Ill. Code § 136.005).

Both ordinances were challenged as unconstitutional under the Second Amendment in earlier litigations, and both ordinances were upheld by this Court and the Seventh Circuit. *Id.* (upholding Cook County's ban); *Friedman v. City of Highland Park*, 784 F.3d 406 (7th Cir. 2015) (upholding Highland Park's ban). Now, the constitutionality of the Cook County and Highland Park ordinances are being re-litigated in new lawsuits.

The action pending before this Court, *Viramontes v. Cook County*, No. 1:21-cv-04595 (N.D. Ill.) (the "Cook County action"), was filed on August 27, 2021. In that action, two organizations, the Second Amendment Foundation and the Firearms Policy Coalition, and three individual plaintiffs (the "Cook County Plaintiffs") allege that Cook County's assault weapons

2

ban is unconstitutional.[1] Although that case was filed in the summer of 2021, the schedule for that case was substantially revised after *Bruen*. Under the current schedule, expert discovery closed on November 28, 2022, and dispositive motions are due by January 19, 2023. (Dkt. 46 in Case No. 1:21-cv-04595.)

On September 7, 2022, the National Association for Gun Rights ("NAGR") and individual plaintiff Susan Goldman (the "Highland Park Plaintiffs") sued Highland Park in *Goldman v. City of Highland Park*, No. 1:22-cv-04774 (N.D. Ill.). The Highland Park action is currently pending before Judge Leinenweber. It challenges the constitutionality of Highland Park's assault weapons and large-capacity magazine ban. Plaintiffs in the Highland Park action filed a preliminary injunction motion in October 2022. Judge Leinenweber issued a briefing schedule on the motion, providing that Highland Park's response is due on January 10, 2023, and briefing will be completed on March 2, 2023. (Dkt. 22 in Case No. 1:22-cv-04774.) Additionally, on November 17, 2022, Highland Park filed a partial motion to dismiss Plaintiff NAGR for lack of standing and a partial Answer as to Plaintiff Susan Goldman. (Dkts. 26, 29 in Case No. 1:22-cv-04774.) Plaintiff NAGR's response to the motion to dismiss is due December 28, 2022, and Highland Park's reply is due January 13, 2023. (Dkt. 31 in Case No. 1:22-cv-04774.)

Highland Park now seeks to reassign the Highland Park action to this Court. The Highland Park Plaintiffs oppose the motion. Cook County is in favor of reassignment. The Cook County Plaintiffs take no position on the motion.

## ARGUMENT

Local Rule 40.4 allows for the reassignment of related cases. This rule "promotes efficient use of judicial resources by minimizing duplication of effort on cases that have a great

---

[1] This action is brought against several defendants which are referred to collectively as "Cook County."

deal in common." *Glob. Pat. Holdings, LLC v. Green Bay Packers, LLC*, 2008 WL 1848142, at *2 (N.D. Ill. Apr. 23, 2008). It also supports the judiciary's interest "in avoiding messy, duplicative litigation" and multiple appeals involving the same issues. *Ewing v. Carrier*, 35 F.4th 592, 594 (7th Cir. 2022).

To warrant reassignment under Rule 40.4, first, the cases must be related. "Two or more civil cases may be related if … (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; [or] (3) the cases grow out of the same transaction or occurrence." L.R. 40.4(a). Second, the moving party must show that "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." L.R. 40.4(b).

The decision to reassign cases is within the sound discretion of the Court. *See Urb. 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 2019 WL 2515984, at *3 (N.D. Ill. June 18, 2019). If a court grants the motion for reassignment, then the higher-numbered case is transferred to the court's docket of the lower-numbered case.

**I.      The Cook County And Highland Park Cases Are Related.**

The Cook County and Highland Park cases clearly "involve some of the same issues of fact or law." L.R. 40.4(a). Because the two cases involve materially identical ordinances, the two cases raise the same core legal issue—whether a local ban on the possession of assault weapons are constitutional after *Bruen*. The two cases will also involve many overlapping issues of fact.

Both ordinances define the prohibited weapons in "virtually identical" ways and ban the "same conduct." *Wilson*, 937 F.3d at 1030; *compare* Cook County, Ill. Code § 54-212, *with*

4

Highland Park, Ill. Code § 136.005. And the legal challenges brought by the plaintiffs in the two cases are very similar, resulting in the same dispositive issues of law and fact. Plaintiffs in both cases allege that assault weapons are commonly possessed and that the Second Amendment protects their fundamental right to keep and bear such weapons. *Compare* Ex. A at ¶¶ 29–30, *with* Ex. C, Cook County Compl. at ¶¶ 1, 4. Plaintiffs in both cases bring just one count, alleging that the challenged restrictions violate the Second Amendment as incorporated through the Fourteenth Amendment. *Compare* Ex. A at ¶¶ 30, 35, *with* Ex. C at ¶ 69. And Plaintiffs in both actions seek the same injunctive relief and monetary damages under 42 U.S.C. § 1983. *Compare* Ex. A at ¶¶ 36–40, *with* Ex. C at ¶ 71. In fact, the core issues are so similar that the Cook County Plaintiffs explicitly seek to overrule the Seventh Circuit decisions upholding both the Cook County Ordinance *and* the Highland Park Ordinance. *See* Ex. C at ¶ 5.

To be sure, the cases are not identical in every respect. While both ordinances prohibit assault weapons and large-capacity magazines, the Cook County action challenges only the assault weapons ban portion of the Cook County Ordinance. The Highland Park action, by contrast, challenges both the assault weapons ban and large-capacity magazine ban. But Local Rule "40.4(a)(2) does not demand a complete identity of legal and factual issues; rather, the cases must 'involve *some of* the same issues of fact or law.'" *Sha-Poppin Gourmet Popcorn, LLC v. JP Morgan Chase Bank, N.A.*, 2020 WL 8367421, at *2 (N.D. Ill. Sept. 4, 2020) (emphasis in original) (quoting L.R. 40.4(a)(2)). And here, the key dispositive legal issue in both cases is whether assault weapons bans are constitutional, which will require the court in both cases to determine how *Bruen* applies to this type of gun regulation. Thus, the cases are clearly related. *See, e.g.*, *Murry v. Am. Mortg. Banc, Inc.*, 2004 WL 407010, at *2 (N.D. Ill. March 1, 2004) (explaining that perfect symmetry is not required for a finding of relatedness; cases were

5

related because they required "a determination of the legality of the same defendants' actions under the same statutes and regulations").

## II. Reassignment Would Promote The Efficient Use Of Judicial Resources.

All four conditions in Local Rule 40.4(b) are satisfied here.

First, both cases are currently pending in this District.

Second, assigning both cases to this Court's docket will save the judiciary substantial time and resources. As described above, both actions challenge virtually identical ordinances and concern the same key constitutional issue. In addition, after discussions between Highland Park and Cook County, it is apparent that the brief and accompanying expert reports that Highland Park is scheduled to file on January 10, 2023 in response to the Highland Park Plaintiffs' preliminary injunction motion will heavily overlap with the brief and accompanying expert reports that Cook County is scheduled to file on January 19, 2023 in support of its summary judgment motion.[2] Both briefs will make similar arguments about the applicability of the Second Amendment and *Bruen* to these essentially identical ordinances. And indeed, some of the experts presented by Cook County and Highland Park will be the same. Thus, a single judge can most efficiently adjudicate both actions. *See, e.g.*, *Stingley v. Laci Transp., Inc.*, 2020 WL 12182491, at *3 (N.D. Ill. Dec. 1, 2020) (reassigning a related case where "several [] issues" had not yet been resolved, "meaning both that already-expended judicial time will not be wasted and that only one judge will have to resolve those complex and consequential issues"); *BP Corp. N.A. Inc. v. N. Tr. Invs., N.A.*, 2009 WL 1684531, at *2–3 (N.D. Ill. June 15, 2009) (reassigning case where the two actions interpreted the same provisions of law, applied the same case law, and

---

[2] Highland Park has filed an agreed motion requesting that the briefing schedule in its case be adjusted by nine days, so that both its brief and Cook County's brief are due on January 19, 2023. *See* Dkt. 34.

necessitated the same experts); *cf. Sha-Poppin Gourmet Popcorn*, 2020 WL 8367421, at *3 ("The Seventh Circuit has been critical of district courts for failing to reassign cases presenting overlapping issues … .") (citing *Smith v. Check-N-Go of Illinois, Inc.*, 200 F.3d 511, 513 n.* [sic] (7th Cir. 1999)); *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999) ("By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge.").

The potential efficiency gains of reassignment are especially significant here because *Bruen* instructs courts to engage in a comprehensive historical analysis to determine whether restrictions on firearms protected by the Second Amendment are "consistent with the Nation's historical tradition of firearm regulation." *See Bruen*, 142 S. Ct. at 2130. Such an analysis "can be difficult; it sometimes requires resolving threshold questions, [] making nuanced judgments about which evidence to consult and how to interpret it," and performing a detailed review of many different historical and empirical sources. *Id.* (citation omitted); *see also United States v. Bullock*, 2022 WL 16649175, at *1, *3 (S.D. Miss. Oct. 27, 2022) (noting that "courts have realized, after *Bruen*, [that] adjudicating the issue[s] presents certain difficulties" and considering whether to appoint a historian as a court-appointed expert).

Given the complexity of the analysis, it would waste judicial resources for two courts to conduct the same historical and empirical inquiry into assault weapons restrictions, including the assessment of reports from some of the very same experts. *Cf. Ewing*, 35 F.4th at 594. Indeed, without reassignment, resolving Plaintiffs' claims requires two different judges "to tread much, if not all, of the same ground." *See Sha-Poppin Gourmet Popcorn*, 2020 WL 8367421, at *3. And the substantial overlap in these two actions means that, absent reassignment, there is a serious risk of inconsistent rulings and piecemeal appeals on a novel issue. *See, e.g.*, *Helferich Pat.*

7

*Licensing, L.L.C. v. N.Y. Times Co.*, 2012 WL 1368193, at *3 (N.D. Ill. April 19, 2012) ("[R]eassigning the cases to the same judge would avoid potentially inconsistent or conflicting rulings with regard to the common claims arising in each case."). For all of these reasons, there are substantial time and resource efficiencies to reassignment.

Third, reassignment will not substantially delay proceedings in this case. While the Cook County action was filed about a year before the Highland Park action, the cases are now proceeding on similar timeframes given this Court's adjustment to the Cook County case schedule in light of *Bruen*. (*See* Dkt. 46 in Case No. 1:21-cv-04595.) Accordingly, reassignment will not significantly delay proceedings in the Cook County action. Neither case has had any dispositive rulings, and the parties will both be filing substantive briefs in mid-January on the same substantive issues with very similar expert reports involving some of the same experts. *See, e.g.*, *Gautreaux v. Chi. Hous. Auth.*, 2013 WL 5567771, at *4 (N.D. Ill. Oct. 9, 2013) (finding reassignment appropriate when neither case had addressed the primary legal issue raised). Despite the difference in procedural postures, Defendants in both cases will be presenting substantive argument on the core constitutional issues at the same time, and there is no reason to believe that reassignment would cause any delay, much less "substantial" delay. *See, e.g.*, *21 srl v. Enable Holdings, Inc.*, 2009 WL 4884177, at *3 (N.D. Ill. Dec. 9, 2009) (noting that one case was "more advanced" than the other but holding that any resulting delay associated with getting the cases on the same timeline would not be "substantial"); *accord* L.R. 40.4(b)(3) (the focus is whether reassignment would cause "the proceedings in the earlier case" to be delayed "substantially").

Finally, the actions are susceptible of disposition in a single proceeding. As described above, the actions involve overlapping Second Amendment issues. *See Glob. Pat. Holdings*,

8

2008 WL 1848142, at *4 (granting motion for reassignment where "both actions involve *prima facie* fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings"); *Freeman v. Bogusiewicz*, 2004 WL 1879045, at *2 (N.D. Ill. Aug. 11, 2004) (reassignment appropriate where "[t]he facts and issues in both cases are similar in nature and can be handled more efficiently in one proceeding"). And reassignment to a single judge who can oversee both actions reduces the risk of inconsistent rulings and piecemeal appeals that exists if the cases are proceeding on different timelines in front of different judges. *See, e.g.*, *Helferich Pat. Licensing*, 2012 WL 1368193, at *3 ("reassigning the cases to the same judge would avoid potentially inconsistent or conflicting rulings with regard to the common claims arising in each case"); *21 srl*, 2009 WL 4884177, at *2 (explaining that "reassignment would save judicial time and effort by avoiding potentially inconsistent rulings" and noting that the Seventh Circuit has criticized district courts for allowing "multiple cases involving similar legal issues to proceed along different tracks before different judges, resulting in numerous and disparate decisions, as well as multiple appeals" (citation and internal quotation marks omitted)).[3]

In sum, the criteria set forth in Local Rule 40.4(a) and (b) are satisfied here, and the Highland Park action should be reassigned to this Court.

---

[3] While the cases are amenable to a single disposition, reassignment does not require the Court to resolve both cases at the same time. *See, e.g.*, *Helferich Pat. Licensing*, 2012 WL 1368193, at *3 ("Reassignment does not require that the two cases be bound together, proceeding in unison for all purposes. In fact, reassignment does not even require the [c]ases to be disposed of at the same time; they merely need to be *susceptible* to disposition at the same time.") (emphasis in original); *Velocity Pat. LLC v. Mercedes-Benz USA, LLC*, 2014 WL 1661849, at *2 (N.D. Ill. Apr. 24, 2014) ("This is not to say that the cases will be disposed of at the same time, but only that they are *susceptible*.") (emphasis in original).

## **CONCLUSION**

For these reasons, this Court should find that the Highland Park and Cook County actions are related and reassign the Highland Park action to this Court's docket.

Dated: December 23, 2022

Respectfully submitted,

*/s/ David H. Hoffman*
David H. Hoffman (No. 6229441)
Neil H. Conrad (No. 6321947)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
david.hoffman@sidley.com
nconrad@sidley.com

*Attorneys for Non-Party Movant City of Highland Park, Illinois*