IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CUTBERTO VIRAMONTES, an individual and resident of Cook County, Illinois, *et al.*, Plaintiffs, <br><br> v. <br><br> THE COUNTY OF COOK, a body politic and corporate, *et al.*, Defendants. | ) ) ) ) ) No. 1:21-cv-04595 ) ) ) ) ) ) |

**HIGHLAND PARK PLAINTIFFS' RESPONSE
IN OPPOSITION TO HIGHLAND PARK'S MOTION TO REASSIGN**

Plaintiffs submit the following response in opposition to the City of Highland Park's motion to reassign [Doc. 54].

The case of National Association for *Gun Rights and Goldman v. City of Highland Park*, No. 1:22-cv-04774 (N.D. Ill.) (the "Highland Park Action"), is pending in the Northern District of Illinois before Judge Harry D. Leinenweber. Highland Park has moved pursuant to Local Rule 40.4 to reassign the Highland Park Action to this Court's docket. Plaintiffs in the Highland Park Action (the "HP Plaintiffs") respectfully request the Court to deny the motion to reassign.

A case may be reassigned only if it is "related" (as that term is defined in L.R. 40.4(a)) to a case on this Court's docket and all of the criteria set forth in L.R. 40.4(b) are met. The HP Plaintiffs do not deny that the two cases are related as that term is defined in L.R. 40.4(a). However, Highland Park's motion founders on the shoals of L.R. 40.4(b). Specifically, the motion founders under the third criterion of L.R. 40.4(b), because this case has progressed to the point where designating the Highland Park Action as related would likely substantially delay the proceedings.

1

This action was filed on August 27, 2021. Defendants answered on November 15, 2021. Expert discovery closed on November 28, 2022 [Doc. 46]. The parties' respective dispositive motions are due on January 19, 2023. Conversely, the Highland Park Action was filed over one year later on September 7, 2022. The HP Plaintiffs filed a motion for preliminary injunction on October 7, 2022. Highland Park partially answered and partially moved to dismiss on November 17, 2022. Highland Park's response to the motion for preliminary injunction is due on January 19, 2023, and the HP Plaintiffs' reply is due on February 20, 2023.

In *Old Republic Ins. Co. v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 2005 WL 8177563 (N.D. Ill. 2005), the Court held that when two cases are in very different procedural postures L.R. 40.4's third criterion has not been met. In *Old Republic*, discovery in the earlier case had closed and summary judgment motions were imminent. *Id*. On the other hand, the later case had been filed only a few months earlier and no discovery schedule had been set. *Id*. The Court denied the motion to reassign, holding: "[b]ased on the significantly different procedural postures of the two cases, the court concludes that substantial delay to the instant case would result if the case was reassigned to this court." *Id. See also Creation Supply, Inc. v. Hahn*, 2022 WL 2291225, at *3 n.6 (N.D. Ill. 2022) (noting that a motion to reassign had been denied because the later case was well advanced while the earlier case was still at the motion to dismiss stage).

This case appears to be on all fours with *Old Republic*. Discovery has closed in this case (i.e., the earlier filed case) and summary judgment motions are imminent. Conversely, the Highland Park (the later filed case) was filed only a few months ago, a motion to dismiss is pending, and no discovery schedule has been set. Highland Park admits that the Highland Park Action and this action are in a different procedural posture. Motion 8.

Highland Park downplays the admitted difference on two grounds. First it asserts that the two actions are "proceeding on similar timeframes." *Id*. Second it notes that the parties' dispositive motions in this action and Highland Park's response to the HP Plaintiffs' motion for preliminary injunction are both due on January 19, and those papers will address the "same substantive issues." *Id*. Highland Park is surely mistaken on both counts.

A case that has reached the dispositive motions stage after discovery has closed is obviously not "proceeding on similar timeframes" with a case at the motion to dismiss stage in which discovery has not yet opened. The Highland Park Action is nearly a year behind this action, and this action will be substantially delayed if it waits for the Highland Park Action to catch up procedurally. Also, the assertion that cross motions for summary judgment after full discovery will address the "same substantive issues" as a response to a motion for preliminary injunction prior to any discovery is obviously incorrect. It should go without saying that summary judgment motions and motions for preliminary injunction are subject to very different substantive rules. Indeed, far from indicating that the two cases are in a similar procedural posture, the differences between the two motions points to the significant procedural postures in which the two cases are currently situated. This action is near final resolution while the Highland Park Action is just beginning.

Because this case is in a very different procedural posture from the Highland Park Action, L.R. 40.4's third criterion has not been met. Therefore, Highland Park's motion to reassign should be denied.

*/s/ Barry K. Arrington*

_____

Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge, Colorado 80033

3

Voice: (303) 205-7870
Email: barry@arringtonpc.com
Pro Hac Vice

Designated local counsel:
Jason R. Craddock
Law Office of Jason R. Craddock
2021 Midwest Rd., Ste. 200
Oak Brook, IL 60523
(708) 964-4973
cradlaw1970@gmail.com or craddocklaw@icloud.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email counsel of record:

*/s/ Barry K. Arrington*
_____
Barry K. Arrington