IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CUTBERTO VIRAMONTES, et al. : | |
| : | |
| Plaintiffs, : | |
| : | Case No. 1:21-cv-04595 |
| vs. : | |
| : | Chief Judge Rebecca R. Pallmeyer |
| THE COUNTY OF COOK, et al. : | |
| : | |
| Defendants. : | |

**PLAINTIFFS' RESPONSE TO THE CITY OF HIGHLAND PARK'S MOTION TO REASSIGN THE CASE**

As the City of Highland Park noted in its motion to reassign the *Goldman* case, Plaintiffs in the *Viramontes* case take no position on reassignment. We therefore file this response not to address the merits of the reassignment motion but rather to briefly explain that in the event *Goldman* is transferred it should not be allowed to slow progress to a judgment on the merits in *Viramontes*.

Plaintiffs in the *Viramontes* matter filed their lawsuit nearly a year and a half ago. Complaint, Doc. 1 (Aug. 27, 2021). No motion to dismiss or for preliminary injunction was filed, and the Court denied Plaintiffs' motion for judgment on the pleadings on December 8, 2021. Minute Entry, Doc. 23. The parties have engaged in extensive fact and expert discovery, which just concluded in November 2022. The parties now have dispositive motions due in less than two weeks on January 19, 2023. By contrast, the *Goldman* case was filed in September 2022. There are currently both partial motions to dismiss and for a preliminary injunction pending. *See Goldman v. City of Highland Park*, No. 1:22-cv-04774, Docs. 7 & 26 (N.D. Ill.)

As this Court has acknowledged, reassignment is only appropriate if:

1

(1) both cases are pending in the same court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier [filed] case has not progressed to the point where designating a later-filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

*Stingley v. Laci Transp., Inc.*, No. 18-cv-06221, 2020 WL 12182491, at *2 (N.D. Ill. Dec. 1, 2020); *see also* N.D. Ill L.R. 40.4(b). These criteria are "stringent." *Williams v. Walsh Const.*, No. 05 C 6807, 2007 WL 178309, at *2 (N.D. Ill. Jan. 16, 2007). It is true that the substantive claims in these cases have considerable overlap. But the *Goldman* case is at the preliminary injunction stage whereas the *Viramontes* case is at the summary judgment stage. Discovery has been completed in *Viramontes* and it has not been started in *Goldman*. If reassigning *Goldman* would in any way delay the proceedings in *Viramontes*, the Court must reject it as incompatible with Local Rule 40.4(b)(3). And if discovery is granted, *Goldman* should not be allowed to slow progress in *Viramontes*.

Dated: January 6, 2023

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, Illinois 60187
(630) 452-4547
dsigale@sigalelaw.com

Respectfully Submitted,

/s/ David H. Thompson
David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

*Admitted pro hac vice*

*Attorneys for Plaintiffs*