UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CUTBERTO VIRAMONTES, an individual and resident of Cook County, Illinois, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE COUNTY OF COOK, a body politic and corporate, *et al.*, <br><br> Defendants. | No. 1:21-cv-04595 <br><br> Honorable Rebecca R. Pallmeyer <br><br> Honorable Susan E. Cox |

**REPLY IN SUPPORT OF THE CITY OF HIGHLAND PARK'S
MOTION TO REASSIGN RELATED CASE PURSUANT TO LOCAL RULE 40.4**

## ARGUMENT

The Highland Park Plaintiffs agree that the Cook County and Highland Park actions meet the criteria for reassignment under Rule 40.4(a). *See* Dkt. 58 ("Opp.") at 1. They also concede that the actions meet three of the four criteria under Rule 40.4(b)—including that reassignment is "likely to result in a substantial saving of judicial time and effort." L.R. 40.4(b)(2). And they do not dispute that unless the Highland Park action is reassigned, there is a risk of inconsistent judgments or rulings entered by different judges, followed by multiple appeals on different timelines concerning overlapping legal and factual issues. The Seventh Circuit recently cautioned against this very scenario. *See* Dkt. 55 ("Br.") at 4, 7–8.

The sole basis for the Highland Park Plaintiffs' opposition to reassignment is an assertion that has nothing to do with their own case; they claim they are concerned that the Cook County action "will be substantially delayed if it waits for the Highland Park Action to catch up procedurally." Opp. 3. Putting aside the peculiarity of these plaintiffs worrying about the impact on a different case, reassignment would not require a change in case schedules. None of the parties in either action has suggested that reassignment would require changes to either case's schedule. In fact, the plaintiffs in the Cook County case, about which the Highland Park Plaintiffs claim concern, "take no position on reassignment" as long as reassignment does "not … slow progress in" the Cook County action. Nor do they suggest that reassignment would create a need for any change in the schedule. Dkt. 59.[1]

---

[1] The Cook County Plaintiffs assert that if reassignment "would *in any way* delay the proceedings in [the Cook County action], the Court must reject it as incompatible with Local Rule 40.4(b)(3)." Dkt. 59 at 2 (emphasis added). That misstates the standard. Local Rule 40.4(b)(3) provides that reassignment is inappropriate only if it would delay proceedings in the earlier-filed case "substantially." L.R. 40.4(b)(3); *see also* Br. 8 (citing cases on this point). Regardless, no party advocates any delay in either case, substantial or otherwise.

1

Indeed, the schedules can remain as they are. The Cook County action can proceed with briefing on the summary judgment motion that is currently due on January 19,[2] while the Highland Park action proceeds with briefing on the pending preliminary injunction motion under the schedule set by Judge Leinenweber—with an opposition also due January 19. A single judge considering the overlapping issues in both motions, potentially simultaneously, is undeniably more efficient.

The Highland Park Plaintiffs rely primarily on a case in which the court denied a motion seeking both "reassignment **and consolidation**" of two cases. *Old Republic Ins. Co. v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 2005 WL 8177563, at *1 (N.D. Ill. Mar. 15, 2005) (emphasis added). Consolidation forces precisely the rescheduling problem that the present motion, which seeks only reassignment, avoids. *See id.* at *4. Moreover, the *Old Republic* court denied the motion because of circumstances that are not present here: the two actions "involve[d] completely different sets of facts," *id.* at *3, and the later-filed case raised "new and additional claims," *id.* at *4, that were "wholly unrelated" to the claims in the earlier-filed case, *id.* at *5. Thus, the court found that reassigning and consolidating the cases would "surely prove *not* to be in the interests of judicial economy." *Id.* at *4. None of those circumstances exists here.

The other example the Highland Park Plaintiffs cite, *Creation Supply, Inc. v. Hahn*, 2022 WL 2291225 (N.D. Ill. June 24, 2022), is even further afield. There, the judge in the earlier-filed case denied a motion to reassign because that case was "set for a damages trial within three

---

[2] After the Cook County Plaintiffs filed their response to the motion to reassign, in which they stated that they oppose any delay to their schedule (*see* Dkt. 59), the parties in the Cook County action filed an agreed motion that, among other things, requests a 14-day extension to their summary judgment briefing schedule "in light of the extensive briefing, as well as the Martin Luther King, Jr. Day holiday." Dkt. 60, ¶ 11. Nothing in the agreed motion indicates that the change in schedule relates in any way to reassignment of the Highland Park action.

2

weeks," while the later-filed case was "at the motion to dismiss stage." *Id.* at *3 n.6. In addition, the plaintiff brought the later-filed case only as a "precaution," so that it could seek to recover its losses from another set of defendants if it did not prevail in its earlier case. *Id.* at *4. Although the judge in the earlier-filed case denied reassignment, the judge in the later-filed case stayed the precautionary action to avoid duplicative litigation. *Id.* (quoting *Ewing v. Carrier*, 35 F.4th 592, 594 (7th Cir. 2022)). Here, neither action is "precautionary." Each seeks similar affirmative relief against separate defendants, and no party has suggested that a stay would be appropriate or necessary to coordinate the cases.

That the Cook County and Highland Park actions are in different procedural postures does not mean they are subject to "different substantive rules." Opp. 3. It means they are subject only to different *procedural* standards. Substantively, they are twins: they tee up the same legal issues, involving virtually identical statutes and overlapping expert reports. They are undisputedly related, and having them adjudicated simultaneously by two different judges of this Court would be a waste of judicial resources and risk inconsistent judgments or rulings.

## CONCLUSION

In light of the Highland Park Plaintiffs' agreement that the Highland Park and Cook County actions are related, and for the other reasons described above and in Highland Park's opening brief (Dkt. 55), this Court should reassign the Highland Park action to its docket.

Dated: January 13, 2023

Respectfully submitted,

*/s/ David H. Hoffman*
David H. Hoffman (No. 6229441)
Neil H. Conrad (No. 6321947)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000

3

Facsimile: (312) 853-7036
david.hoffman@sidley.com
nconrad@sidley.com

*Attorneys for Non-Party Movant City of Highland Park, Illinois*