**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CUTBERTO VIRAMONTES, an individual and resident of Cook County, Illinois, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE COUNTY OF COOK, a body politic and corporate, *et al.*,<br><br>    Defendants. | No. 1:21-cv-04595<br><br>Honorable Rebecca R. Pallmeyer<br><br>Honorable Susan E. Cox |

## <u>MEMORANDUM IN SUPPORT OF THE CITY OF NAPERVILLE'S MOTION TO REASSIGN RELATED CASE PURSUANT TO LOCAL RULE 40.4</u>

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................. 2

ARGUMENT ....................................................................................................................... 4

    I.     The Cook County And Naperville Cases Are Related ........................................ 5

    II.    Both the Cook County and Naperville Cases Are Pending in This Court ............ 7

    III.   Reassignment Would Promote The Efficient Use Of Judicial Resources ............. 7

         A.     Both Actions Challenge Similar Ordinances Under the Second Amendment ..................................................................................... 7

         B.     A Similar Motion to Reassign is Already Pending in This Court ............. 9

         C.     Motions To Amend Complaints to Challenge the State Assault Weapons Ban Are Currently Pending. ................................................ 10

    IV.   Reassignment Will Not Substantially Delay Proceedings in This Case .............. 11

    V.    Both cases are susceptible of disposition in a single proceeding ....................... 12

CONCLUSION ................................................................................................................... 13

160140393.3
160187302.1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

C ASES

*21 srl v. Enable Holdings, Inc.*,
  2009 WL 4884177 (N.D. Ill. Dec. 9, 2009)................................................................11, 12

*Bevis v. City of Naperville*,
  No. 1:22-cv-04775 (N.D. Ill.)...........................................................................................1, 3

*Blair v. Equifax Check Servs., Inc.*,
  181 F.3d 832 (7th Cir. 1999)................................................................................................ 8

*BP Corp. N.A. Inc. v. N. Tr. Invs., N.A.*,
  2009 WL 1684531 (N.D. Ill. June 15, 2009)....................................................................... 8

*Ewing v. Carrier*,
  35 F.4th 592 (7th Cir. 2022).............................................................................................4, 9

*Freeman v. Bogusiewicz*,
  2004 WL 1879045 (N.D. Ill. Aug. 11, 2004)..................................................................... 12

*Friedman v. City of Highland Park*,
  68 F. Supp. 3d 895 (N.D. Ill. 2014), *aff'd* 784 F.3d 406 (7th Cir. 2015) ............................. 2

*Friedman v. City of Highland Park*,
  784 F.3d 406 (7th Cir. 2015)................................................................................................ 2

*Gautreaux v. Chi. Hous. Auth.*,
  2013 WL 5567771 (N.D. Ill. Oct. 9, 2013)........................................................................ 11

*Glob. Pat. Holdings, LLC v. Green Bay Packers, LLC*,
  2008 WL 1848142 (N.D. Ill. Apr. 23, 2008) ..................................................................4, 12

*Goldman v. City of Highland Park*,
  No. 1:22-cv-04774 (N.D. Ill.)...........................................................................................1, 3

*Helferich Pat. Licensing, L.L.C. v. N.Y. Times Co.*,
  2012 WL 1368193 (N.D. Ill. April 19, 2012).................................................................9, 12

*Murry v. Am. Mortg. Banc, Inc.*,
  2004 WL 407010 (N.D. Ill. March 1, 2004)........................................................................ 6

*New York State Rifle & Pistol Association v. Bruen*,
  142 S. Ct. 2111 (2022)..................................................................................................1, 2, 8

160140393.3
160187302.1

## TABLE OF AUTHORITIES (continued)

**Page(s)**

*Sha-Poppin Gourmet Popcorn, LLC v. JP Morgan Chase Bank, N.A.*,
    2020 WL 8367421 (N.D. Ill. Sept. 4, 2020) ....................................................6, 8, 9

*Smith v. Check-N-Go of Illinois, Inc.*,
    200 F.3d 511 (7th Cir. 1999) ........................................................................ 8

*Stingley v. Laci Transp., Inc.*,
    2020 WL 12182491 (N.D. Ill. Dec. 1, 2020) .................................................... 7

*United States v. Bullock*,
    2022 WL 16649175 (S.D. Miss. Oct. 27, 2022) ................................................. 8

*Urb. 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4*, LLC,
    2019 WL 2515984 (N.D. Ill. June 18, 2019) .................................................... 5

*Velocity Pat. LLC v. Mercedes-Benz USA, LLC*,
    2014 WL 1661849 (N.D. Ill. Apr. 24, 2014) ................................................... 12

*Viramontes v. Cook County*,
    No. 1:21-cv-04595 (N.D. Ill.) ....................................................................... 2

*Wilson v. Cook County*,
    937 F.3d 1028 (7th Cir. 2019) ....................................................................... 2

**STATUTES**

42 U.S.C. § 1983 .............................................................................................. 6

Cook County, Ill. Code § 54-211 ....................................................................... 2, 5

Cook County, Ill. Code § 54-212 ....................................................................... 2, 5

Naperville Ordinance No. 22-099 ...................................................................... 2, 5

**RULES**

L. R. 40.4 ..................................................................................................... 1, 4

L.R. 40.4(a) .................................................................................................. 5, 13

L.R. 40.4(a)(2) ................................................................................................ 6

L.R. 40.4(b) .................................................................................................. 5, 13

L.R. 40.4(b)(1) ................................................................................................ 7

160140393.3
160187302.1

## <u>TABLE OF AUTHORITIES (continued)</u>

**Page(s)**

L.R. 40.4(b)(2) ................................................................................................................ 7

L.R. 40.4(b)(3) .............................................................................................................. 11

L.R. 40.4(b)(4) .............................................................................................................. 12

L. R. 40.4(c) .................................................................................................................... 2

160140393.3
160187302.1

## INTRODUCTION

The City of Naperville, Illinois ("Naperville") moves under Local Rule 40.4 to reassign a related case to this Court's docket. The related case, captioned *Bevis v. City of Naperville*, No. 1:22-cv-04775 (N.D. Ill.) (the "Naperville action"), is currently pending in the Northern District of Illinois before Judge Virginia K. Kendall.

The City of Highland Park has filed a similar motion before this court in the case *Goldman v. City of Highland Park*, No. 1:22-cv-04774 (N.D. Ill.) (the "Highland Park action"), in which it is the Defendant. The Highland Park ordinance, Cook County ordinance, and Naperville ordinance all involve constitutional challenges to ordinances that regulate assault weapons. All actions involve the same essential question of law: whether, in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), legislatures may lawfully prohibit assault weapons. Likewise, all actions raise many common questions of fact, including about how dangerous assault weapons are, how broadly Americans lawfully own and use them, and which historical weapons regulations are relevantly similar to them. Highland Park and Naperville's motions to reassign their actions to this court are all the more appropriate in light of the motions made by Plaintiffs in each case to add nearly identical constitutional challenges to the recently enacted Illinois State Law, HB 5471, against local officials charged with enforcing this law.

In the Naperville case and the Highland Park case, Plaintiffs have filed identical motions for leave to amend their complaints to add a constitutional challenge to the State of Illinois' Assault Weapons Ban adopted by the State of Illinois on January 1, 2023. Defendants intend to oppose those motions on various grounds. Consolidating these cases will also serve judicial economy and administration by allowing a single judge to decide these identical issues.

1

All required conditions for reassignment in Local Rule 40.4 are satisfied. Given the materially similar ordinances and overlapping nature of the legal and factual issues, Naperville respectfully requests that this Court exercise its discretion to grant the motion. Reassignment would promote the efficient use of judicial resources and minimize the risk of inconsistent rulings or judgments in the three cases. In accordance with Local Rule 40.4(c), a copy of the *Naperville* complaint is attached as Exhibit A.

## BACKGROUND

In 2006, Cook County enacted an assault weapons and large-capacity magazine ban. *See* Cook County, Ill. Code §§ 54-211, 54-212. In 2013, neighboring city Highland Park enacted a substantially similar ordinance banning assault weapons and large capacity magazines. *See* *Friedman v. City of Highland Park*, 68 F. Supp. 3d 895, 898 n.1 (N.D. Ill. 2014), *aff'd* 784 F.3d 406 (7th Cir. 2015) ("The Ordinance is nearly identical to a ban in neighboring Cook County . . . .").[2] In 2022, the City of Naperville enacted a materially similar but more limited ordinance prohibiting the commercial sale of assault weapons. *See* Naperville Ordinance No. 22-099 (2022).

The action pending before this Court, *Viramontes v. Cook County*, No. 1:21-cv-04595 (N.D. Ill.) (the "Cook County action"), was filed on August 27, 2021. In that action, two organizations, the Second Amendment Foundation and the Firearms Policy Coalition, and three individual plaintiffs (the "Cook County Plaintiffs") allege that Cook County's assault weapons ban is unconstitutional. Although that case was filed in the summer of 2021, the schedule for that case was substantially revised after the Supreme Court decided *Bruen*. Under the current

---

[2] Because the Cook County and Highland Park ordinances are substantially similar, both ordinances were challenged on the same ground under the Second Amendment. Both ordinances were upheld by this Court and the Seventh Circuit. *Wilson v. Cook County*, 937 F.3d 1028, 1030 (7th Cir. 2019) (upholding Cook County's ban); *Friedman v. City of Highland Park*, 784 F.3d 406 (7th Cir. 2015) (upholding Highland Park's ban).

160140393.3
160187302.1

schedule, expert discovery closed on November 28, 2022, and dispositive motions are due by February 2, 2023 (Dkt. 63 in Case No. 1:21-cv-04595).

On September 7, 2022, in light of *Bruen*, simultaneous lawsuits were filed challenging Highland Park's ordinance banning assault weapons and Naperville's ordinance banning the commercial sale of assault weapons. *Goldman v. City of Highland Park*, No. 1:22-cv-04774 (N.D. Ill. Sept. 7, 2022); *Bevis v. City of Naperville*, No. 1:22-cv-04775 (N.D. Ill. Sept. 7, 2022).

In the Naperville case, currently pending before Judge Kendall, the National Association for Gun Rights ("NAGR") and individual plaintiff Robert Bevis (the "Naperville Plaintiffs") challenged the constitutionality of Naperville's currently stayed ordinance prohibiting the sale of assault weapons. The Naperville Plaintiffs filed a temporary restraining order and preliminary injunction motion on November 18, 2022 (Dkt. 10 in Case No. 1:22-cv-04775). Judge Kendall issued a briefing schedule on the motion, providing that Naperville's response was due on November 21, 2022 (Dkt. 11 in Case No. 1:22-cv-04775). After a hearing held on November 21, 2022, Judge Kendall requested supplemental briefing on two questions, essentially asking both parties to brief whether the ordinance was constitutional under the *Bruen* test (Dkt. 15 in Case No. 1:22-cv-04775). Briefing on these questions was completed on December 23, 2022, and the court has not issued an opinion (Dkt. 35 in Case No. 1:22-cv-04775). Additionally, on November 28, 2022, Naperville filed a partial motion to dismiss Plaintiff NAGR for lack of standing and a partial Answer as to Plaintiff Robert Bevis (Dkts. 19, 20 in Case No. 1:22-cv-04775). Plaintiff NAGR's response to the motion to dismiss was due January 18, 2023, and Naperville's reply is due January 25, 2023 (Dkt. 39 in Case No. 1:22-cv-04775).

In the Highland Park case, currently pending before Judge Harry Leinenweber, the plaintiffs challenged Highland Park's ordinance banning the possession and sale of assault

3

weapons in light of *Bruen*. Judge Leinenweber issued a briefing schedule on the pending preliminary injunction, providing that Highland Park's response is due on January 19, 2023, plaintiffs' reply is due on February 20, 2023, and Highland Park's reply is due on March 13, 2023. (Dkt. 36 in Case No. 1:22-cv-04774). On December 30, 2022, Highland Park filed a notice before this Court seeking to reassign the case to this Court's docket, noting the substantial overlaps between the two cases. (Dkt. 39 in Case No. 1:22-cv-04774).

On January 1, 2023, the Illinois General Assembly passed a bill banning the possession and sale of assault weapons statewide ("HB 5471"). In light of the new state law, Judge Kendall asked both parties in the Naperville action to submit a joint status report by January 19, 2023, regarding HB 5471 and how it affects the case (Dkt. 40 in Case No. 1:22-cv-04775).

On January 17, 2023, both the Naperville and the Highland Park Plaintiffs filed motions to amend and supplement their complaints (Dkt. 41 in Case No. 1:22-cv-04775; Dkt. 42 in Case No. 1:22-cv-04774). Plaintiffs in both cases seek to challenge HB 5471 and to add additional defendants charged with enforcing it. The Naperville Plaintiffs' motion to amend their complaint was noticed to be heard on January 23, 2023 (Dkt. 42 in Case No. 1:22-cv-04775).

Like Highland Park, Naperville now seeks to reassign the Naperville action to this Court's docket.

## ARGUMENT

Local Rule 40.4 allows reassignment of related cases where doing so "promotes efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common." *Glob. Pat. Holdings, LLC v. Green Bay Packers, LLC*, 2008 WL 1848142, at *2 (N.D. Ill. Apr. 23, 2008). It also supports the judiciary's interest "in avoiding messy, duplicative litigation" and multiple appeals involving the same issues. *Ewing v. Carrier*, 35 F.4th 592, 594 (7th Cir. 2022).

4

To warrant reassignment under Rule 40.4, first, the cases must be related. "Two or more civil cases may be related if . . . (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; [or] (3) the cases grow out of the same transaction or occurrence." L.R. 40.4(a). Second, the moving party must show that "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." L.R. 40.4(b).

The decision to reassign cases is within the sound discretion of the Court. *See Urb. 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4*, LLC, 2019 WL 2515984, at *3 (N.D. Ill. June 18, 2019). If a court grants the motion for reassignment, then the higher-numbered case is transferred to the court's docket of the lower-numbered case.

## I. The Cook County, Highland Park and Naperville Cases Are Related.

The Cook County, Highland Park and Naperville cases clearly "involve some of the same issues of fact or law." L.R. 40.4(a). Because the three cases involve ordinances regulating the same activity, they raise the same core legal issue—whether a local ban on the sale of assault weapons is constitutional after *Bruen*. The three cases will also involve many overlapping issues of fact.

All three ordinances define the prohibited weapons in substantially similar ways and ban similar conduct. For example, all three Ordinances define assault weapons in substantively similar ways with identical language throughout, and all ordinances include a similar list of banned assault weapon models. *Compare* Naperville Ordinance No. 22-099, *with* Cook County Ill. Code §§ 54-211. The ordinances also ban the sale of assault weapons and provide similar exceptions, and

160140393.3
160187302.1

each ordinance provides a penalty for any violation. *Compare* Naperville No. 22-099, *with* Cook County Ill. Code §§ 54-212.

The legal challenges brought by the plaintiffs in these cases are also materially similar, resulting in the same dispositive issues of law and fact. Plaintiffs in all cases allege that assault weapons are commonly possessed and that the Second Amendment protects their fundamental right to keep and bear such weapons. *Compare* Ex. A at ¶¶ 14–15, *with* Ex. B Cook County Compl. at ¶¶ 1, 4. Plaintiffs in both cases bring just one count, alleging that the challenged restrictions violate the Second Amendment as incorporated through the Fourteenth Amendment. *Compare* Ex. A at ¶ 28, *with* Ex. B at ¶¶ 48, 69. And Plaintiffs in both actions seek the same injunctive relief and monetary damages under 42 U.S.C. § 1983. *Compare* Ex. A at ¶ 35, *with* Ex. B at ¶ 71.

To be sure, the cases are not identical in every respect. While all three ordinances prohibit the sale of assault weapons, the Cook County and Highland Park actions challenge the ban on the possession of assault weapons. The Naperville action, by contrast, involves a challenge to Naperville's prohibition of the commercial sale of assault weapons. Local Rule "40.4(a)(2), however, does not demand a complete identity of legal and factual issues; rather, the cases must 'involve *some of* the same issues of fact or law.'" *Sha-Poppin Gourmet Popcorn, LLC v. JP Morgan Chase Bank, N.A.*, 2020 WL 8367421, at *2 (N.D. Ill. Sept. 4, 2020) (emphasis in original) (quoting L.R. 40.4(a)(2)). And here, the key dispositive legal issue in each case is whether assault weapons bans are constitutional, which will require the court to determine how *Bruen* applies to these gun regulations. Thus, the cases are clearly related. *See, e.g., Murry v. Am. Mortg. Banc, Inc.*, 2004 WL 407010, at *2 (N.D. Ill. March 1, 2004) (explaining that perfect symmetry is not required for a finding of relatedness; cases were related because they

6

required "a determination of the legality of the same defendants' actions under the same statutes and regulations").

## II. The Cook County, Highland Park and Naperville Cases Are All Pending in This Court.

In addition to the threshold question of relatedness, there are four conditions for reassignment. The first condition of reassignment is that "both cases are pending in this Court." L.R. 40.4(b)(1). Here, both the Cook County and Naperville cases are currently pending in the Northern District of Illinois, thereby satisfying the first condition. The Highland Park case, which is also subject to a motion for reassignment, is also pending in the Northern District of Illinois.

## III. Reassignment Would Promote the Efficient Use of Judicial Resources.

The second condition for reassignment is that "the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort." L.R. 40.4(b)(2).

Here, assigning both cases to this Court's docket will save the judiciary substantial time and resources for three reasons: (1) both actions challenge substantially similar ordinances under the Second Amendment; (2) a similar motion to reassign the Highland Park case is already pending in this Court; and (3) the plaintiffs in both the Highland Park and Naperville cases have filed a motion to amend their complaints, seeking to challenge HB 5471 on assault weapons.

### A. Both Actions Challenge Similar Ordinances Under the Second Amendment.

First, both actions challenge substantially similar ordinances and concern the same key constitutional issues. The brief and accompanying expert reports that Naperville filed on December 19, 2022 in response to the Naperville Plaintiffs' preliminary injunction motion will heavily overlap with the brief and accompanying expert reports that Cook County is scheduled to file on February 2, 2023 in support of its summary judgment motion. Both briefs will make

similar arguments about the applicability of the Second Amendment and *Bruen* to these substantially similar ordinances.

And indeed, some of the experts presented by Cook County and Naperville will be the same. Thus, a single judge can most efficiently adjudicate both actions. *See, e.g.*, *Stingley v. Laci Transp., Inc.*, 2020 WL 12182491, at *3 (N.D. Ill. Dec. 1, 2020) (reassigning a related case where "several [] issues" had not yet been resolved, "meaning both that already-expended judicial time will not be wasted and that only one judge will have to resolve those complex and consequential issues"); *BP Corp. N.A. Inc. v. N. Tr. Invs., N.A.*, 2009 WL 1684531, at *2–3 (N.D. Ill. June 15, 2009) (reassigning case where the two actions interpreted the same provisions of law, applied the same case law, and necessitated the same experts); *cf. Sha-Poppin Gourmet Popcorn*, 2020 WL 8367421, at *3 ("The Seventh Circuit has been critical of district courts for failing to reassign cases presenting overlapping issues . . . .") (citing *Smith v. Check-N-Go of Illinois, Inc.*, 200 F.3d 511, 513 n.* [sic] (7th Cir. 1999)); *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999) ("By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge.").

The potential efficiency gains of reassignment are especially significant here because *Bruen* instructs courts to engage in a comprehensive historical analysis to determine whether restrictions on firearms protected by the Second Amendment are "consistent with the Nation's historical tradition of firearm regulation." *See Bruen*, 142 S. Ct. at 2130. Such an analysis "can be difficult; it sometimes requires resolving threshold questions, [] making nuanced judgments about which evidence to consult and how to interpret it," and performing a detailed review of many different historical and empirical sources. *Id.* (citation omitted); *see also United States v. Bullock*, 2022 WL 16649175, at *1, *3 (S.D. Miss. Oct. 27, 2022) (noting that "courts have

realized, after *Bruen*, [that] adjudicating the issue[s] presents certain difficulties" and considering whether to appoint a historian as a court-appointed expert).

Given the complexity of the analysis, it would waste judicial resources for two courts to conduct the same historical and empirical inquiry into assault weapons restrictions, including the assessment of reports from some of the very same experts. *Cf. Ewing*, 35 F.4th at 594. Indeed, without reassignment, resolving Plaintiffs' claims requires two different judges "to tread much, if not all, of the same ground." *See Sha-Poppin Gourmet Popcorn*, 2020 WL 8367421, at *3. And the substantial overlap in these two actions means that, absent reassignment, there is a serious risk of inconsistent rulings and piecemeal appeals on a novel issue. *See, e.g.*, *Helferich Pat. Licensing, L.L.C. v. N.Y. Times Co.*, 2012 WL 1368193, at *3 (N.D. Ill. April 19, 2012) ("[R]eassigning the cases to the same judge would avoid potentially inconsistent or conflicting rulings with regard to the common claims arising in each case.").

**B.    A Similar Motion to Reassign Is Already Pending in this Court.**

Second, in addition to this current Motion to Reassign, this Court is already considering a similar motion to reassign the Highland Park case. The Highland Park motion and Naperville's Motion to Reassign are substantially similar for the same reason—all three ordinances (Cook County, Highland Park, and Naperville) regulate assault weapons and the plaintiffs raise similar arguments and make similar Second Amendment allegations challenging each.

In Highland Park's motion to reassign to this Court's docket, it argues that its ordinance was modeled after Cook County's ordinance and that it contains similar language. Mem. in Support of Mot. to Reassign, Dkt. 39 in Case No. 1:22-cv-04774, at 2. It also argues that reassignment will save judicial resources because of the overlaps in evidence and constitutional inquiries. *Id.* at 6–9. Naperville is making similar arguments in this Motion to Reassign. *See supra*. Because this Court is already considering Highland Park's motion, reassigning the

Naperville case to this Court's docket will enable this Court to potentially adjudicate the constitutionality of all three ordinances at the same time, thereby saving enormous judicial resources. *See Blair*, 181 F.3d at 839 ("By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge.").

C.     **Motions to Amend Complaints to Challenge the State Assault Weapons Ban Are Currently Pending.**

Third, in light of the statewide ban of assault weapons, HB 5471, the plaintiffs in both the Highland Park and Naperville cases have filed a motion to amend and supplement their complaints. In both cases, the plaintiffs seek to amend their complaints to challenge the constitutionality of the statewide ban in addition to the Highland Park Ordinance and Naperville Ordinance (Dkt. 41 in Case No. 1:22-cv-04775; Dkt. 42 in Case No. 1:22-cv-04774). In identical terms, the Highland Park and Naperville plaintiffs argue that the state law is "unconstitutional for the same reason the Ordinance is unconstitutional" and that although "Plaintiffs could file a complaint in a separate action challenging the State Law, . . . [i]t would, however, promote a complete adjudication of the dispute between the parties and serve the interests of judicial economy and the economic and speedy disposition of the entire controversy, if Plaintiffs were to supplements their existing complaint in this action." Mot. to Amend Compl., Dkt. 41 in Case No. 1:22-cv-04775 at 4; Dkt. 42 in Case No. 1:22-cv-04774 at 4. Moreover, both the Highland Park and Naperville plaintiffs seek to add as defendants the police chiefs in their respective cities who will enforce the statewide ban. *Id.*

As such, the motion to amend the complaint in the Highland Park case is virtually identical to the motion to amend the complaint in the Naperville case. Because this Court is already considering Highland Park's motion to reassign to this Court's docket, reassigning the

Naperville case will potentially allow this Court to adjudicate these identical motions at the same time, thereby saving judicial resources.

For all of these reasons, there are substantial time and resource efficiencies to reassignment.

## IV. Reassignment Will Not Substantially Delay Proceedings in this Case.

The third condition for reassignment is that "the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially." L.R. 40.4(b)(3).

Here, reassignment will not substantially delay proceedings in this case. While the Cook County action was filed about two years before the Naperville action, the cases are now proceeding on similar timeframes given this Court's adjustment to the Cook County case schedule in light of *Bruen* (*See* Dkt. 46, 63 in Case No. 1:21-cv-04595). Accordingly, reassignment will not significantly delay proceedings in the Cook County action. Neither case has had any dispositive rulings, and Cook County will be filing a substantive brief in early February on the same substantive issues with very similar expert reports involving some of the same experts that Naperville briefed in response to Naperville Plaintiffs' preliminary injunction motion in December. *See, e.g.*, *Gautreaux v. Chi. Hous. Auth.*, 2013 WL 5567771, at *4 (N.D. Ill. Oct. 9, 2013) (finding reassignment appropriate when neither case had addressed the primary legal issue raised).

Despite the difference in procedural postures, Defendants in both cases will be presenting substantive argument on the core constitutional issues at the same time, and there is no reason to believe that reassignment would cause any delay, much less "substantial" delay. *See, e.g.*, *21 srl v. Enable Holdings, Inc.*, 2009 WL 4884177, at *3 (N.D. Ill. Dec. 9, 2009) (noting that one case was "more advanced" than the other but holding that any resulting delay associated with getting

160140393.3
160187302.1

the cases on the same timeline would not be "substantial"); *accord* L.R. 40.4(b)(3) (the focus is whether reassignment would cause "the proceedings in the earlier case" to be delayed "substantially").

## V.     Both Cases Are Susceptible of Disposition in a Single Proceeding.

The fourth condition for reassignment is that "the cases are susceptible of disposition in a single proceeding." L.R. 40.4(b)(4).

Here, this action and the Naperville action are susceptible of disposition in a single proceeding. As described above, the actions involve overlapping Second Amendment issues. *See Glob. Pat. Holdings*, 2008 WL 1848142, at *4 (granting motion for reassignment where "both actions involve prima facie fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings"); *Freeman v. Bogusiewicz*, 2004 WL 1879045, at *2 (N.D. Ill. Aug. 11, 2004) (reassignment appropriate where "[t]he facts and issues in both cases are similar in nature and can be handled more efficiently in one proceeding"). And reassignment to a single judge who can oversee both actions reduces the risk of inconsistent rulings and piecemeal appeals that exists if the cases are proceeding on different timelines in front of different judges. *See, e.g.*, *Helferich Pat. Licensing*, 2012 WL 1368193, at *3 ("reassigning the cases to the same judge would avoid potentially inconsistent or conflicting rulings with regard to the common claims arising in each case"); *21 srl*, 2009 WL 4884177, at *2 (explaining that "reassignment would save judicial time and effort by avoiding potentially inconsistent rulings" and noting that the Seventh Circuit has criticized district courts for allowing "multiple cases involving similar legal issues to proceed along different tracks before different

judges, resulting in numerous and disparate decisions, as well as multiple appeals" (citation and internal quotation marks omitted)).[4]

In sum, the criteria set forth in Local Rules 40.4(a) and (b) are satisfied here, and the Naperville action should be reassigned to this Court.

## **CONCLUSION**

For these reasons, this Court should find that the Naperville and Cook County actions are related and reassign the Naperville action to this Court's docket.

Dated: January 19, 2023

Respectfully submitted,

*/s/ Christopher B. Wilson*
Christopher B. Wilson (No. 06202139)
Micaela M. Snashall (6339703)
Gabriel Tong (6342969)
PERKINS COIE LLP
110 N. Wacker, Ste. 3400
Chicago, IL 60606
Telephone: (312) 324-8400
Facsimile: (312) 324-9603
CWilson@perkinscoie.com
MSnashall@perkinscoie.com
GTong@perkinscoie.com

Douglas N. Letter (*pro hac vice forthcoming*)
Shira Lauren Feldman (*pro hac vice*)
BRADY
840 First Street NE, Suite 400
Washington, DC 20002
Telephone: (202) 370-8100
sfeldman@bradyunited.org

---

[4] While the cases are amenable to a single disposition, reassignment does not require the Court to resolve both cases at the same time. *See, e.g., Helferich Pat. Licensing*, 2012 WL 1368193, at *3 ("Reassignment does not require that the two cases be bound together, proceeding in unison for all purposes. In fact, reassignment does not even require the [c]ases to be disposed of at the same time; they merely need to be susceptible to disposition at the same time.") (emphasis in original); *Velocity Pat. LLC v. Mercedes-Benz USA, LLC*, 2014 WL 1661849, at *2 (N.D. Ill. Apr. 24, 2014) ("This is not to say that the cases will be disposed of at the same time, but only that they are susceptible.") (emphasis in original).

160140393.3
160187302.1

*Attorneys for Non-Party Movant City of Naperville, Illinois*

14

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CUTBERTO VIRAMONTES, an individual and resident of Cook County, Illinois, *et al.*, | No. 1:21-cv-04595 |
| Plaintiffs, | Honorable Rebecca R. Pallmeyer |
| v. | Honorable Susan E. Cox |
| THE COUNTY OF COOK, a body politic and corporate, *et al.*, | |
| Defendants. | |

### INDEX OF EXHIBITS IN SUPPORT OF THE CITY OF NAPERVILLE'S MOTION TO REASSIGN RELATED CASE PURSUANT TO LOCAL RULE 40.4

| Exhibit | Description |
|---|---|
| A | Complaint, *Bevis v. City of Naperville*, No. 1:22-cv-04775 (N.D. Ill. Sept. 7, 2022) (Dkt. 1) |
| B | Complaint, *Viramontes v. County of Cook*, No. 1:21-cv-04595 (N.D. Ill. Aug. 27, 2021) (Dkt. 1) |

15

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that in accordance with Federal Rule of Civil Procedure 5 and Local Rule 5.5, the following document was served on January 19, 2023 through the district court's ECF system to all ECF filers, and by electronic mail to the following:

Jason Craddock
Attorney at Law
2021 Midwest Rd., Ste 200
Oak Brook, IL 60523
craddocklaw@icloud.com

Barry K. Arrington
Arrington Law Firm
3801 East Florida Avenue, Suite 830
Denver, Colorado 80210
barry@arringtonpc.com

*/s/ Christopher B. Wilson*
Christopher B. Wilson