IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CUTBERTO VIRAMONTES, et al. | : |
| Plaintiffs, | : |
| v. | : Case No. 1:21-cv-04595 |
| | : Chief Judge Rebecca R. Pallmeyer |
| THE COUNTY OF COOK, et al. | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STAY**

Plaintiffs filed this case in August of 2021. At the time, the Blair Holt Assault Weapons Ban, the Cook County ordinance they challenged, was the only law that prevented Plaintiffs from purchasing certain semi-automatic rifles that they would, if they did not fear prosecution, acquire and use for lawful purposes. *See* Compl. ¶¶ 40, 42, Doc. 1 (Aug. 27, 2021) (Cutberto Viramontes would acquire an M&P AR-15 rifle or similar, and Christopher Khaya would acquire an IMI Galil rifle or similar). Now, however, the Cook County Ban is no longer the only law that prevents Plaintiffs from acquiring these semi-automatic rifles. On January 10, 2023, Illinois passed sweeping new gun control legislation that independently makes it unlawful to "manufacture, deliver, sell, import, [] purchase," or "possess" any so-called "assault weapon." 720 ILL. COMP. STAT. 5/24-1.9(b) & (c). The definition of "assault weapon" in this new State Ban, while not identical to the definition in the County Ban, would equally bar Plaintiffs from acquiring their chosen firearms. *See* 720 ILL. COMP. STAT. 5/24-1.9(a). And so, Plaintiffs are left with a new law that they have not challenged standing between them and effective relief.

The organizational plaintiffs in this case—Firearms Policy Coalition, Inc. and Second Amendment Foundation—have filed a separate lawsuit challenging the State Ban, along with other plaintiffs. The plaintiffs in that case have moved for a preliminary injunction to block the law's

1

enforcement and sought to advance the trial on the merits to the hearing on the preliminary motion. *See* Pls.' Mot. for Prelim. Inj., Doc. 16, *Harrel v. Raoul*, No. 3:23-cv-141 (S.D. Ill. Jan. 25, 2023). Three other cases have now been reassigned to the same judge in the Southern District. *See Langley v. Kelly*, No. 3-23-cv-192, Doc. 13 (Jan. 30, 2023); *Barnett v. Raoul*, 3:23-cv-209, Doc. 12 (Jan. 30, 2023); *Federal Firearms Licensees of Ill. v. Pritzker*, No. 3:23-cv-215, Doc. 25 (Jan. 30, 2023). If *Harrel* is successful, this case would have stakes again. Right now, that is not the case, given the overhang of the State Ban.

There is good reason to stay the present suit pending resolution of the suit against the State. The State Ban is broader than the Cook County Ban and bars effective relief for Plaintiffs in this case, while the Cook County Ban is no impediment to the plaintiffs in the case against the State (who do not live in Cook County). For the same reason, a stay would streamline the issues in this case. And a stay will not hurt Cook County in the slightest. The County is free to enforce its Ban and will remain free to do so for as long as any stay is entered by this Court. A contrary ruling risks wasting the time and effort of the Court and the parties in preparing this case for resolution on the merits.

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can be best done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "In deciding whether to enter such a stay, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will

reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). These factors demonstrate that a stay is appropriate.

*First*, a stay will not unduly prejudice Cook County. Plaintiffs have brought this action alleging that the Cook County Ban violates their rights under the Second and Fourteenth Amendments to the United States Constitution. They do not seek money damages, only that the Cook County Ban would not be enforced against them. Throughout the entire history of this litigation and up to the present, the Cook County Ban has remained in effect and the Defendants have remained free to enforce it. If a stay is entered, the status quo will remain exactly the same and Defendants will continue to enforce the law.

*Second*, a stay will simplify the issues in this case. The *Harrel* lawsuit against the Illinois Ban—as well as the other three cases in the Southern District bringing similar challenges—and this lawsuit challenge the constitutionality of two very similar and overlapping laws. Litigation over one is likely to be duplicative of the other. "[T]his Court has a duty to avoid duplicative litigation in more than one federal court." *Pfizer*, 640 F. Supp. 2d at 1007 (cleaned up). And although frequently the earlier-filed of two similar lawsuits is favored to go forward, "no mechanical rule governs the handling of overlapping cases;" if the second-filed case offers the "superior vehicle" it should be permitted to proceed while the earlier case is stayed. *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838 (7th Cir. 1999). In this case, there is a good reason to stay this first-filed case: the Illinois Ban is broader than the Cook County Ban (since it applies statewide) and its existence—challenged in the *Harrel* case—independently bars Plaintiffs in this case from getting the relief they seek. If this case is not stayed and the parties proceed to summary judgment, then even if the Court grants summary judgment to Plaintiffs, they will remain unable to purchase the semiautomatic rifles they have alleged a desire to own because the Illinois Ban has

independently made such firearms illegal everywhere in Illinois.

*Third*, a stay will reduce the burden of litigation on the parties and on the Court. The parties have engaged in extensive written discovery in this case, they have taken several depositions, and the County has submitted hundreds of pages of expert reports from 11 different experts. If Plaintiffs' motion to stay is not granted, there is significant risk that the merits of this case, which have been the focus of all this attention, will not be reached because Plaintiffs' claims will not be redressable by this Court. If the *Harrel* case ultimately succeeds in enjoining the Illinois Ban and Plaintiffs' suit is dismissed in the meantime, then the litigation over the Cook County Ban, which began a year and a half ago, would be forced to begin all over again. That would be wasteful of both the litigants' resources and the Court's, and strongly weighs in favor of a stay.

## CONCLUSION

For the foregoing reasons, this Court should stay this case until the litigation over the Illinois Ban is concluded. In addition, or in the alternative, the Court should enter a temporary stay in this case until this motion is resolved.

Dated: January 31, 2023

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
(630) 452-4547
dsigale@sigalelaw.com

Respectfully Submitted,

/s/ David H. Thompson
David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com
   *Admitted *pro hac vice*

*Attorneys for Plaintiffs*