IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CUTBERTO VIRAMONTES, et al. : | |
| : | |
| Plaintiffs, : | |
| : | Case No. 1:21-cv-04595 |
| v. : | |
| : | Chief Judge Rebecca R. Pallmeyer |
| THE COUNTY OF COOK, et al. : | |
| : | |
| Defendants. : | |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF
### PLAINTIFFS' MOTION TO STAY

**ARGUMENT**

A stay in this case is appropriate because it will not unduly prejudice or tactically disadvantage Cook County, it will streamline the issues for trial (or summary judgment), and it will reduce the burden of litigation on the parties and the Court. *See Pfizer v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). The County opposes a stay, but it provides no good reason not to grant one.

The County argues that if Plaintiffs are right and the existence of the Illinois Ban (which targets the same firearms as the County Ban and imposes a separate prohibition on Plaintiffs lawfully acquiring them) means their injuries would not be redressable by a judgment in their favor, then Plaintiffs lack standing. Resp. in Opp'n to Pls.' Mot. to Stay, Doc. 75 at 1 (Feb. 15, 2023) ("County Br."). The County further argues, however, that Plaintiffs *have* standing, because the County Ban is independent of the State Ban and imposes independent penalties, so an order from this Court enjoining the County Ban would leave Plaintiffs in a better position than if there were no judgment in their favor. County Br. 2–3.

1

Plaintiffs agree that this Court retains jurisdiction, but on different grounds than the County asserts. Plaintiffs undoubtedly have standing, which is assessed at the beginning of a case, but whether the case has been mooted by the passage of the Illinois Ban is a closer question. *See Friends of the Earth v. Laidlaw Envt'l Servs.*, 528 U.S. 167, 189–90 (2000) (describing mootness as "standing set in a time frame" but noting that description is "not comprehensive"). The distinction between standing and mootness is salient here because, although the doctrines are similar, the Supreme Court has recognized that mootness admits of exceptions where standing does not. *Id.* at 189–192. Mootness is given greater flexibility because,

> [s]tanding doctrine functions to ensure, among other things, that the scarce resources of the federal courts are devoted to those disputes in which parties have a concrete stake. In contrast, by the time mootness is an issue, the case has been brought and litigated, often (as here) for years. To abandon the case at an advanced stage may prove more wasteful than frugal. This argument from sunk costs does not license courts to retain jurisdiction over cases in which one or both of the parties plainly lack a continuing interest. . . . But the argument surely highlights an important difference between the two doctrines.

*Id.* at 191–92. Whether this case ultimately becomes moot is dependent upon the validity of the Illinois Ban. Plaintiffs have alleged a desire to legally acquire firearms which the County Ban makes illegal. *See* Compl., Doc. 1 ¶¶ 40, 42 (Aug. 27, 2021). However, Illinois now *separately* bans the acquisition of those same firearms, so even if Plaintiffs prevailed in this case, the Illinois Ban would still prevent them from legally acquiring the firearms they want. If the Illinois Ban is valid, then Plaintiffs' injuries cannot be redressed by a verdict in their favor and their case against the County is moot. But if the Illinois Ban is invalid, then Plaintiffs retain a continuing interest in the outcome of this litigation and it is not moot.

At this point it is far from clear that the Illinois Ban is valid (indeed, Plaintiffs strongly believe it is not). There are numerous ongoing federal lawsuits that challenge the constitutionality of the Illinois Ban under the United States Constitution, including one suit in which this Court

recently held it was likely constitutional, *see* Mem. Op. and Order, *Bevis v. City of Naperville*, No. 22-cv-4775, Doc. 63 at 30 (N.D. Ill. Feb. 17, 2023) ("*Bevis* slip op."), another suit in this district to which the County itself is a party, *see* Compl., *Herrera v. Raoul*, No. 23-cv-532, Doc. 1 at ¶ 2–3 (N.D. Ill. Jan. 27, 2023), and of course several suits in the Southern District, including one to which the Organizational Plaintiffs in this case are also parties, *see* Compl., *Harrel v. Raoul*, No. 23-cv-00141, Doc. 1 (S.D. Ill. Jan. 17, 2023). On top of all that, there is ongoing state court litigation which claims the Illinois Ban is invalid for the unrelated reason that it failed to comply with the procedural requirements of the Illinois Constitution. *See Accuracy Firearms, LLC v. Pritzker*, No. 5-23-0035, 2023 WL 1930130 (Ill. App. Ct., 5th Dist., Jan. 31, 2023). There are, at this point, any number of ways these cases could resolve that would clarify whether *this* case is moot or not. But at this stage, without knowing more, the prudent course of action is to stay the case, acknowledging, as the Supreme Court did in *Friends of the Earth*, the significant effort expended by the parties that would be wasted if it were declared moot prematurely and, at the same time, the waste of judicial resources that would be occasioned by continuing to litigate this suit when it could become moot in the near future.

In opposing a stay, the County argues that it is inappropriate to stay this case for the *Harrel* case, to which the Organizational Plaintiffs are a party, because that case was filed later. *See* County Br. 3, 5–7. It offers several rationales—that if there is no redressable injury in this case, the same should be true of *Harrel*, *id.* at 3, that the first-to-file rule would suggest that result, *id.* at 6, and that staying *Harrel* furthers the Court's interest in avoiding forum shopping, *id.* at 7— but none provide support for the County's position. The potential redressability problem in this case is absent in the *Harrel* case for the simple reason that the Cook County Ban and Illinois Ban *both* apply to the Plaintiffs in this case, but *only* the Illinois Ban applies to the individual plaintiffs

3

in *Harrel*, who do not reside in Cook County. And as to the first-filed rule, the County acknowledges the Seventh Circuit takes a flexible approach and prefers staying earlier-filed cases when the later-filed provides a "superior vehicle." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838 (7th Cir. 1999). As the Seventh Circuit has cautioned, "no mechanical rule governs the handling of overlapping cases. Judges sometimes stay proceedings in the more recently filed case to allow the first to proceed; sometimes a stay permits the more comprehensive of the actions to go forward." *Cent. States, Se. & Sw. Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 444 (7th Cir. 2000). This case is the latter type. The *Harrel* suit is a better vehicle because it challenges a ban impacting the entire state and the *Harrel* Plaintiffs' injuries would be redressed by a judgment in their favor. *See Bevis* slip op. at 6–7. Finally, this case does not implicate concerns with forum shopping, since there is no overlap in the defendants in the two cases, which challenge different laws; indeed, the law challenged in *Harrel* did not exist when this suit was filed. And there is a simple explanation for why a party would choose to file a separate suit challenging the Illinois Ban after it was passed, rather than trying to tack on a new claim in this case just before summary judgment: simplicity. A case challenging the Illinois Ban with individual plaintiffs who are not subject to the County Ban is more streamlined because it raises the constitutionality of just one law.

      For the same reason, the County is wrong to suggest that "if Plaintiffs truly sought judicial efficiency, they could have challenged the constitutionality of the statewide ban in the Northern District once that ban was enacted." County Br. 5. This case and the *Harrel* suit are at very different stages and *Harrel* is one of several newly filed suits in the Southern District that challenge the Illinois Ban. If the Organizational Plaintiffs had foregone the option of filing a separate suit challenging the State's separate law, there would still be *several* Southern District cases doing just

4

that, the only difference would be that the present suit would be significantly more complicated. Judicial efficiency was promoted by the filing of *Harrel* as a separate suit and would be further advanced by staying this case. The County is likewise wrong to claim that a stay would not streamline this case just because a decision from the Southern District would not be binding on this Court. County Br. 5. Though a decision from the Southern District cannot bind this Court, a decision on appeal from the Seventh Circuit, of course, would.

Finally, the County argues it would be prejudiced by a stay because its "work product" will be ignored while other courts weigh in on a closely related issue to the one raised in this case. County Br. 4. But as noted above, Cook County is a party to one of the many lawsuits over the Illinois Ban. It will not be reduced to bystander status if this case is stayed, and its work in shoring up the constitutionality of its own law can be used in defense in *Herrera*. Additionally, the County could, if it wishes, file an *amicus* brief in *Harrel* and put its "work product" to use in that way. Furthermore, the County cites no case that suggests that having other courts create potentially binding precedent (if, for example, the Seventh Circuit decides the constitutionality of the Illinois Ban) counts as prejudice to one party weighing against a stay. Such a risk is presumably often present in stayed cases and in any event, that prejudice weighs equally on both parties, since both would be equally bound by any new precedent.

The case the County cites to support its claim for prejudice is inapposite; it involved a plaintiff seeking to stay a case after the defendant filed a motion to dismiss, in the hope that a pending Seventh Circuit case would be able to support his opposition to dismissal. *See Singleton v. B.L. Downey Co., LLC*, 2021 WL 4967469, at *1 (N.D. Ill. Apr. 12, 2021). But because the district court found the motion to dismiss "solidly supported by [the] caselaw," any delay (during which the defendant would continue to face uncertainty about the result of litigation) would harm

the defendant. *Id.* Here there is no similar need on the County's part to have resolution. The litigation process that would be avoided by granting dismissal in *Singleton* has already effectively finished here. All that remains is for the Court to decide the case, as all parties agree is appropriate, on cross motions for summary judgment. From the County's perspective, there should be no rush to complete that process, as currently it remains free to enforce its Ban and resolving the summary judgment motions will either confirm it can continue to do so, or determine that it cannot. In other words, the County hopes to maintain the status quo and a stay will do that. It is only Plaintiffs, who wish to enjoin enforcement of the County Ban, who could be prejudiced in any way by a stay in this case. There is therefore no prejudice to the nonmoving party and no reason not to issue a stay.

## CONCLUSION

This Court should stay this case until litigation over the Illinois Ban is concluded.

Dated: February 22, 2023

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
(630) 452-4547
dsigale@sigalelaw.com

Respectfully Submitted,

/s/ David H. Thompson
David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com
　*Admitted p*ro hac vice*

*Attorneys for Plaintiffs*