IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN KAREN GOLDMAN, *et al.* | ) | No. 1:22-cv-04774 |
| | ) | |
| Plaintiffs, | ) | Hon. Harry D. Leinenweber |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF HIGHLAND PARK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| ROBERT C. BEVIS, *et al.* | ) | No. 1:22-cv-04775 |
| | ) | |
| Plaintiffs, | ) | Hon. Virginia M. Kendall |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF NAPERVILLE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| JAVIER HERRERA, | ) | No. 23-cv-00532 |
| | ) | |
| Plaintiff, | ) | Hon. Lindsay C. Jenkins |
| | ) | |
| v. | ) | |
| | ) | |
| KWAME RAOUL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**COUNTY DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
FOR RULE 40.4 REASSIGNMENT OF RELATED CASES**

Plaintiff has moved to reassign this case to either of two related cases pending in the Northern District: *Goldman v. Highland Park*, No. 1:22-cv-04774 (N.D. Ill.) or *Bevis v. Naperville*, No. 1:22-cv-04775 (N.D. Ill.). Defendants, County of Cook, Toni Preckwinkle, Kimberly M.

Foxx, and Thomas Dart, oppose Plaintiff's motion because neither is the lowest-numbered cases for which reassignment of all cases could be appropriate. Because reassignment of this case to be heard with *Viramontes, et al., v. County of Cook, et al.*, No. 21-cv-04595 (N.D. Ill.) is most proper, Plaintiff's motion should be denied, or, alternatively, if the Court decides not to transfer this case to the *Viramontes* case, then the next proper reassignment would be to *Bevis v. Naperville*, No. 1:22-cv-04775 (N.D. Ill.) which is distinguishable from *Goldman v. Highland Park*, No. 1:22-cv-04774 (N.D. Ill.).

## BACKGROUND

*Viramontes, et al., v. County of Cook, et al.*, No. 21-cv-04595, pending before Chief Judge Rebecca Pallmeyer, was filed on August 27, 2021. There, two organizations, the Second Amendment Foundation and the Firearms Policy Coalition, and three individual plaintiffs allege that Cook County's Ordinance is unconstitutional. The schedule for that case was revised after the United States Supreme Court decided *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). Plaintiffs have filed a motion to stay proceedings in favor of a later-filed case in the Southern District of Illinois challenging the state-wide assault weapons regulation, *Harrel v. Raoul*, 3:23-cv-141 (S.D. Ill. Jan. 25, 2023). Dkt. 69, 70 in Case No. 21-cv-04595. A hearing on that motion is set for March 8. The date for submission of dispositive motions has been extended to 14 days after the court's ruling on the motion to stay. Dkt. 74 in Case No. 21-cv-04595. Defendants filed their motion for summary judgment on March 3, 2023.

On September 7, 2022, more than a year after *Viramontes* was filed, simultaneous lawsuits were filed challenging Highland Park's ordinance regulating assault weapons and Naperville's ordinance regulating the commercial sale of assault weapons. *Goldman v. City of Highland Park*, No. 1:22-cv-04774 (N.D. Ill. Sept. 7, 2022); *Bevis v. City of Naperville*, No. 1:22-cv-04775 (N.D.

Ill. Sept. 7, 2022).

In the Naperville case, assigned to Judge Virginia Kendall, the National Association for Gun Rights and individual plaintiff Robert Bevis challenge the constitutionality of Naperville's ordinance prohibiting the sale of assault weapons and Illinois's regulation of the sale of assault weapons and high-capacity magazines. The Naperville Plaintiffs filed a temporary restraining order and preliminary injunction motion preventing enforcement of the Naperville Ordinance on November 18, 2022, and subsequently moved for a temporary restraining order and preliminary injunction against both the Naperville and Illinois regulations on January 24, 2023. Dkts. 10, 49, 50 in Case No. 1:22-cv-04775. Judge Kendall denied the motion on February 17, 2023, concluding that "[b]ecause assault weapons are particularly dangerous weapons and high-capacity magazines are particularly dangerous weapon accessories, their regulation accords with history and tradition." Dkt. 63 in Case No. 1:22-cv-04775. Plaintiffs filed a notice of appeal on February 21, 2023. Dkt. 64 in Case No. 1:22-cv-04775. Additionally, Plaintiffs amended their complaint in the Naperville complaint to include a challenge to the state law regulating assault weapons HB 5471, which became effective on January 10, 2023, available at IL LEGIS 102-1116 (2022), 2022 Ill. Legis. Serv. P.A. 102-1116 (H.B. 5471) ("State Law"). Dkt. 48 in 22-cv-04775. Of particular relevance, the Illinois Attorney General Kwame Raoul moved to intervene on February 23, 2023, and intervention was granted on February 24, 2024. Dkts. 68 & 70 in 22-cv-04775.

The Highland Park case is currently pending before Judge Harry Leinenweber. There, the plaintiffs challenged Highland Park's ordinance regulating the possession and sale of assault weapons in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). The plaintiffs have also moved to amend their complaint to include a challenge to the State Law. Dkt. 42 in Case No. 1:22-cv-04774. Briefing on the motion for preliminary injunction is ongoing, with

3

Highland Park's sur-reply due on March 13, 2023. Dkt. 36 in Case No. 1:22-cv-04774. On January 17, 2023, the Plaintiffs in the Highland Park case moved to amend their complaint in order to add a challenge to the State Law, however the court has not yet ruled on the motion, nor has the Illinois Attorney General intervened. Dkt. 42 in Case No. 1:22-cv-04774.

The Defendants in both *Goldman* and *Bevis* moved to reassign those cases under Local Rule 40.4 to Chief Judge Pallmeyer's docket as related to *Viramontes, et al. v. County of Cook, et al.*, No. 1:21-cv-04595. Dkt. 39 in Case No. 1:22-cv-04774; Dkt. 46 in Case No. 1:22-cv-04775, though Defendants in *Bevis* later moved to withdraw their motion, No. 1:21-cv-04595. Dkt. 79. The court has not ruled on reassignment of *Goldman*.

*Herrera v. Raoul, et al.*, No. 23-cv-00532, now pending before Judge Lindsay Jenkins, also involves a Second Amendment challenge to laws regulating the purchase and possession of assault weapons. Plaintiff filed a complaint and motion for a preliminary injunction in January 2023, challenging the constitutionality of the County Ordinance at issue in *Viramontes* as well as Illinois and City of Chicago laws that regulate the purchase, possession, and use of AR-15 semiautomatic rifles and high-capacity magazines. Defendants' responses to Plaintiff's motion for a preliminary injunction are due March 3 and Plaintiff's reply by March 14.

Reassignment of *Herrera* to the earliest filed case, *Viramontes, et al. v. County of Cook, et al.*, No. 1:21-cv-04595, would promote the efficient use of judicial resources and minimize the risk of inconsistent rulings or judgments in multiple cases. Accordingly, Plaintiff's request to instead have this case deemed related to the later-filed *Goldman v. Highland Park*, No. 1:22-cv-04774 or *Bevis v. Naperville*, No. 1:22-cv-04775, should be denied. Alternatively, if the Court decides not to transfer this case to the *Viramontes* case, then the next proper reassignment would be to *Bevis v. Naperville*, No. 1:22-cv-04775 (N.D. Ill.) which is distinguishable from *Goldman v.*

4

*Highland Park*, No. 1:23-cv-04774 (N.D. Ill.).

## ARGUMENT

Reassignment is appropriate under Local Rule 40.4. Local Rule 40.4(a) states that two or more civil cases may be related if they involve the same property, the same issues of fact or law, arise from the same transaction or occurrence, or, in the case of class action suits, involve the same classes. N.D. Ill. LR 40.4(a)(1)–(4). Here, Rule 40.4(a)(2) is easily met because both *Herrera* and *Viramontes* involve the same issues of fact and law—namely, whether limitations on assault weapons survive constitutional scrutiny.

Local Rule 40.4(b) provides the criteria for the court to determine whether assignment of related cases to the judge with the lowest-numbered case is appropriate. Under Rule 40.4(b), reassignment is appropriate if the following four criteria are met: both cases are pending in this Court, the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort, the earlier case has not progressed to the point where designating a later filed case related would be likely to delay the proceedings in the earlier case substantially; and the cases are susceptible of disposition in a single proceeding. N.D. Ill. LR 40.4(b)(1)–(4).

### I. *Viramontes* and *Herrera* are Related Pursuant to Rule 40.4(a).

It is undisputed that *Viramontes* and *Herrera* are related cases under Rule 40.4(a). In fact, Plaintiff acknowledges that *Viramontes* is a related case in his civil cover sheet filed in *Herrera*. *See* Dkt. 1-1 in Case No. 23-cv-00532. He similarly does not contest that the cases "involve some of the same issues of fact or law." L.R. 40.4(a). Nor could he: Both cases include a constitutional challenge to the County Ordinance on assault weapons, and *Herrera*'s additional challenges to City and state laws involve many of the same legal and factual issues as the claims involving the County Ordinance. Accordingly, the respective courts deciding both cases would confront similar

5

factual issues, including whether the firearms at issue are in common use for a lawful purpose; the dangerousness of those weapons; and the existence or absence of analogous historical regulations. *See Bruen*, 142 S. Ct. at 2127–2130 (articulating steps in reviewing Second-Amendment challenges). The courts will also likely apply the same Second-Amendment caselaw in determining whether these regulations survive constitutional scrutiny. This is more than sufficient to conclude that the cases are related for the purposed of Local Rule 40.4(a). *See Coactiv Capital Partners v. Leibowitz*, 2011 U.S. Dis. LEXIS 25147, *3 (N.D. Ill. 2011) (Marovich, J.) (reassignment proper even where each case "presents some unique issues").

## II. Reassignment of *Herrera* to Chief Judge Pallmeyer is Proper Under Rule 40.4(b).

After concluding that cases are related under Rule 40.4(a), the Court turns to whether all the criteria under Rule 40.4(b) are met. *Williams v. Walsh Constr.*, 2007 U.S. Dist. LEXIS 3970, *1 (N.D. Ill. Jan. 16, 2007) (Darrah, J.). Notably, although Plaintiff does not contest that *Viramontes* and *Herrera* are related for the purposes of Rule 40.4(a), his arguments in favor of excluding *Viramontes* as a related case are not grounded in Rule 40.4(b). He argues only that reassignment should not include *Viramontes* "[i]n light of th[e] intervening request to stay and because the *Viramontes* Plaintiffs have no pending request for preliminary injunction or summary judgment[.]" Dkt. 41, Exh. 1 at 10 in Case No. 1:23-cv-00532. Both arguments are unavailing.

If anything, the fact that the *Viramontes* plaintiffs moved to stay proceedings *supports* reassignment of this case to Chief Judge Pallmeyer. Rule 40.4(b)(3) makes clear that a court considers whether "the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the *earlier* case substantially." L.R. 40.4(b)(3) (emphasis added). Plaintiffs' motion to stay in *Viramontes* is set for hearing on March 8. Though Defendants have filed their motion for summary judgment, the *Viramontes* court has

6

not yet had the opportunity to address whether Cook County's Ordinance violates the Second Amendment of the Constitution—a question on which the merits of *Herrera* will also turn. This supports reassignment. *See Gautreaux v. Chi. Hous. Auth.*, 2013 U.S. Dist. 145977, * 15–*16 (N.D. Ill. Oct. 9, 2013) (Aspen, J.) (concluding that Rule 40.4(b)(3) was satisfied because court had not yet considered primary question raised in later-filed case).

The only rationale Plaintiff provides for his argument that the stay should bar reassignment is his mistaken belief that this Court considers "[w]hich Court could most expediently resolve the motions" in ruling on a 40.4 motion. Dkt. 41, Exh. 1 at 10 in Case No. 1:23-cv-00532. The only authority Plaintiff cites in support of this proposition involves transfers under 28 U.S.C. § 1404. Dkt. 41, Exh. 1 at 10 in Case No. 1:23-cv-00532. The purpose of 28 U.S.C. § 1404 allows a district court to transfer a civil action "to any other district or division" for the convenience of parties and witnesses. 28 U.S.C. § 1404(a). It is inapplicable here, where Plaintiffs seeks to reassign this case to another court within this District under Rule 40.4. Although Plaintiff appears to argue that matters related to docket congestion, such as the *Herrera* court's upcoming criminal conspiracy trial, should be considered,[1] he points to no caselaw indicating that the predicted speed of resolving the last-filed case is a relevant factor in the Rule 40.4 analysis. Dkt. 41, Exh. 1 at 10–11 in Case No. 1:23-cv-00532.

The absence of a motion for a preliminary injunction in *Viramontes* is similarly no issue for reassignment[2]. The relevant inquiry under Rule 40.4(b)(4) is whether the cases are susceptible to

---

[1] After Plaintiff filed his motion, *Herrera* was reassigned to Judge Lindsay Jenkins pursuant to Executive Committee Order. Dkt. 42 in Case No. 1:23-cv-00532. Accordingly, it is possible that Plaintiff's concerns regarding his assigned judge's docket no longer exist. In any event, these concerns need not be considered as part of a Rule 40.4 analysis.

[2] Plaintiff is correct that the *Viramontes* Plaintiffs have not filed a motion for a preliminary injunction. They do, however, request "[a] preliminary and permanent injunction prohibiting

7

disposition in a single proceeding. This condition is satisfied when issues of law and fact are the same in both cases. *Pactiv Corp. v. Multisorb Technologies, Inc.*, 2011 U.S. Dist. LEXIS 15991, *5 (N.D. Ill. Feb. 15, 2011) (Leinenweber, J.) (explaining Rule is satisfied where actions "involve fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings, whether in claim construction, summary judgment or trial"). This is true here, as both cases raise substantially similar constitutional claims. Moreover, Rule 40.4 does not require that the cases can or should be consolidated, nor does reassignment necessarily lead to consolidation for all purposes. *See Helferich Patent Licensing, L.L.C. v. N.Y. Times Co.*, 2012 U.S. Dist. LEXIS 56151, * 11 (N.D. Ill. Apr. 19, 2012) (Darrah, J.) ("Reassignment does not require that the two cases be bound together, proceeding in unison for all purposes."); *see also Fairbanks Capital Corp. v. Jenkins*, 2002 U.S. Dist. LEXIS 26297, * 10–11 (N.D. Ill. Nov. 25, 2002) (Kennelly, J.) ("[A]lthough Rule 40.4(b) requires a showing that the cases to be reassigned be susceptible of determination in a single proceeding with the earlier case already pending on the judge's docket, it does not require proof that the cases can or should be consolidated."). Just because one case "may require other issues…to be resolved separately does not negate the fact that the core issues here are virtually identical" and thus Rule 40.4(b)(4) is satisfied.[3] *See Peert v. Chi. Hous. Auth.*, 2013 U.S. Dist. LEXIS 138589, * 7 (Sept. 26, 2013) (Coleman, J.) (rejecting

---

each Defendant, and each Defendant's respective employees, officers, agents, representatives, all those acting in concert or participation with him or her, from enforcing the Ordinance's ban on semiautomatic rifles and all related regulations, policies, and/or customs designed to enforce or implement the same" in their complaint. No. 1:21-cv-04595. Dkt. 1 at ¶ 71(b).

[3] To the extent that Plaintiff believes related cases must proceed in unison for all purposes, he would face similar problems if this case were reassigned to the court deciding *Bevis v. City of Naperville*, No. 1:22-cv-04775. After Plaintiff filed this motion, Judge Kendall denied the *Bevis* Plaintiffs' motion for a preliminary injunction and Plaintiffs have filed a notice of appeal. Thus, Plaintiff's motion for a preliminary injunction here would not be resolved in a unified proceeding at the district court level.

argument that reassignment was improper where one case requested a jury trial and another requested an immediate temporary restraining order).

The remaining 40.4(b) factors also support reassignment to Chief Judge Pallmeyer. There is no question that Rule 40.4(b)(1) would be satisfied, as both cases are pending in the Northern District of Illinois. Rule 40.4(b)(2) is also met because significant judicial efficiency will result from one judge handling both cases. *Herrera* and *Viramontes* challenge parallel laws and concern similar—if not identical—constitutional questions. In fact, both *Herrera* and *Viramontes* challenge Cook County's Ordinance, with *Herrera* challenging the Illinois and City regulations as well. *Goldman* does not involve the same laws or ordinances challenged in *Herrera* or *Bevis*, thus is less likely resolve all issues in a unified proceeding.

Reassignment of all cases to the *Viramontes* or *Bevis* Courts will allow these issues to be briefed and determined once, rather than multiple times. This is particularly significant here, where the constitutional inquiry may involve a significant investment of judicial time due to *Bruen*'s command that courts engage in a comprehensive historical analysis to determine whether restrictions on firearms protected by the Second Amendment are "consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2130. It would be inefficient for two courts to conduct the same extensive analysis, including the assessment of reports from overlapping experts. *See Ewing v. Erik Carrier & D'a Props.*, LLC, 35 F.4th 592, 594 (7th Cir. 2022) ("All litigants and lawyers must avoid multiplying litigation."); *Stingley v. Laci Transp.*, 2020 U.S. Dist. LEXIS 259975, *9–10 (N.D. Ill. Dec. 1, 2020) (concluding that reassignment was appropriate so "only one judge will have to resolve those complex and consequential issues"); *Portis v. McKinney*, 2021 U.S. Dist. LEXIS 171091, * 4 (N.D. Ill. Sept. 9, 2021) (Aspen, J.) ("It would be inefficient for two judges to get up to speed on these issues."); *BP Corp. v. N.A. Inc. v.*

*N. Tr. Invs., N.A.*, 2009 U.S. Dist. LEXIS 50283, *6–*7 (N.D. Ill. June 15, 2009) (Hibbler, J.) (explaining that it is impractical "to require another court in this District to sill through the volumes of similar or identical documents the parties are likely to produce"). Although Plaintiff acknowledges that judicial efficiency will be supported by deeming *Herrera* related to *Goldman* and *Bevis* because "the historical analysis will be the same across all cases", he offers no explanation as to why the same is not true of *Viramontes*. Dkt. 41, Exh. 1 at 13 in Case No. 1:23-cv-00532.

The overall administration of justice will likewise be advanced by having one court decide all cases. Reassignment ensures consistent rulings on questions of fact and law common to all cases, including whether assault weapons are implicated by the plain text of the Second Amendment and whether regulation is consistent with this Nation's history of firearm regulation. *See Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 2019 U.S. Dist. LEXIS 101145, * 10 (N.D. Ill. June 19, 2019) (Durkin, J.) (concluding that reassignment "would save significant judicial resources and ensure consistent rulings on common questions about the interpretation and application" of issue central to two cases). This is especially critical here, where the parties anticipate an appeal to the United States Court of Appeals for the Seventh Circuit regardless of the outcome in the district court. *See Fairbanks Capital Corp. v. Jenkins*, 2002 U.S. Dist. LEXIS 26297, *9 (N.D. Ill. Nov. 25, 2002) ("[T]he Court of Appeals for the Seventh Circuit recently criticized judges of this Court for permitting numerous lawsuits involving [related issues] to proceed along different tracks before different judges, resulting in numerous and disparate decisions, as well as multiple appeals.") (citing *Smith v. Check-N-Go of Illinois, Inc.*, 200 F.3d 511, 513 n.* (7th Cir. 1999)).

### III. Plaintiff Should Not Be Permitted to Engage in Judge-Shopping.

Finally, allowing Plaintiff to exclude *Viramontes* as a related case constitutes impermissible judge-shopping. Plaintiff has offered no legitimate explanation as to why *Herrera* should not be deemed related to *Viramontes*, the earliest filed case. He makes a cursory reference to the fact that there is a pending motion to stay and lack of a motion for a preliminary injunction in *Viramontes*, but offers no relevant authority supporting his argument that either bars reassignment. Instead, Plaintiff appears to simply prefer his case be heard by one of the judges deciding *Goldman* or *Bevis*. His clear avoidance of Rule 40.4's requirement that reassignment follow the lowest-numbered pending case gives the appearance of judge-shopping, "a practice that should not be encouraged." *In re Mann*, 229 F.3d 657, 658 (7th Cir. 2000). The Seventh Circuit has made clear that Rule 40.4 should be applied in a manner to prevent judge-shopping. *Ewing*, 35 F.4th at 594 (7th Cir. 2022). Plaintiff's unsupported argument that *Viramontes* be excluded when evaluating reassignment should be denied.

### IV. Claims in *Goldman* are Distinct Enough From *Herrera* to Not be Deemed Related.

Alternatively, should this Honorable Court be inclined to exclude *Viramontes* from being related, the next appropriate action would be to deem *Herrera* related to *Bevis* and not *Goldman*. *Goldman* and *Herrera* are not in the same position to be deemed related under Local Rule 40.4(a)(2).

In *Bevis,* Plaintiffs amended their complaint to include a challenge to the state law HB 5471, which became effective on January 10, 2023, available at IL LEGIS 102-1116 (2022), 2022 Ill. Legis. Serv. P.A. 102-1116 (H.B. 5471) ("State Law"). Dkt. 48 in 22-cv-04775. Of particular relevance, the Illinois Attorney General Kwame Raoul moved to intervene on February 23, 2023, which was granted on February 24, 2024. Dkts. 68 & 70 in 22-cv-04775. This brings *Bevis* in line with *Herrera*, just as it does with *Viramontes*.

11

*Goldman* Plaintiffs, however, moved to amend their complaint on January 17, 2023 in order to add a challenge to the State Law, but the court has not yet ruled on the motion, nor has the Illinois Attorney General intervened, thereby making *Goldman* distinguishable and not related under Local Rule 40.4(a)(2). Dkt. 42 in Case No. 1:22-cv-04774.

**V. Conclusion.**

This Court should deny Plaintiff's motion for reassignment, or alternatively grant reassignment to *Viramontes, et al. v. County of Cook, et al.*, No. 1:21-cv-04595 or *Bevis v. Naperville*, No. 1:22-cv-04755 (N.D. Ill.).

    Respectfully submitted,

    KIMBERLY M. FOXX
    State's Attorney of Cook County

    */s/Jessica L. Wasserman*
    David A. Adelman
    Jessica L. Wasserman
    Cook County Assistant State's Attorneys
    50 W. Washington, 5th Floor
    Chicago, Illinois 60602
    (312) 603-3630
    Jessica.wasserman@cookcountyil.gov

**CERTIFICATE OF SERVICE**

I, Jessica Wasserman, hereby certify that on March 5, 2023, I have caused a true and correct copy of Motion for Extension of Time to Disclose Expert Report be sent via e-filing to all counsel of record in accordance with the rules regarding the electronic filing and service of documents.

    */s/ Jessica Wasserman*

    Cook County Assistant State's Attorney
    50 W. Washington, 5th Floor
    Chicago, Illinois 60602
    (312) 603-5463