UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CUTBERTO VIRAMONTES, an individual and resident of Cook County, Illinois, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE COUNTY OF COOK, a body politic and corporate, *et al.*,<br><br>    Defendants. | No. 1:21-cv-04595<br><br>Honorable Rebecca R. Pallmeyer<br><br>Honorable Susan E. Cox |

**HIGHLAND PARK'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS
MOTION TO REASSIGN RELATED CASE PURSUANT TO LOCAL RULE 40.4**

Defendant City of Highland Park, Illinois ("Highland Park") submits this supplemental brief in support of its Motion to Reassign Related Case Pursuant to Local Rule 40.4 (Dkt. 54), which seeks reassignment of *Goldman v. City of Highland Park*, No. 1:22-cv-04774 (N.D. Ill.) (the "Highland Park case").

Circumstances have changed since Highland Park filed its motion to reassign: (1) The Plaintiffs in the Highland Park case now agree that the factors for reassignment are met; (2) another judge in this district, Judge Virginia M. Kendall, has ruled on a preliminary injunction motion in a related case, and that ruling is now the subject of a pending appeal before the Seventh Circuit; (3) the preliminary injunction motion is fully briefed in the Highland Park case; and (4) the summary judgment briefing schedule in this case has been delayed significantly.

Highland Park continues to believe that reassignment of related cases to one judge will promote the efficient use of judicial resources and avoid the risk of inconsistent rulings and piecemeal appeals. But, in light of the changed circumstances, Highland Park respectfully submits that the Highland Park case should be reassigned to whichever judge can most

expeditiously resolve the preliminary injunction motion that is now fully briefed and pending in the Highland Park case. Given the ruling in the related case, it appears that that likely is now Judge Kendall.

**Background.** In the Northern District of Illinois, there are four cases in front of four different judges considering the same essential question of law: whether, in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), governments may lawfully ban the possession or sale of assault weapons and/or large-capacity magazines. The four actions are *Viramontes v. County of Cook*, No. 1:21-cv-04595 (N.D. Ill.) (the "Cook County case"), pending before this Court; *Goldman v. City of Highland Park*, No. 1:22-cv-04774 (N.D. Ill.), pending before Judge Harry D. Leinenweber; *Bevis v. City of Naperville*, No. 1:22-cv-04775 (N.D. Ill.) (the "Naperville case"), pending before Judge Virginia M. Kendall; and *Herrera v. Raoul*, No. 1:23-cv-00532 (N.D. Ill.) (the "*Herrera* case"), pending before Judge Lindsay C. Jenkins. Collectively, the four cases challenge the constitutionality of four municipal ordinances—in Cook County, Highland Park, Naperville, and the City of Chicago—and the recently enacted Protect Illinois Communities Act, Public Act 102-1116 (a state law), each of which prohibits the sale and/or possession of assault weapons and/or large-capacity magazines.

On December 23, 2022, Highland Park moved to reassign the Highland Park case to this Court's docket as related to the Cook County case. (Dkt. 54.) The Cook County case is the lowest-numbered case of the four, *see* L.R. 40.4(c), and at the time, the parties in the Cook County case were scheduled to file summary judgment motions on the same day that Highland Park's brief in opposition to Plaintiffs' motion for preliminary injunction was due. (Dkt. 55 at 6.) As Highland Park explained, the cases at that time were scheduled to proceed on substantially

2

the same timeline, with substantial overlap between key factual and legal issues across the two cases. (*Id.* at 6–9.) Initially, Plaintiffs in the Highland Park case opposed reassignment. (Dkt. 58.)

**Developments after Highland Park's motion to reassign.** Highland Park has subsequently conferred with Plaintiffs in the Highland Park case, and they now agree that the factors for reassignment have been satisfied. The Plaintiff in the *Herrera* case also agrees that the cases are related and should be reassigned to the same judge. *See* Dkt. 79 in Case No. 1:22-cv-04774 at 2 (Herrera's motion to reassign: "The *Goldman* and *Bevis* Plaintiffs agree [with Herrera] that the cases should be reassigned so that they all can be heard together.").[1]

In addition, after Highland Park filed its motion to reassign, Judge Kendall decided the motion for temporary restraining order and preliminary injunction in the Naperville case. *Bevis v. City of Naperville*, 2023 WL 2077392 (N.D. Ill. Feb. 17, 2023). That decision decided key factual and legal issues that are also central to the Highland Park and *Herrera* cases. The Plaintiffs in the Naperville case appealed, with Appellants' opening brief due on April 4, 2023, and briefing due to be completed on May 25, 2023. *See Bevis v. City of Naperville*, No. 23-01353, Dkt. 1-2 (7th Cir. Feb. 23, 2023).

Moreover, the briefing schedules in the Highland Park and Cook County cases are no longer proceeding on the same timeline. The summary judgment schedule in the Cook County case was substantially delayed after the Cook County Plaintiffs filed a motion to stay. (Dkt. 69 (motion to stay); Dkt. 92 (resetting the summary judgment briefing schedule).) The summary judgment motions in the Cook County case now will not be fully briefed until June 15, 2023,

---

[1] On January 19, 2023, Naperville also moved to reassign the Naperville case to this Court as related to the Cook County case. (Dkt. 64.) That motion has since been withdrawn. (Dkt. 79.) On February 16, 2023, the Plaintiff in the *Herrera* case moved to reassign his case, filing the motion on the docket of the Highland Park case. (Dkt. 79 in Case No. 1:22-cv-04774.)

3

approximately three months from now. (Dkt. 92.) Meanwhile, the parties in the Highland Park case have completed briefing on the preliminary injunction motion as of March 13, 2023. (Dkt. 36 in Case No. 1:22-cv-04774.)

**The Highland Park case should be reassigned for an expeditious, efficient resolution.** Highland Park continues to believe that reassignment makes sense. A single judge deciding related cases will promote the efficient use of judicial resources, avoid duplicative litigation, and minimize the risk of inconsistent rulings. (Dkt. 55 at 3–4, 6–8.) In addition, the judiciary has a substantial interest in avoiding piecemeal appeals of different preliminary injunction decisions involving the same issues. *See Ewing v. Carrier*, 35 F.4th 592, 594 (7th Cir. 2022). And importantly, the Seventh Circuit already has before it an appeal of Judge Kendall's ruling in the Naperville case, with briefing due to be completed on May 25, 2023. Each government defendant in these cases has a legitimate interest in defending the constitutionality of its statute or ordinance before the Seventh Circuit. The Highland Park case should therefore be considered by the Seventh Circuit in conjunction with the Naperville case, and not on separate tracks. Accordingly, Highland Park believes that the Highland Park case should be reassigned to whichever Court can most expeditiously and efficiently resolve the fully briefed pending preliminary injunction motion.

Given the changes to the summary judgment schedule in the Cook County case and the fact that Judge Kendall has already issued a ruling on a preliminary injunction motion, Judge Kendall is likely to be in the position to rule most quickly. *Cf. Portis v. McKinney*, 2021 WL 4125107, at *2 (N.D. Ill. Sept. 9, 2021) ("It would be inefficient for two [or more] judges to get up to speed on these issues."); *see also Urb. 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 2019 WL 2515984, at *3 (N.D. Ill. June 18, 2019). This is especially true given the

4

nature of the historical and empirical questions at issue in these cases and the work that Judge Kendall has already done to analyze those issues.

The Plaintiff in the *Herrera* case and the State of Illinois[2] agree. (*See* Dkt. 86 in Case No. 1:22-cv-04774 at 3 (Herrera's reply brief in support of his motion to reassign: "Intervening events have confirmed that reassignment to Judge Kendall would likely be best for judicial economy."); Dkt. 58 in Case No. 1:23-cv-00532 at 3–4 (State Defendants' response to Herrera's motion to reassign: "The *Bevis* court [i.e., Judge Kendall] unquestionably has in depth familiarity with the Second Amendment issues raised in *Herrera* and could most expediently resolve the motion for temporary restraining order and preliminary injunction pending in *Herrera*. . . . [R]eassigning *Herrera* to the *Bevis* court will promote judicial economy, efficiency, and minimize the risk of inconsistent rulings or judgments in multiple cases at both the trial and appellate court levels.").)

However, we understand that judges know their schedules and other relevant circumstances best, and Highland Park would also be pleased to have this case considered by this Court, Judge Leinenweber, or whichever judge this Court determines would be most appropriate under the circumstances.

## CONCLUSION

For these reasons, the Highland Park case should be reassigned to the docket of whichever judge can most expeditiously decide the now fully briefed preliminary injunction motion in the Highland Park case, which is likely Judge Kendall.

---

[2] Kwame Raoul, in his official capacity as Attorney General for the State of Illinois, and Brendan Kelly, in his official capacity as Director of the Illinois State Police, are defendants in the *Herrera* case, and Attorney General Raoul, in his official capacity, is an intervenor in the Naperville case.

| | |
|---|---|
| Dated: March 22, 2023 | Respectfully submitted,<br><br>*/s/ David H. Hoffman*<br>David H. Hoffman (No. 6229441)<br>Neil H. Conrad (No. 6321947)<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br>david.hoffman@sidley.com<br>nconrad@sidley.com<br><br>*Attorneys for Non-Party Movant City of Highland Park, Illinois* |