**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CUTBERTO VIRAMONTES, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | No. 21 CV 4595 |
| | ) | |
| v. | ) | Judge Rebecca R. Pallmeyer |
| | ) | Magistrate Judge Susan E. Cox |
| THE COUNTY OF COOK, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO STRIKE PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' RULE 56.1 STATEMENT OF MATERIAL FACTS AND EXHIBITS**

NOW COME the Defendants, the County of Cook, Toni Preckwinkle, Kimberly M. Foxx, and Thomas Dart, by and through their attorney, Kimberly M. Foxx, State's Attorney of Cook County, through her Assistant State's Attorney Jessica M. Scheller, pursuant to Fed. R. Civ. P. 12(f), for their Motion to Strike Plaintiffs' Responses and Objections to Defendants' Rule 56.1 Statement of Material Facts [Docket #98] ("Response to SOF") and Exhibits, now state as follows:

**INTRODUCTION**

On March 3, 2023, Defendants moved for summary judgment. Dkt. 80-82 ("Defendant's motion" or "the motion".) Consistent with Local Rule 56.1(a)(1)(3), Defendants filed a Statement of Undisputed Material Facts which Defendants maintain entitle them to summary judgment. Dkt. 81. Local Rule 56.1(b)(3) requires the nonmoving party to file a concise response to each numbered paragraph in the moving party's statement, stating whether the fact is admitted or disputed, and identifying by specific reference to the record, supporting affidavits, or other materials which support any facts that they dispute. On April 24, 2023, Plaintiffs responded to Defendants' L.R. 56.1 Statement of Undisputed Material Facts. Dkt. 98. Plaintiffs' response is comprised almost exclusively of improper legal argument, statements of additional fact which are

not permitted in a L.R. 56.1(b)(3) statement, immaterial statements of fact or law, purported disputes which are either failures to take a position on the fact or admissions disguised as disputes, and are reliant almost entirely on evidence which is not admissible and therefore may not be considered at the summary judgment stage. Plaintiffs' response is irredeemable and should be stricken in its entirety for violating L.R. 56.1.

## LEGAL STANDARD

"A motion to strike is governed by Federal Rule of Civil Procedure 12(f). Under Rule 12(f), upon a motion by a party a court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While a motion to strike is disfavored and generally unnecessary at the summary judgment stage, because a Court can only consider admissible evidence, *Berg v. CI Invs., Inc.* 2017 U.S. Dist LEXIS 53505, **10-11 citing Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009), a motion to strike can be granted if "...the defect in the pleading causes some prejudice to the party bringing the motion." *Berg v. CI Invs., Inc.* 2017 U.S. Dist LEXIS 53505, **11 citing Affiliated Capital Corp. v. Buck,* 1994 U.S. Dist. LEXIS 17163, 1994 WL 691189, at *4 (N.D. Ill. Dec. 2, 1994).

"The Seventh Circuit has repeatedly held that a district court is entitled to expect strict compliance with L.R. 56.1." See *Barth v. Village of Mokena*, 2006 WL 862673, at *1 (N.D. Ill. 2006). Courts in this district have repeatedly affirmed the importance of strict compliance with Rule 56.1. See *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill., 2000) (holding that the penalty for failure to strictly comply with L.R. 56.1 is usually summary judgment because the movant's facts are deemed admitted.)

The local rules that structure the summary judgment process "assist the court by organizing evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to

prove a disputed fact with admitted evidence." *Bordelon v. Chicago Sch. Reform Bd. Of Trustees*, 2000 U.S. App. LEXIS 29027, **6; *quoting Markham v. White,* 172 F.3d 486, 490 (7th Cir. 1999). Given the rules' importance, district courts have discretion to require strict compliance with local rules governing summary judgment and where "the statement is so full of argument, evasion, and improper denials that it defeats the whole point" of local rules "to identify just what facts are in disputed." *Bordelon*, 2000 U.S. App. LEXIS 29027, **6-7.

"Affidavits submitted in opposition to summary judgment must (1) be made on personal knowledge; (2) set forth facts in admissible form; and (3) show the affiants are competent to testify to the matters stated therein. *Fed. R. Civ. P. 56(e)*; *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003). Rule 56 affidavits must present concrete facts; mere conjecture or speculation is insufficient. *Johal v. Little Lady Foods, Inc.,* 434 F.3d 943, 947 (7th Cir. 2006). Consistent with Rule 56, Local Rule 56.1 requires a party opposing summary judgment to file a *concise* response to the movant's statement of facts, and in case of any disagreement, to refer to affidavits or the record. LR 56.1(b)(3)(B) (emphasis added).

Further, legal arguments are "not a recitation of a 'fact' to which an affiant is competent to testify" and therefore do not belong in a Local Rule 56.1 (b)(3)(B) response. *Pfeil v. Rogers,* 757 F.2d 850, 862 (7th Cir. 1985); *see also Salamanca v. Robert Half Corp.,* 2003 U.S. Dist. LEXIS 5602, at *2 (N.D. Ill. Apr. 4, 2003) (Conlon, J.) (striking legal argument in Local Rule 56.1 statement). Nor may a response contain additional facts beyond the movant's statement because they must be submitted separately. LR 56.1(b)(3)(C); see also *Cichon v. Exelon Generation Co., L.L.C.,* 401 F.3d 803, 810 (7th Cir. 2005) (a district court may refuse to consider additional facts submitted in a Local Rule 56.1(b)(3)(B) response).

A response may be stricken for failure to comply with these rules. *O'Regan v. Arbitration*

*Forums, Inc.,* 246 F.3d 975, 987 (7th Cir. 2001) (a district court has discretion to enforce these rules "strictly or somewhat leniently")." *Jagla v. LaSalle Bank*, 2006 U.S. Dist. LEXIS 73834, *24,25. *See also Id.* at *14, 15; *Citing Smith v. Lamz, 321 F.3d 680, 683 (7th Cir. 2003)* (the court "is not required to 'wade through improper denials and legal argument in search of a genuinely disputed fact'") (quoting *Bordelon* 233 F.3dat 529; See also *Smith v. Adams* 804 Fed. Appx. 390, *392 (2020). Courts in this district have granted motions to strike Rule 56.1 responses which are wholly argumentative, immaterial, contain lengthy responses filled with improper denials or legal argument, unsupported factual assertions, or 'disputes' which are actually admissions with 'elaborative facts' added. See, e.g., *Keen v. Merck Sharp & Dohme Corp.*, 2018 U.S. Dist. LEXIS 35537, at *4-5 (N.D. Ill., 2018); *De v. City of Chicago*, 912 F. Supp. 2d 709, 713-714, at fn 4 (N.D. Ill., 2012).

## ARGUMENT

**1. Multiple Responses Fail to Properly Admit or Dispute Facts.**

Defendants object to Plaintiffs' Response 1-5, 36-54, 125, 170-171, 328-330, 337-338 as they each fail to specify that they are admitting facts, but evasively claim "Plaintiffs presently lack knowledge and, on that basis, decline to dispute at this time." ECF No. 98, *Response to SOF* ¶1-5, 36-54, 125, 170-171, 328-330, 337-338.

Local Rule 56.1(b)(2) requires that a response to a statement of material fact comply with LR 56.1(e) and LR 56.1(e)(2) requires that "Each response must *admit* the asserted fact, *dispute* the asserted fact, or *admit in part and dispute in part* the asserted fact." LR 56.1(e)(2) (emphasis added). "Lack of knowledge" and/or "declining to dispute" are not proper answers to a 56.1 Statement of Material Facts and paragraphs 1-5, 36-54, 125, 170-171, 328-330, 337-338 should be stricken from Plaintiffs' *Response to SOF,* thereby making those paragraphs uncontested.

    **2. Improper Legal Argument.**

Plaintiffs' *Response to SOF* ¶¶4, 10-11, 20-23, 26-28, 30-35, 55-69, 71-75, 77-82, 84-86, 91-95, 97-124, 126-127, 129, 131-137, 139, 141-147, 151-159, 160-166, 174-177, 179-180, 186, 188-192, 195-202, 214-218, 220-223, 225-241, 244, 248, 252-267, 272, 275-277, 280-282, 283-301, 303, 306-307, 309-323, 326-327, and 339 set forth legal arguments which are "not a recitation of a 'fact' to which an affiant is competent to testify" and therefore do not belong in a Local Rule 56.1 (b)(3)(B) response. *Pfeil,* 757 F.2d at 862; [ECF No. 98]. Neither are the legal arguments to make objections, including objections to admissibility, materiality, or absence of evidentiary support as would be allowed under LR 56.1(b)(2)&(3). Plaintiffs wrongly incorporate legal arguments that should be in their responding brief into their response to Defendants' statement of material facts. Further, additional statements of fact that Plaintiffs claim contradict the meaning or implication of Defendants' facts, to the extent they were supported by admissible evidence, should be asserted in Plaintiffs' Statement of Additional Material Facts [Docket #99]. L.R. 56.1(b)(3)(C). Plaintiffs filed a Statement of Additional Material Facts but did not assert any facts that go to the merits of the case and failed to include any of the information asserted in their response to Defendants' Statement of Undisputed Material Facts. Thus, the court should strike: Plaintiffs' *Response to SOF* ¶¶ 4, 10-11, 20-23, 26-28, 30-35, 55-69, 71-75, 77-82, 84-86, 91-95, 97-124, 126-127, 129, 131-137, 139, 141-147, 151-159, 160-166, 174-177, 179-180, 186, 188-192, 195-202, 214-218, 220-223, 225-241, 244, 248, 252-267, 272, 275-277, 280-282, 283-301, 303, 306-307, 309-323, 326-327, and 339. [ECF No. 98]

**3. Lack of foundation and hearsay.**

Evidence in summary judgment must be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2). The Plaintiffs' failure to properly support their proposed facts

or address Defendants' facts with admissible evidence may result in the court issuing an appropriate order, including granting summary judgment. Fed. R. Civ. P. 56(e). *Berg*, 2017 U.S. Dist LEXIS at **10-11*. Hearsay is an "out-of-court statement 'offered in evidence to prove the truth of the matter asserted.'" FRE 801(c); *United States v. Rettenger*, 344 F.3d 702 (7th Cir. 2003). *Bombard v. Fort Wayne Newspapers*, 92 F.3d 560, 562 (1996).

Throughout their response to Defendants' Statement of Facts, Plaintiffs challenge Defendants' experts' statistics with statistics of their own, citing to articles and studies which lack proper foundation, lack proper authentication, and/or are hearsay. Plaintiffs' exhibits cited in Plaintiffs' *Response to SOF* ¶¶4, 7-11, 20-23, 26-28, 30, 32-33, 35, 55-57, 59-64, 66-68, 71-75, 77-81, 91-95, 97-124, 127, 129, 137-147, 155-159, 161-163, 167, 169-171, 174-177, 179-181, 184-192, 196-200, 202-205, 213-218, 220-223, 225-241, 248, 252-266, 269-272, 275, 277, 280-297, 299-303, 305-306, 309-311, 321-323, 326, 331-336, and 339 suffer from lack of foundation because the authors have not offered sworn testimony or its equivalent and are not properly authenticated under Federal Rules of Evidence ("FRE") Rule 901, et al. *Friedel v. Madison*, 832 F. 2d 965, 970 (7th Cir. 1987). (Evidence offered at summary judgment must be authenticated by vehicles designed to ensure reliability, such as supporting affidavits, deposition testimony, sworn answers to interrogatories, or admissions.) Plaintiffs do not support their exhibits with any testimony or sworn statements of any kind.

Compounding their error, Plaintiffs cite to their exhibits to establish the truth of the matters asserted, and not for any other purpose. As a representative example, in their response to Defendants' *SOF* ¶4, Plaintiffs quote articles from Christopher S. Koper ("Koper"), Vincent J.M. DiMaio ("DiMaio"), and Stephen P. Halbrook ("Halbrook") to establish the lethality of assault weapons, other semi-automatic weapons, and the Winchester M-94 and comparing AR-15 rifles

to muskets. *Response to SOF* ¶4. This is classic hearsay, which Plaintiffs may not rely on in opposing summary judgment. *Bombard*, 92 F.3d at 562. Even exhibits which may be self-authenticated or otherwise fall under an exception to Rule 901, nevertheless are hearsay and therefore inadmissible. FRE Rule 801. Statements that lack a proper foundation for an assertion, or rely upon hearsay, should not be considered. *Vassileva v. City of* Chicago, 2023 U.S. Dist. LEXIS 43046, *6 *citing Malec* 191 F.R.D. at 584.

Finally, even if these exhibits were otherwise admissible, Plaintiffs' failure to disclose them during discovery is fatal. Plaintiffs may not rely upon the opinions of these authors as expert witnesses, and the proper remedy is to exclude the statements which Plaintiffs attached as exhibits to their response to Defendants' Statement of Facts. Thus, Plaintiffs' *Response to SOF* ¶¶4, 7-11, 20-23, 26-28, 30, 32-33, 35, 55-57, 59-64, 66-68, 71-75, 77-81, 91-95, 97-124, 127, 129, 137-147, 155-159, 161-163, 167, 169-171, 174-177, 179-181, 184-192, 196-200, 202-205, 213-218, 220-223, 225-241, 248, 252-266, 269-272, 275, 277, 280-297, 299-303, 305-306, 309-311, 321-323, 326, 331-336, and 339 and the exhibits they cite should be stricken.

Practically all of Plaintiffs' responses should be stricken for violating L.R. 56.1. However, in the interest of preserving judicial resources, Defendants highlight several representative samples as follows:

**a. *Response to SOF* ¶4**

Plaintiffs incorporate their *Response to SOF* ¶4 throughout their response, thereby making it a good representative sample. In Plaintiffs' *Response to SOF* ¶4, Plaintiffs present legal argument quoting from and citing articles by: 1) Koper, *Assessing the Potential to Reduce Deaths and Injuries from Mass Shootings Through Restrictions on Assault Weapons and Other High-Capacity Semiautomatic Firearms*, 19 CRIM'Y & PUB. POL'Y 147, 149 (2020), attached to the

*Response to SOF* as Exhibit 1; 2) DiMaio, GUNSHOT WOUNDS: PRACTICAL ASPECTS OF FIREARMS, BALLISTICS, AND FORENSIC TECHNIQUES (2d ed. 1999), attached to the *Response to SOF* as Exhibit 2; and 3) Halbrook, AMERICA'S RIFLE: THE CASE FOR THE AR-15 104 (Google Books ed. 2022), attached as Exhibit 3. *Response to SOF* ¶4.

Defendants' SOF ¶4 [Docket #81] quotes Dr. Roy Guerrero, M.D., an Uvalde area pediatrician testifying before Congress on May 24, 2022 describing his personal observations from the Uvalde shooting. Dr. Guerrero stated that what he found

> "was something no prayer will ever relieve: two children whose bodies had been pulverized by bullets fired at them, decapitated, whose flesh had been ripped apart, that the only clue as to their identities was blood-spattered cartoon cloths still clinging to them []." Defendants' SOF ¶4

Plaintiffs' legal arguments are non-responsive to Defendants' SOF ¶4. Moreover, the statements Plaintiffs attribute to Koper, DiMaio, and Halbrook are all out of court statements Plaintiffs' offer as proof of their assertions of fact and are therefore hearsay in violation of FRE 801. Even if the statements and articles were to be considered exceptions to hearsay under FRE 803, they would still be inadmissible because there is no expert witness testimony or other sworn statement from any of these authors designed to authenticate their reliability. *Friedel*, 832 F. 2d at 970. Plaintiffs' Responses to other paragraphs repeatedly references back to their *Response to SOF* ¶4 and incorporate it throughout their other Responses. Therefore, all the subsequent paragraphs incorporating it should likewise be stricken.

**b. *Response to SOF* ¶7**

Similarly, Plaintiffs' *Response to SOF* ¶7 presents non-responsive legal argument relying on quotes from an article that lacks foundation and is hearsay. In Defendants' SOF ¶7, Defendants state: "More people have died or have been injured in mass school shootings in the United States

from 2000 to 2018 than in the entire twentieth century" and cite to a sworn expert report, *Declaration of Professor John J. Donohue* attached to the SOF as Exhibit 4.

In Plaintiffs' *Response to SOF* ¶7, they write only -- "Dispute" -- and then go on to argue the definition of "mass shooting", which is not responsive to the statement of fact, relying on the out of court statements of Rosanna Smart & Terry L. Schell from their publication, *Mass Shootings in the United States*, RAND CORP. (Apr. 15, 2021), https://bit.ly/3L9kzH4, attached to Plaintiffs' *Response to SOF* ¶7 as Exhibit 5. The article lacks foundation, and the quotes offered in *Response to SOF* ¶7 are hearsay and should be stricken. "[T]he evidence supporting a factual assertion must represent admissible evidence." *Bordelon*, 811 F.3d at 989, *quoting Judson Atkinson Candies, Inc.,* 529 F.3d at 382. All responses that follow referencing *Response to SOF* ¶7 should also be stricken.

**c. *Response to SOF* ¶20**

Defendants' SOF ¶20 simply states "Assault weapons, whether rifles or handguns, are a poor choice for home defense or personal protection" citing to the *Expert Report of James E. Yurgealitis* ("Yurgealitis") at p.31, 32, attached to Defendants' SOF as Exhibit 5, which is admissible expert testimony under FRE 702, et seq. and goes unchallenged by Plaintiff.

In response to the one-sentence ¶20, Plaintiffs make a *five-page* legal argument. Plaintiffs cite to an article by David B. Kopel, *Rational Basis Analysis of "Assault Weapon" Prohibition*, 20 J. CONTEMP. L. 381, 392–93 (1994), attached to Plaintiffs' *Response to SOF* ¶20 as Exhibit 8, as proof of their non-responsive and immaterial argument regarding the function of a pistol grip. This article lacks foundation and the statements are hearsay in violation of FRE 801. Plaintiffs then rely on Halbrook's article from their *Response to SOF* ¶4 which is hearsay, as argued above. Plaintiffs take it a step further and cite quotes from E. Gregory Wallace and his articles *"Assault Weapon" Lethality*, 88 TENN. L. REV. 1, 13–14 (2020), attached to Plaintiffs' *Response to SOF* as Exhibit 12

and *Assault Weapon" Myths*, 43 S. ILL. U. L. J. 193, 228–29 (2018), attached to Plaintiffs' *Response to SOF* as Exhibit 13 to argue at length about AR-15 and M-16 recoil and pistol grips. Both articles and their contents have no place in a response to a statement of facts and are without foundation and the contents are hearsay.

Plaintiffs continue with quotes from Joseph W. Galvin et al., *Rate and time to return to shooting following arthroscopic and open shoulder surgery*, 6 JSES INT'L 968 (2022), attached to Plaintiffs' *Response to SOF* as Exhibit 99 to argue about force and velocity of the M4 and .223 caliber rifles like the AR-15. Similarly, Gavin's article lacks foundation and is hearsay.

Plaintiffs' response to *SOF* ¶20 is argumentative, repeatedly cites unauthenticated records for the purpose of inadmissible hearsay, improperly asserts multitudes of additional purported facts in a Rule 56.1(b)(3) response and manages to do so in a five-page narrative response that categorically violates Rule 56.1. The response to *SOF* ¶20 combines all of the common ways a party can disregard its obligations under the local rule to this court. All responses that follow referencing *Response to SOF* ¶20 should also be stricken. Even in those responses which do not reference *Response to SOF* ¶20, Plaintiffs continue their pattern and practice of citing various news articles and publications which lack foundation and contain hearsay statements both in the exhibits themselves and the quotations used in *Response to SOF* ¶20.

**4. Plaintiffs Failed to Disclose or Offer Expert Witnesses to Support Opinions and Statistics in Their Legal Arguments.**

Expert testimony is required when the issue is not within the understanding of a lay person. *Piltch v. Ford Motor Co.*, 778 F.3d 628, 632 (7th Cir. 2015). The sanction for failure to disclose an expert's testimony relied upon in opposing summary judgment is exclusion of that expert's testimony. Fed. R. Civ. P. 37(c)(1). In determining whether a failure to disclose is harmless, the

court should consider "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012).

Plaintiffs did not disclose any expert witnesses during discovery[1]. Dkt. 37 (Noting that Plaintiffs "will not disclose affirmative experts.) Fed. R. Civ. P. 26(a)(2) requires Plaintiffs to have disclosed any witnesses they will use to present evidence under Federal Rule of Evidence 702 (Testimony by Expert Witness), 703 (Basis for Expert's Opinion Testimony), or 705 (Disclosing Facts or Data Underlying Expert's Opinion).

For a representative example, Defendants again turn to Plaintiffs' *Response to SOF* ¶20. Plaintiffs cite an article by William English, *2021 National Firearms Survey: Updated Analysis Including Types of Firearms Owned* at 33–34, GEO. UNIV. (May 13, 2022) for statistical studies and arguments. Plaintiffs chose not to disclose English, or *any* expert witnesses under Fed. R. Civ. P. 26(a)(2). It is clear from context that English is offered as a subject matter expert, both because he offers no opinions regarding the specific facts of this case, and also because his methods and findings require scientific and specialized knowledge which are outside the understanding of a lay person. FRE 702; See also *Piltch*, 778 F.3d at 632.

[1] Defendants have complied with U.S. District Court for the Northern District of Illinois Local Rule 37.2. Defendants attempted to address Plaintiffs' discovery violations with Plaintiffs but, due to no fault of Defendants, were unable to conference with Plaintiffs' counsel. On May 8, 2023 at approximately 10:30 A.M., Defendants' attorneys Edward M. Brener and Prathima Yeddanapudi called Plaintiffs' attorney Will V. Bergstrom to discuss Plaintiffs' discovery violations and the appropriate remedy. Attorney Bergstrom did not answer and attorney Brener left a detailed voicemail. Attorney Brener then followed up with an email, which attorney Bergstrom responded to later that same day. Attorney Bergstrom advised that Plaintiffs believed their disclosures to be proper and that they would not be withdrawn.

Plaintiffs' failure to disclose English, or any of its other experts, is not harmless. It is patently prejudicial to Defendants to force them to respond to arguments in summary judgment advanced by witnesses who have not been subject to cross-examination to assess the subject matter of their opinions, or whether the witnesses satisfy the *Daubert* standard. Plaintiffs have had years during which they failed to disclose their expert witnesses. Instead, they informed Defendants (and the court) that they would not rely on affirmative experts (Dkt. 37) before springing them on Defendants in response to their filed summary judgment motion. Nor can Plaintiffs cure the prejudice given that discovery is long closed, and any attempt to cure would delay the adjudication of this case given that both parties have moved for summary judgment. Dkt. 80, 100. Plaintiffs are trying to thwart the discovery rules and litigate by surprise. All opinions and expert statements which Plaintiffs first disclosed in their response to Defendants' Statement of Facts should be stricken.

**5. Alternatively, Plaintiffs' Exhibits 1-105 Should be Stricken from their Response to Statement of Facts.**

Plaintiffs support their various denials with references to 105 newly disclosed exhibits which are an assortment of newspaper, magazine, on-line, or journal articles. Dkt. 98-1 – 98-13. Plaintiffs offer those exhibits to prove the truth of the matters asserted. Multiple exhibits purport to set forth data and studies, but Plaintiffs have not presented any witness testimony which would establish a foundation, authenticate the data, or the methodology used to obtain the data. FRE Rule 702, 703, 705. Plaintiffs have not presented *any* witness testimony in the exhibits attached to their *Response to SOF*. Dkt. 98.

Consequently, all the statements in the assorted newspaper, magazine, on-line, or journal articles are out of court statements intended to prove the matters asserted thereby constituting

hearsay under FRE 801. Nor do any of them qualify as hearsay exceptions under FRE 803. Even the various law journal articles do not qualify under the learned treatises exception under FRE 803(18) which specifically requires statements in such publications to be "called to the attention of an expert witness on cross-examination or relied upon by the expert on direct examination; *and* the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice." FRE 803(18)(a) and (b) (emphasis added). As Plaintiffs' have offered no experts, nor could they as they made no Rule 26(a)(2) disclosures, such statements in the exhibits do not qualify for a hearsay exception and are still hearsay.

Additionally, Plaintiffs fail to establish a foundation for any of their exhibits. While most of the assorted newspaper, magazine, on-line, or journal articles themselves may qualify as self-authenticating under FRE 902, the studies and data within them do not. The same can be argued about Exhibit 14 [Dkt. 98-2, page 117-171] and referred to in Plaintiffs' *Response to SOF* ¶20, is purported to be from the Department of Defense's Defense Advanced Research Projects Agency (DARPA) U.S. DEP'T OF DEF.: ADVANCED RSCH. PROJECTS AGENCY, REPORT OF TASK NO. 13A: TEST OF ARMALITE RIFLE, AR-15 (U) (Aug. 20, 1962). While it is questionable whether Exhibit 14 is really from DARPA, nevertheless, the studies and data within them are not self-authenticated under FRE Rule 902. Even if the Court were to find Exhibit 14 and the assorted newspaper, magazine, on-line, or journal articles, and their respective studies and data self-authenticated, they would still be hearsay under FRE Rule 802.

"[T]he evidence supporting a factual assertion must represent admissible evidence." *Bordelon*, 811 F.3d at 989, *quoting Judson Atkinson Candies, Inc.,* 529 F.3d at 382. For the reasons above, none of Plaintiffs' Exhibits 1-105 are admissible evidence. All of Plaintiffs' exhibits should, therefore, be stricken from Plaintiffs' *Response to SOF* rendering Defendants' Statement

of Facts uncontroverted. Even if the exhibits could be reviewed, they have not been properly disclosed during the course of discovery – and this type of briefing by ambush should not be permitted.

WHEREFORE, Defendants respectfully request that this Honorable Court strike Plaintiffs' Local Rule 56.1(b)(3) Response and Exhibits, and in the alternative deem the facts admitted, and for all other appropriate relief.

Dated: May 8, 2023

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

*/s/ Jessica M. Scheller*
Jessica M. Scheller
David A. Adelman
Elizabeth F. Brogan
Edward M. Brener
Prathima Yeddanapudi
Cook County Assistant State's Attorneys
50 W. Washington, 5th Floor
Chicago, Illinois 60602
(312) 603-6934
jessica.scheller@cookcountyil.gov

**CERTIFICATE OF SERVICE**

    I, Jessica M. Scheller, hereby certify that on May 8, 2022, I have caused a true and correct copy of Motion to Strike Plaintiffs' Responses and Objections to Defendants' Rule 56.1 Statement of Material Facts and Exhibits be sent via e-filing to all counsel of record in accordance with the rules regarding the electronic filing and service of documents.

                                                  */s/ Jessica M. Scheller*
                                                  Jessica M. Scheller
                                                  Cook County Assistant State's Attorneys
                                                  50 W. Washington, 5th Floor
                                                  Chicago, Illinois 60602
                                                  (312) 603-6934
                                                  jessica.scheller@cookcountyil.gov