\IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CUTBERTO VIRAMONTES, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | No. 21 CV 4595 |
| | ) | |
| v. | ) | Judge Rebecca R. Pallmeyer |
| | ) | Magistrate Judge Susan E. Cox |
| THE COUNTY OF COOK, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY FILED IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' RULE 56.1 STATEMENT OF MATERIAL FACTS AND EXHIBITS**

NOW COME the Defendants, the County of Cook, Toni Preckwinkle, Kimberly M. Foxx, and Thomas Dart, by and through their attorney, Kimberly M. Foxx, State's Attorney of Cook County, through her Assistant State's Attorney Jessica M. Scheller, pursuant to Fed. R. Civ. P. 12(f), for their Reply to Plaintiffs' Opposition to Defendants' Motion to Strike Plaintiffs' Responses and Objections to Defendants' Rule 56.1 Statement of Material Facts [Docket #98] ("*Response to SOF*") and Exhibits, now state as follows:

**INTRODUCTION**

Defendants offer their Rule 56.1 Statement of Material Facts to establish that Cook County's Ordinance "regulates activity falling" outside the scope of the Second Amendment "as originally understood." *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S. Ct. 2111, 2126 (2022) (cleaned up). As such, Defendants' proffered evidence is adjudicative, not legislative. And, therefore, all evidence offered by Plaintiffs to the contrary in their *Response to SOF* is also adjudicative, not legislative. *Bruen* expressly advised lower courts to "rel[y] on 'various evidentiary principles and default rules' to resolve uncertainties," buttressed by "the principle of

party presentation" whereby courts "decide a case based on the historical record *compiled by the parties*." *Bruen*, at 2130 n.6 (2022) (quoting W. Baude & S. Sachs, *Originalism and the Law of the Past*, 37 L. & Hist. Rev. 809, 810-811 (2019)(emphasis added)). This Court should follow *Bruen* and rely on admissible evidence to determine whether Cook County's ordinance is constitutional. Accordingly, the Federal Rules of Evidence applies to all evidence, articles, surveys and opinions offered by Plaintiffs to evince essential elements of their Second Amendment claims.

In Plaintiffs' Response to Defendants' Motion to Strike ("*Response to Motion to Strike*"), they attempt to distract from their flawed *Response to SOF* by shifting focus to "adjudicative facts" and "legislative facts." (Dkt. 111, Resp. at 1-8). Local Rule 56.1(e) mandates that the nonmoving party file a concise response to each numbered paragraph in the moving party's statement, stating whether the fact is admitted or disputed, and identifying by specific reference to the record, supporting affidavits, or other materials which support any facts that they dispute. Throughout their *Response to SOF*, Plaintiffs present facts and evidence that are inadmissible and attempt to dodge their obligations by recasting their response as 'legislative facts' which they maintain are exempt from both the Federal Rules of Civil Procedure and the Federal Rules of Evidence. This is not so. Plaintiffs cannot avoid their failure to comply with Local Rule 56.1. Plaintiffs' *Response to SOF* must be stricken.

**ARGUMENT**

**I.     Plaintiffs Violated Local Rule 56.1 Without Authority or Excuse.**

"The Seventh Circuit has repeatedly held that a district court is entitled to expect strict compliance with L.R. 56.1." *See Barth v. Village of Mokena*, 2006 WL 862673, at *1 (N.D. Ill. 2006). Courts in this district have repeatedly affirmed the importance of strict compliance with

2

Rule 56.1. *See Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill., 2000) (holding that the penalty for failure to strictly comply with L.R. 56.1 is usually summary judgment because the movant's facts are deemed admitted.)

Plaintiffs have not and cannot cite authority that supports a party's willful disregard for the Local Rules of this Court. As to one of the violations, Plaintiffs resort to stating that they "were being efficient and seeking to make the Court's job in reviewing the large filing easier." (Dkt. 111, at p. 11). Plaintiffs suggest their personal system of drafting is more helpful to the Court than the local rules drafted and approved by the judges of the Northern District of Illinois themselves. It is not left to Plaintiffs' discretion to determine how to make the Court's job easier. The purpose of the local rules is to "assist the court by organizing evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admitted evidence." *Bordelon v. Chicago Sch. Reform Bd. Of Trustees*, 2000 U.S. App. LEXIS 29027, **6; quoting *Markham v. White*, 172 F.3d 486, 490 (7th Cir. 1999). Ignoring L.R. 56.1 is not helpful to the Court. It is not permitted. It should result in Plaintiffs' facts being stricken.

## II. Plaintiffs Cannot Recast Improper and Inadmissible Facts as "Legislative Facts."

Plaintiffs violate Local Rule 56.1 by asserting additional facts and disputing Defendants' facts all while relying on evidence that was never properly disclosed and is inadmissible. Plaintiffs attempt to avoid this problem by claiming all the facts and evidence they use to support their arguments are legislative, as opposed to adjudicative, facts. According to Plaintiffs, the "Rules of Evidence do not apply" when considering legislative facts. (Dkt. 111, at p. 4). Plaintiffs cite to *Metzl v. Leininger* for the proposition that, if legislative facts are at issue, then they need not support them with a proper foundation. *Id.* at 4. In *Metzl*, the district court had granted summary judgment in favor of plaintiff on the issue of whether using public funds and closing public schools

3

on Good Friday was a violation of the establishment clause of the First Amendment. *Metzl v. Leininger*, 57 F.3d 618, 622 (7th Cir. 1995). The court affirmed, noting that there was a question of fact, upon which no evidence was presented, and criticized the government for failing to develop the record. It did not conclude, as Plaintiffs claim, that the Federal Rules of Evidence are set aside when legislative facts are at issue. *Id*. at 621. Moreover, *Metzl*'s dicta regarding legislative facts, cited by Plaintiffs on page 4, does not support the admissibility of evidence that is disputed, lacks foundation, or is based on hearsay. *Id.* at 622. And unlike in *Metzl*, Defendants have developed an extensive record on which their summary judgment motion rests.

Plaintiffs also cite *Indiana Harbor Belt Railroad Company v. American Cyanamid Company* for the proposition that a party is not required to "lay a foundation" for legislative facts. (Dkt. 111, at p. 5). However, in *Indiana Harbor Belt*, the parties *agreed* that there was only a question of law before the court. *Ind. H. B. R.R. Co. v. Am. Cyanamid Co.*, 916 F.2d 1174, 1176 (7th Cir. 1990). There is no such agreement in the instant matter. The so-called legislative facts at issue here are hotly contested. *Indiana Harbor Belt* is therefore easily distinguished. And in any event, none of the cases cited support the notion that Plaintiffs may disregard the local rule when legislative facts are before it. Plaintiffs' discussion of Fed. R. Evid. 201 and judicial notice is likewise misguided as the purpose of Rule 201 is not to relax the rules of evidence for admission of highly contested facts.

    A.    *Plaintiffs' facts are not legislative in nature.*

Plaintiffs insist that the facts put forth in their *Response to SOF* are "legislative facts" that "lie outside the domain of [the] rules of evidence." (Dkt. 111, at p. 12.) In *Frank v. Walker*, the Seventh Circuit indicated that:

"The concept of a legislative fact comes into its own when there is no reason to

4

> believe that certain facts pertinent to a case vary from locality to locality, or from person to person; a typical definition of legislative facts is broad, general facts that are not unique to a particular case and provide therefore an appropriate basis for legislation of general application. For example, black lung disease (pneumoconiosis) is either a progressive disease, like asbestosis, or it is not. Nothing supports the idea that it is progressive for Miner A and halts for Miner B." *Frank v. Walker*, 773 F.3d 783, 795 (7th Cir. 2014).

The facts cited by Plaintiffs in their *Response to SOF* do not fit into this definition of legislative facts.

Many of Plaintiffs' "legislative facts" are undisclosed opinions set forth by alleged experts. See, e.g., *Response to SOF* ¶¶ 4, 7-11, 20-23, 26-28, 30, 32-33, 35, 55-57, 59-64, 66-68, 71-75, 77-81, 91-95, 97-124, 127, 129, 137-147, 155-159, 161-163, 167, 169-171, 174-177, 179-181, 184-192, 196-200, 202-205, 213-218, 220-223, 225-241, 248, 252-266, 269-272, 275, 277, 280-297, 299-303, 305-306, 309-311, 321-323, 326, 331-336, and 339. As the experts and opinions were never disclosed in discovery, they were never subjected to scrutiny by Defendants or their experts. These facts are both disputed and their disclosure at this phase circumvents this court's discovery orders. Plaintiffs also attempt to set forth surveys as "legislative facts," relying on them to establish that the regulated weapons are used in self-defense, a key fact which is highly disputed. (ECF 98, at ¶¶ 20, 30.) If this fact was indeed undisputed, there would be no need to further litigate this matter. Because it is a contested fact, evidence supporting Plaintiffs' proposition should have been properly disclosed in discovery. Plaintiffs cannot skirt their duty to disclose by now claiming all their proposed facts are legislative facts which are automatically admitted.

Plaintiffs' reliance on *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012) is similarly misguided. While the court in *Moore* noted that there were no evidentiary issues in that case, it was decided pre-*Bruen*, which requires a two-step analysis aided by evidence. *Moore* was not determined on summary judgment; no evidentiary record existed, and the "legislative facts" were

5

not disputed. Here, to the contrary, Defendants have compiled a sizable record including experts which Plaintiffs neither objected to nor countered with their own experts. Instead, Plaintiffs now seek to introduce expert opinion and data claiming they are legislative facts which are automatically admissible. *Moore* does not support such conduct. Plaintiffs' reliance on *Ezell v. City of Chicago,* 651 F.3d 684 (7th Cir. 2011), is likewise mistaken as there was no discussion of "legislative facts" and the decision is pre-*Bruen* and its two-step analysis. Further, *Ezell*'s reference to historical and secondary sources is distinguishable from a party ignoring discovery rules and attempting to introduce evidence which his opponent had no notice or opportunity to contradict.

*Bruen* instructs courts to construct a historical record just like any other factual record in our adversarial system of adjudication—by following standard evidentiary principles, rules, and practices. *Bruen*, at 2130 n.6. Like an antitrust or toxic-tort case, district courts are best suited to resolve any factual uncertainty in the requisite historical inquiry under the Second Amendment by using longstanding evidentiary rules and principles. *See Id.,* citing to W. Baude & S. Sachs *Originalism and the Law of the Past*, 37 L. & Hist. Rev. 810-811 (2019).

Whether a fact is adjudicative or legislative does not depend on the nature of the fact, but rather on the nature of its intended use. *See United States v. Bello*, 194 F.3d 18, 22 (1st Cir. 1999). The same fact can play either role depending on context. *Id.* Facts that are used to establish an element of a claim are adjudicative facts. *See Oriental Financial Grp. v. Cooperativa de Ahorro y Crédito*, 832 F.3d 15, 26-27 (5th Cir. 2016) (in trademark case, facts that tended to prove or disprove public perception were adjudicative facts). Accordingly, to the extent that information is used to establish or contest a fact at issue in a case, it is an adjudicative fact. *Perry v. Brown*, 671 F.3d 1052, 1075 (9th Cir. 2012), *vacated sub nom. Hollingsworth v. Perry*, 570 U.S. 693 (2013) (in case considering whether voters' enactment of same-sex

marriage ban was motivated by animus, facts concerning the nature of the messages communicated by the measure's sponsors to voters were adjudicative facts). Judicial notice of adjudicative facts is subject to the strictures of Federal Rule of Evidence 201, including that the fact "cannot reasonably be questioned"; legislative facts are not.

The facts that plaintiffs seek to place before the Court are expressly intended to establish the essential elements of their Second Amendment claims. Plaintiffs seek to persuade the Court that assault weapons are commonly used for lawful self-defense purposes by invoking unsubstantiated, untested surveys and expert opinion. Rather than subjecting the individual behind these surveys and opinions to the regular evidentiary process—whereby the expert's credibility and the accuracy of their research would be subjected to inquiry and challenged by Defendants—Plaintiffs seek to transform the untested survey into an unvarnished authority simply by characterizing it as legislative fact.

Plaintiffs' discussion of *de novo* review and appellate courts not being limited by the record below when addressing legislative facts (ECF 111 at 6-7) is irrelevant as the facts asserted by Plaintiffs should not be considered legislative. Moreover, the cases relied upon by Plaintiffs do not address *how* the legislative facts came before the district court, which is at issue here. It is unlikely that the surveys and studies at issue in those cases were introduced at the summary judgment stage and not through discovery. Therefore, the cases cited have no bearing on this case and Plaintiffs' failure to properly introduce this evidence.

Under *Bruen*, this Court must determine whether restrictions on semiautomatic firearms (or "assault weapons") "are consistent with the Second Amendment's text and historical understanding." *Bruen*, at 2131. To do so, the Supreme Court directed district courts to resolve those questions by relying on evidence furnished by the parties pursuant to evidentiary principles

and default rules that are inherent in the adversarial system of adjudication. *Id.* at 2130 n.6. Thus, to the extent that a party presents evidence to establish that assault weapons are "commonly used firearms for self-defense," *id.* at 2138, that evidence is properly characterized as adjudicative, not legislative.

**III.     Plaintiffs' failure to comply with the rules governing discovery should likewise bar this evidence.**

Plaintiffs did not disclose any expert witnesses during discovery yet improperly assert expert opinion in their *Response to SOF*. (Dkt. 37.) (Noting that Plaintiffs "will not disclose affirmative experts.") Fed. R. Civ. P. 26(a)(2) requires Plaintiffs to disclose any expert witnesses and opinions they will rely upon, (Fed. R. Evid. 702), the basis of the expert's opinions (Fed. R. Evid. 703), and the facts or data underlying the expert's opinions (Fed. R. Evid. 705). Plaintiffs cannot rely on expert opinions without having allowed Defendants an opportunity to examine the experts' qualifications and opinions. Plaintiffs cannot avoid their obligation to disclose expert witnesses or comply with L.R. 56.1 by claiming that their alleged experts' statements are "legislative fact."

Plaintiffs cannot simply evade evidentiary standards by characterizing facts that they wish the Court to consider as "legislative facts." As another district court observed when it held a trial to find legislative facts, "there are instances when access to the pertinent data is most appropriately received through live testimony presented by the parties" because doing so lessens "the risk of a poor decision by denying itself whatever help on the facts it can with propriety obtain." *O'Hanlon v. Hartford Acc. & Indem. Co.*, 457 F. Supp. 961, 963 (D. Del. 1978), *aff'd*, 639 F.2d 1019 (3d Cir. 1981) (quotation marks and citation omitted). While this Court may have no independent technical or historical knowledge pertinent to this case, it does have solid

experience in resolving disputes between experts. Without any specific expertise itself, "courts regularly resolve factual disputes between expert witnesses, and they do so relying on tried-and-true, conventional considerations related to credibility and reliability." *Ocean State Tactical, LLC v. Rhode Island*, No. 22-CV-246 JJM-PAS, 2022 U.S. Dist. LEXIS 227097, at *15 (D.R.I. Dec. 14, 2022) (discussing the weighing of competing expert historical analysis, post-*Bruen*, in adjudicating Rhode Island's "Firearms Act" which was amended to regulate ghost guns, bump-fire stocks, and large-capacity magazines.)

Secondarily, the writings of Koper, DiMaio, and Halbrook (ECF 98-1, Exhs. 1-3) are each hearsay which violate Fed. R. Evid. 801, for which no exceptions apply (Fed. R. Evid. 803). Plaintiffs should not reap any benefits from their refusal to comply with discovery. Plaintiffs' failure to disclose is a discovery violation which is sanctionable by barring the witnesses' testimonies. Fed. R. Civ. P. 37(c)(1). Because we are at the summary judgment phase, the proper resolution is to strike Plaintiffs' facts.

WHEREFORE, Defendants respectfully request that this Honorable Court strike Plaintiffs' Local Rule 56.1(b)(3) Response and Exhibits, and in the alternative deem Defendants' facts admitted, and for all other appropriate relief.

Dated: June 5, 2023

Respectfully submitted,
KIMBERLY M. FOXX
State's Attorney of Cook County

*/s/ Jessica M. Scheller*
Jessica M. Scheller
Cook County Assistant State's Attorneys
50 W. Washington, 5th Floor
Chicago, Illinois 60602
(312) 603-6934
jessica.scheller@cookcountyil.gov

**CERTIFICATE OF SERVICE**

      I, Jessica M. Scheller, hereby certify that on June 5, 2023, I have caused a true and correct copy of the Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Strike Plaintiffs' Responses and Objections to Defendants' Rule 56.1 Statement of Material Facts and Exhibits be sent via e-filing to all counsel of record in accordance with the rules regarding the electronic filing and service of documents.

      */s/ Jessica M. Scheller*
Jessica M. Scheller
Cook County Assistant State's Attorneys
50 W. Washington, 5th Floor
Chicago, Illinois 60602
(312) 603-6934
jessica.scheller@cookcountyil.gov