UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CUTBERTO VIRAMONTES, et al.,** | ) |
| **Plaintiffs,** | ) |
| v. | ) No. 21-cv-04595 |
| **COUNTY OF COOK, et al.,** | ) Judge Rebecca R. Pallmeyer |
| **Defendants.** | ) |

# ORDER

The City of Highland Park ("Highland Park"), Illinois has moved for reassignment of *Goldman v. City of Highland Park*, No. 22-cv-04774 (N.D. Ill.), currently pending before Judge Harry D. Leinenweber, as related to this one. The motion [54] is denied without prejudice.

# BACKGROUND

After the Supreme Court decided *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), plaintiffs in several cases filed suit challenging state or local laws banning the possession or sale of assault weapons and/or large-capacity magazines. At least four such cases, including this one, were filed in the Northern District of Illinois; two of them are on appeal from the denial of preliminary injunctions.[1] On December 23, 2022, Highland Park moved to reassign *Goldman* to this court's docket as related to this case.

# DISCUSSION

The court has discretion to reassign a case pursuant to Local Rule 40.4. *Richburg v. Conagra Brands, Inc.* No. 22 CV 2420, 2022 WL 16836408, at *2 (N.D. Ill. Nov. 9, 2022) (referencing *Clark v. Ins. Car Rentals*, 42 F. Supp. 2d 846, 847 (N.D. Ill 1999)). A case may be reassigned only if the cases are related and:

(1) both cases are pending in this district;

---

[1] The two cases on appeal before the Seventh Circuit are *Bevis v. City of Naperville*, No. 1:22-cv-04775 (N.D. Ill.); and *Herrera v. Raoul*, No. 1:23-cv-00532 (N.D. Ill.).

  (2) the handling of both cases by the same judge is likely to result in substantial saving of judicial time and effort;

  (3) the earlier case has not progressed to the point where designating a later filed case as related would likely substantially delay the proceedings in the earlier case; and

  (4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b). If a court grants a motion for reassignment, the higher-numbered case will be transferred to the court's docket of the lower-numbered case.

  It is undisputed that the *Goldman* case is related to this one; the ordinance at issue in that case is nearly identical to the one at issue here. The court is less certain that all other requirements for reassignment are satisfied. As explained in the court's ruling denying a motion for stay [88], this case is unlike the others in that the parties here seek summary judgment on a more fully-developed factual record. The handling of the cases by a single judge might result in the saving of judicial effort, but this court's ruling on a now-briefed dispositive motion could well be delayed, were the court required to decide the motion or preliminary injunction pending in *Goldman*. Initially the plaintiff in *Goldman* contested the reassignment of the case to this court. (Goldman's Resp. to Movant Highland Park's Mot. to Reassign [58].) Later, however, Highland Park reported that the parties in *Goldman* agreed to the reassignment. (Movant Highland Park's Supp. Br. [94] at 3.) Plaintiffs in this case take no position on the reassignment of *Goldman*, so long as its procedural posture would not delay the proceedings here—but that is a commitment the court is unable to make: this case is at the summary judgment stage, while *Goldman* is still in preliminary stages. (*See* Pl's Resp. [59].)

  The City of Highland Park asks that all of the cases be assigned to the district judge able to rule most promptly (Highland Park's Supplemental Brief [94], at 5), and suggests that is likely to be District Judge Kendall. But Judge Kendall's ruling in *Bevis v. City of Naperville*, No. 22 C 4775 , and that of District Judge Jenkins in *Herrera v. Raoul*, No. 23 C 532, denying preliminary injunctions, are on appeal to the Seventh Circuit. The Seventh Circuit has heard oral argument,

and its ruling may well have substantial influence on, or control, this one. Indeed, in denying Plaintiffs' motion for a stay, the court specifically noted its intention to reconsider whether a stay is appropriate after the Seventh Circuit rules. Order [88], at 2.

The court makes the same determination now. The posture may well be different after the Seventh Circuit rules. For now, however, the court recognizes its responsibility to decide the case before it, including the pending motions. This one [54] is denied without prejudice.

                                                      ENTER:

Date: September 28, 2023

                                                  REBECCA R. PALLMEYER
United States District Judge