**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CUTBERTO VIRAMONTES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 21 CV 4595 |
| | ) | |
| v. | ) | Judge Rebecca R. Pallmeyer |
| | ) | Magistrate Judge Susan E. Cox |
| THE COUNTY OF COOK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants, the County of Cook, Toni Preckwinkle, Kimberly M. Foxx, and Thomas Dart, by and through their attorney, Kimberly M. Foxx, State's Attorney of Cook County, through her Assistant State's Attorney Jessica M. Scheller, hereby submit as supplemental authority as follows:

1. Plaintiffs' Complaint asserts one count brought under 42 U.S.C. § 1983, setting forth alleged violations of the Second and Fourteenth Amendments. They assert that the Cook County Code of Ordinances regulating "assault weapons" violates the Plaintiffs' fundamental constitutional rights. (ECF 1, ¶ 61-70.)

2. The parties have filed cross-motions for summary judgment. (ECF 80, 100). After briefing was complete, the Court of Appeals for the Seventh Circuit decided *Bevis, et al. v. City of Naperville, et al.*, 23-1353, affirming the denial, and reversing the granting, of preliminary injunctions against Illinois' assault weapons ban, finding that plaintiffs failed to show a likelihood of success on the merits. (Attached here as Exhibit A).

3. *Bevis* was consolidated on appeal with one other case from the Northern District of Illinois, *Herrera v. Raoul, et al.*, 23-1793, and a case from the Southern District, *Barnett v. Raoul, et al.*, 23-1825, which was consolidated in the district court with three other cases. All plaintiffs

sought to enjoin the Illinois' assault weapons ban on Second Amendment grounds, which was denied in *Bevis* and *Herrera*, and granted in *Barnett* and its consolidated cases. *Herrera* also sought to enjoin the Cook County regulation on assault weapons.

    4.    In applying the test set forth in *New York State Rifle & Pistol Ass'n v. Bruen*, ___U.S.___ , 142 S. Ct. 2111 (2022) to the cases at hand, the Seventh Circuit first considered whether assault weapons are bearable arms. The Court found the definition of bearable arms extends only to weapons in common use for a lawful purpose which, at its core, is the right to self-defense. (Ex. A, p. 27). Using this definition, the Court held the Second Amendment does not protect arms that may be reserved for military use. (*Id.*) The assault weapons in question, the Court determined, are much more like machine guns and military-grade weaponry then they are like the types of firearms used for individual self-defense. (Ex. A, p. 31). Therefore, the Court found that the assault weapons in question are not protected by the Second Amendment. (*Id.*).

    5.    While the Court could have concluded its analysis after finding the assault weapons in question fall outside the scope of the Second Amendment, it went on to *Bruen's* second step and whether the regulations are consistent with the history and tradition of firearm regulations. The Court relied upon the analysis in *Friedman v. City of Highland Park*, 784 F.3d 406 (7th Cir. 2015), which it found was not undermined by *Bruen* because *Friedman* did not employ the intermediate scrutiny or means-end balancing that *Bruen* rejected. (Ex. A, pp. 19-22). Here, the Court relied upon the reasoning in *Friedman* finding that common use is not established by numbers alone. (Ex. A, pp. 36-37). Instead, to determine common use the Court looked to modern analogues of the weapons used for self-defense in 1791, and perhaps as late as 1868, which would exclude weapons used exclusively by the military. (Ex. A, p. 38). The Court found that there is a long tradition "supporting a distinction between weapons and accessories designed for military or

law-enforcement use, and weapons designed for personal use," and that the regulations here are in keeping with that tradition. (Ex. A, p. 45).

Dated: November 6, 2023                     Respectfully Submitted,

                                                                        KIMBERLY M. FOXX
                                                                         State's Attorney of Cook County

By:    /s/ Jessica M. Scheller
         Jessica M. Scheller
         Assistant State's Attorney
         500 Richard J. Daley Center
         50 West Washington Ave.
         Chicago, IL 60602
         (312) 603-6934
         jessica.scheller@cookcountyil.gov

## CERTIFICATE OF SERVICE

  I, Jessica M. Scheller, hereby certify that on November 6, 2023 I caused a true and correct copy of the Defendants' Notice of Supplemental Authority be sent via e-filing to all counsel of record in accordance with the rules regarding the electronic filing and service of documents.

            */s/ Jessica M. Scheller*
            Jessica M. Scheller
            Cook County Assistant State's Attorneys
            50 W. Washington, 5th Floor
            Chicago, Illinois 60602
            (312) 603-6934
            Jessica.Scheller@cookcountyil.gov