IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CUTBERTO VIRAMONTES, et al. : | |
| : | |
| Plaintiffs, : | |
| : | Case No. 1:21-cv-04595 |
| vs. : | |
| : | Chief Judge Rebecca R. Pallmeyer |
| THE COUNTY OF COOK, et al. : | |
| : | |
| Defendants. : | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit the following response to Defendants' submission of supplemental authority, Doc. 122, regarding the Seventh Circuit's recent decision in *Bevis v. City of Naperville*, 23-1353 (Nov. 3, 2023) (slip op.).

1. *Bevis* involved several consolidated cases seeking a preliminary injunction against Illinois' ban on semiautomatic firearms the County labels assault weapons.

2. While Plaintiffs believe the Seventh Circuit's decision is erroneous and reserve the right to seek to have it overruled by a court competent to do so, they of course also acknowledge that the legal conclusions in *Bevis* are binding here. Even on its own terms, however, *Bevis* does not support the County.

3. In analyzing the text of the Second Amendment, *Bevis* held that the firearms banned by Illinois likely were not "arms" within the meaning of the Second Amendment, because it viewed a semiautomatic AR-15 as essentially a military weapon due to its mechanical capability to fire at a rate of 300 rounds per minute. Slip op. 31. But, it cautioned, "better data on firing rates might change the analysis of whether the AR-15 and comparable weapons fall on the military or civilian side of the line." Slip op. 34.

1

4. Better data is before this Court. The effective rate of fire of the M-16 rifle is 45–65 rounds per minute in semiautomatic mode and 150–200 rounds per minute in automatic mode. *See* Pls.' Resps. and Objs. to Defs. Rule 56.1 Statement of Material Facts, Doc. 98, ¶¶ 326–27 (April 24, 2023). Unlike the M-16, the AR-15 is solely semiautomatic. It thus has an effective rate of fire that is one-third of the rate of the M-16 in automatic mode, and one-fifth of the rate posited by the Seventh Circuit.

5. This data distinguishes the Seventh Circuit's historical analysis as well, since the panel concluded "there is a long tradition . . . supporting a distinction between weapons and accessories designed for military or law-enforcement use, and weapons designed for personal use." Slip op. 45. Because the record in this case distinguishes AR-15s from M-16s, this tradition cannot support banning the AR-15 and other semiautomatic firearms.

| | |
|---|---|
| Dated: November 29, 2023 | Respectfully Submitted, |
| | /s/ David H. Thompson |
| David G. Sigale (Atty. ID# 6238103) | David H. Thompson* |
| LAW FIRM OF DAVID G. SIGALE, P.C. | Peter A. Patterson* |
| 430 West Roosevelt Road | William V. Bergstrom* |
| Wheaton, Illinois 60187 | COOPER & KIRK, PLLC |
| (630) 452-4547 | 1523 New Hampshire Ave., N.W. |
| dsigale@sigalelaw.com | Washington, D.C. 20036 |
| | (202) 220-9600 |
| | (202) 220-9601 (fax) |
| | dthompson@cooperkirk.com |
| | ppatterson@cooperkirk.com |
| | wbergstrom@cooperkirk.com |

*Admitted p*ro hac vice*

*Attorneys for Plaintiffs*