**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CUTBERTO VIRAMONTES, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | No. 21 CV 4595 |
| | ) | |
| v. | ) | Judge Rebecca R. Pallmeyer |
| | ) | Magistrate Judge Susan E. Cox |
| THE COUNTY OF COOK, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM**
**IN RESPONSE TO ECF No. 125**

Defendants, the County of Cook, Toni Preckwinkle, Kimberly M. Foxx, and Thomas Dart, by and through their attorney, Kimberly M. Foxx, State's Attorney of Cook County, through her Assistant State's Attorney Jessica M. Scheller, in response to this Court's Order dated February 5, 2024, state as follows:

**INTRODUCTION**

In its Order dated February 5, 2024, this Court invites the parties to show cause why this case should not be dismissed without prejudice in light of the ruling in *Bevis v. City of Naperville*, 84 F.4th 1175 (7th Cir. 2023) declining to enjoin the State of Illinois' assault-weapons ban. (ECF No. 125). The parties' cross-motions for summary judgment have been fully briefed and this Court has questioned whether, if the State's "ban remains the law, Plaintiffs' injuries may not be redressable in this lawsuit, which challenges Cook County's nearly indistinguishable ban." While the substance of the bans are largely the same, there are material differences and enough "daylight" between the Ordinance and the State statute that can only be resolved by this case proceeding to judgment. And even if the bans were identical, that does not deprive plaintiffs of standing.

**BACKGROUND**

Plaintiffs claim Cook County's Blair Holt Assault Weapon Ordinance (the "Ordinance") violates their fundamental constitutional rights under the Second Amendment, through the Fourteenth Amendment. The procedural background of this case illustrates why this case is unique and remains justiciable.

The Ordinance has been in place since 2006. Plaintiffs filed their Complaint on August 27, 2021 (ECF No. 1), and Defendants filed their Answer on November 15, 2021 (ECF No. 17). On December 3, 2021, Plaintiffs moved for judgment on the pleadings not in their favor, but in favor of Defendants. (ECF No. 20, 21). They argued that *Wilson v. Cook County*, 937 F.3d 1028 (7th Cir. 2019) and *Friedman v. City of Highland Park*, 784 F.3d 406 (7th Cir. 2015) were binding precedent that foreclosed their claims in this case and that no discovery was necessary. (ECF No. 21). Plaintiffs clearly sought to immediately appeal the finding of judgment in the hopes of having these "wrongly decided" cases overturned. (*Id.*). Defendants opposed the motion for judgment on the pleadings in a status hearing held on December 8, 2021, arguing that discovery was necessary to create a full record for the anticipated appeal. This Court denied the motion for judgment and the case proceeded to discovery. (ECF No. 23).

On June 23, 2022, the Supreme Court announced their decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), while Defendants were preparing for expert disclosures. In light of *Bruen* and its clarification of the relevant standard, Defendants moved to extend the deadline for disclosing experts to locate an expert to opine on this country's history and traditions of firearm regulations. (ECF No. 38). Under the new deadline, expert discovery closed on November 28, 2022 and dispositive motions were to be filed by January 19, 2023. (ECF No. 46).

On January 10, 2023, Illinois' statute barring the manufacture, sale, and certain possession of assault weapons went into effect. Plaintiffs subsequently filed a motion to stay all deadlines in this case and hold the case in abeyance pending resolution in *Harrel v. Raoul*, 3:23-cv-00141 (S.D. Ill.), which challenged the Illinois' statute. (ECF No. 69, 70). The organizational Plaintiffs here, the Second Amendment Foundation and the Firearms Policy Coalition, Inc., are plaintiffs in *Harrel* and chose to file their challenge to the State statute in the Southern District of Illinois, though they had every opportunity to do so in the Northern District. Indeed, Plaintiffs could have added their claim against the State statute in this case, as Defendants invited them to do.

In their motion to stay this action, Plaintiffs argued their injury was no longer redressable because the State statute equally bars them from acquiring their chosen firearm. (ECF No. 70 at 1). Defendants opposed the motion to stay, arguing that Plaintiffs have a redressable injury here because they are subject to separate and additional penalties for violating the Ordinance. (ECF No. 75). As Cook County is a home rule unit, it may "exercise and perform concurrently with the State any power or function of a home rule unit to the extent that the General Assembly by law does not specifically limit the concurrent exercise or specifically declare the State's exercise to be exclusive." ILLINOIS CONST. 1970, Art. VII, § 6(i). Nothing in the State statute expressly limits the exercise of home rule powers, therefore Plaintiffs would be subject to penalties for violating the Ordinance regardless of the State statute.

This Court denied the motion to stay on March 8, 2023, citing the considerable resources invested by the parties in preparing the case for trial, and noting that this case would likely be the first of the challenges to reach the Seventh Circuit after a final judgment, on a fully-developed record. (ECF No. 88). This remains true. Because the appeal in *Bevis* did not (and could not) resolve the issues in this case, it should not be dismissed.

**ARGUMENT**

As previously explained in the County's response in opposition to the Plaintiffs' motion to stay this litigation, ECF No. 75 at 1-3, the continued existence and vitality of the State statute does not mean that the Plaintiffs' injuries are not at least partially redressable here, and partial redressability suffices to satisfy Article III's redressability requirement. Further, while petitions for *certiorari* will be filed in *Bevis*, the Southern District of Illinois cases, with *Barnett v. Raoul,* 3:23-cv-00209 in the lead, will proceed to an evidentiary hearing. These cases do not involve the Ordinance and will not fully resolve the issues here.

**I.      The Ordinance Bans Possession of Previously Owned Weapons**

The Ordinance is stricter than the State statute in that it prohibits any possession of assault type weapons – whether or not in the home – which prohibition has been in place for more than 15 years. The State statute, on the other hand, allows gun owners to retain possession of assault weapons purchased prior to October 1, 2023, if registered. 720 ILCS 5/24-1.9(d). The State statute provides an avenue for Cook County residents to possess assault weapons that the Ordinance forbids, as it contains no such grandfather provision. A clear example of this can be found in the case of *Herrera v. Raoul, et al.*, No. 1:23-cv-00532 (N.D. Ill.), the facts of which this Court can take judicial notice, where plaintiff challenges both the State statute and the Ordinance. Plaintiff is a resident of the City of Chicago[1] who owns an assault weapon but keeps the weapon outside of County limits because of the County Ordinance. (*Herrera*, ECF No. 1). Under the State statute alone, if Dr. Herrera registered his assault weapon, he could keep it in his home. However, under the Ordinance, Dr. Herrera is prohibited from possessing his assault weapon in his home, in Cook

---

[1] While the City of Chicago also bans possession of assault weapons by ordinance, the County's Ordinance is more narrow than the City's and thus, under principles of home rule, the County's Ordinance applies to residents of the City of Chicago.

County. Plainly, Dr. Herrera has a redressable injury with respect to the Ordinance. While *Herrera* has been recently stayed pending an anticipated *certiorari* petition, a stay which Cook County opposed, the case has not been dismissed. (*Herrera*, ECF No. 93).

The organizational Plaintiffs here likely represent Cook County residents who, like Dr. Herrera, owned assault weapons prior to October 1, 2023 and who, under the State statute, would be able to keep those weapons in their home in Cook County but for the County Ordinance. Therefore, Plaintiffs have an injury under the Ordinance that does not exist under the State statute and which is redressable only in this case. To the extent that this court inquired about any potential "daylight" between the Illinois and County bans, there are significant differences between Cook County's Ordinance and the State's statute and Plaintiffs' injuries can still be redressed by a decision in their favor. This case should not be dismissed but should instead proceed with ruling on the parties' cross-motions for summary judgment.

## II. The Ordinance Provides For Increased Criminal Consequences.

Invalidation of the County's Ordinance would result in some partial redress to the Plaintiffs, by freeing them from the risk of exposure to the $5,000-$10,000 fine that the County's ban imposes as a penalty for noncompliance. Cook County, Ill. Code § 54-214(a). That fine was enacted pursuant to the County's constitutional home-rule authority to regulate firearms, *Kalodimos v. Morton Grove*, 470 N.E.2d 266, 273-77 (Ill. 1984), so its penalties are in addition to whatever penalties Illinois imposes under its separate ban. And given that a reduction of already-imposed criminal consequences suffices to show a justiciable case or controversy *after* a conviction, *e.g.*, *United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023); *United States v. Hunt*, No. 19-14830, 2022 U.S. App. LEXIS 25334, at *7 (11th Cir. Sep. 9, 2022), it logically follows that a suit seeking to preemptively avoid those increased criminal consequences before a

5

feared conviction occurs would suffice as well when, as here, the injury-in-fact and causation requirements of Article III are satisfied.

### III. Partial Redress is Enough to Confer Plaintiffs With Article III Standing.

While the courts have recognized that an injury might not be redressable when multiple laws cause the same harm, yet the plaintiff challenges only one of those laws, *Leal v. Becerra*, No. 21-10302, 2022 U.S. App. LEXIS 20803, at *4 (5th Cir. July 27, 2022) (collecting authority), that occurs only "if a favorable result would eliminate one of multiple causes of an injury without actually decreasing the injury *at all*," 15 MOORE'S FEDERAL PRACTICE - Civil § 101.42 (emphasis added). This is because, as the Supreme Court has repeatedly emphasized, a plaintiff "need not show that a favorable decision will relieve [his] *every* injury." *Larson v. Valente*, 456 U.S. 228, 243 n. 15 (1982); *accord Massachusetts v. EPA*, 549 U.S. 497, 526 (2007) (explaining that plaintiff has standing if a favorable decision would relieve "some extent" of his injury). Such circumstances arise only when an unchallenged regulation "independently causes the same alleged harm" as the challenged regulation. *Delta Construction Co. v. EPA*, 783 F.3d 1291, 1297 (D.C. Cir. 2015) (citing *Crete Carrier Corp. v. EPA*, 363 F.3d 490, 493 (D.C. Cir. 2004)).

For example, lost profits caused by a plaintiff's inability to engage in certain activity prohibited by multiple, identical statutes applicable to that plaintiff would not be redressed even in part by the invalidation of only one of those statutes. *White v. United States*, 601 F.3d 545, 553 (6th Cir. 2010); *accord Kaspersky Lab, Inc. v. United States Department of Homeland Security*, 909 F.3d 446, 465 (D.C. Cir. 2018) (holding that plaintiff lacked standing to challenge administrative directive when valid statute also prohibited his desired conduct). Similarly, a plaintiff's injury is not redressable when his failure to challenge a separate law makes it factually impossible for him to engage in the desired conduct prohibited by the challenged law. *Compare*,

6

*e.g.*, *Renne v. Geary*, 501 U.S. 312, 319 (1991) (noting redressability problem where unchallenged statute "might be construed to prevent candidates from mentioning party endorsements in voter pamphlets, even in the absence of" challenged statute specifically prohibiting that activity), *with Hollis v. Lynch*, 827 F.3d 436, 442 (5th Cir. 2016) (holding that plaintiff had standing where striking down challenged federal law would "likely put him in compliance under Texas law, erasing it as a separate bar").[2] This arises most often in the context of permitting challenges, and the courts are in consensus that a plaintiff challenging the denial of a permit does not have standing to challenge one aspect of the permit scheme if some unchallenged aspect of that scheme would independently require denial of the permit application. *See Harp Advertising Illinois v. Village of Chicago Ridge*, 9 F.3d 1290, 1292 (7th Cir. 1993); *Maverick Media Group, Inc. v. Hillsborough County*, 528 F.3d 817, 820 (11th Cir. 2008) (collecting circuit authority). Or, as the County recently explained in *Schoenthal v. Cook County*, No. 3:22-CV-50326, ECF No. 70 at 6-8 (N.D. Ill.), the plaintiffs there lack standing to challenge Illinois' statute prohibiting firearms on public transit because the transit carriers independently prohibit firearms on their trains. Absent reason to believe that those carriers would simply disregard their internal rules and allow the *Schoenthal* plaintiffs to board their trains while armed, the plaintiffs there cannot claim that invalidation of the Illinois law would advance, even slightly, their ability to engage in that desired conduct.

---

[2] To be clear, we do not endorse the Fifth Circuit's separate endorsement of the "intertwined fates" theory of redressability, under which a plaintiff has shown redressability if success on his challenge to one law would likely render another, unchallenged law unconstitutional. *E.g.*, *Hollis*, 827 F.3d at 442. This theory conflates redressability, which involves judicial *power* to redress an injury, *Haaland v. Brackeen*, 143 S. Ct. 1609, 1639 (2023), with likelihood of *success* on the merits, which are irrelevant to Article III standing, *ASARCO, Inc. v. Kadish*, 490 U.S. 605, 624 (1989). Reflecting this fact, the Supreme Court has expressly, and repeatedly, rejected the notion that a plaintiff has standing because a favorable judicial decision against one defendant might be used to obtain relief from another. *Haaland*, 599 U.S. at 1638-40; *United States v. Juvenile Male*, 564 U.S. 932, 937 (2011).

Under these general principles, and in contrast to the cases discussed above, Plaintiffs here have standing to seek the invalidation of the County's Ordinance despite the existence of an unchallenged, statewide assault-weapons ban. While the existence of the State's statute would prevent the Plaintiffs from obtaining the *complete* relief they desire – in other words, the ability to possess assault weapons free of any legal consequences whatsoever – the Supreme Court has made clear that the ability to obtain even partial redress is enough to confer a plaintiff with Article III standing. *Larson*, 456 U.S. at 243 n. 15; *EPA*, 549 U.S. at 526. Accordingly, this court has Article III jurisdiction over this case, and should proceed to decide the Plaintiffs' claims on the merits.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court not dismiss this case without prejudice, but instead rule on the parties' pending cross-motions for summary judgment.

WHEREFORE, Defendants request that this Court rule on the parties' cross-motions for summary judgment, and any other relief the Court deems just and proper.

Dated: February 23, 2024                    Respectfully Submitted,

                                            KIMBERLY M. FOXX
                                            State's Attorney of Cook County

                                    By:     /s/ *Jessica M. Scheller*
                                            Jessica M. Scheller
                                            Assistant State's Attorney
                                            500 Richard J. Daley Center
                                            50 West Washington Ave.
                                            Chicago, IL 60602
                                            (312) 603-6934
                                            jessica.scheller@cookcountysao.org

## CERTIFICATE OF SERVICE

      I, Jessica M. Scheller, hereby certify that on February 23, 2024 I caused a true and correct copy of the Defendants' Memorandum in Response to ECF No. 125 be sent via e-filing to all counsel of record in accordance with the rules regarding the electronic filing and service of documents.

*/s/ Jessica M. Scheller*
Jessica M. Scheller
Assistant State's Attorney
500 Richard J. Daley Center
50 West Washington Ave.
Chicago, IL 60602
(312) 603-6934
jessica.scheller@cookcountysao.org