IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CUTBERTO VIRAMONTES, et al. : | |
|     Plaintiffs, : | |
| : | Case No. 1:21-cv-04595 |
| v. : | |
| : | Chief Judge Rebecca R. Pallmeyer |
| THE COUNTY OF COOK, et al. : | |
|     Defendants. : | |

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiffs brought this case on August 27, 2021, to challenge Cook County's ban on so-called "assault weapons" which are, in fact, some of the most popular semiautomatic rifles in the country. A new wrinkle was added to this challenge when Illinois's new and overlapping ban on common semiautomatic firearms took effect on January 10, 2023. *See Bevis v. City of Naperville*, 85 F.4th 1175, 1182 (7th Cir. 2023). The Illinois law is a duplicative restriction that likewise prevents Plaintiffs from acquiring the firearms they wish to own. After the Seventh Circuit declined to preliminarily enjoin the state-wide restriction in *Bevis*, *see id.* at 1203, the Court entered an order to show cause why this case should not be dismissed without prejudice, expressing concern that the Plaintiffs' injuries in this case were potentially not redressable through an order enjoining enforcement of Cook County's restrictions by Defendants and so the case had become moot, *see* Order, Doc. 125 (Feb. 5, 2023).

Put simply, this case is not moot because Plaintiffs' injuries can still be redressed by a favorable decision from this Court. This is true for two independent and sufficient reasons. First, Plaintiffs have pleaded a claim for nominal damages against Cook County for the violation of their Second and Fourteenth Amendment rights. Second, even as to declaratory and injunctive relief, an order requiring the Defendants (who are the same officials charged with enforcing the statewide

1

ban in Cook County) not to enforce the County's ban on Second Amendment grounds and declaring that Plaintiffs have a right to own the banned firearms, would operate equally to prevent those officials from enforcing the state law against them. For either or both reasons, this Court should not dismiss this case.

### I. Plaintiffs' Claim for Damages Secures This Court's Jurisdiction.

In addition to requests for a declaratory judgment and an injunction (discussed in more detail below), Plaintiffs requested "[a]n award of nominal damages against Defendant County of Cook" as relief for the deprivation of their constitutional rights. Compl., Doc. 1 at 18 (Aug. 27, 2021). The Supreme Court has held "an award of nominal damages by itself can redress past injury[,]" *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021), and thus is sufficient for keeping alive a case that may otherwise be moot. *See also N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525, 1535–36 (2020) (Alito, J., dissenting) (collecting cases). The Seventh Circuit accordingly has explained that "any violation of constitutional rights entitles a prevailing plaintiff" to collect nominal damages. *Hessel v. O'Hearn*, 977 F.2d 299, 302 (7th Cir. 1992); *Six Star Holdings, LLC v. City of Milwaukee*, 821 F.3d 795, 805 (7th Cir. 2016). There also is no issue of sovereign immunity that would stand in the way of a nominal damages award against Cook County, because such immunity "does not extend to counties." *Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). Because Plaintiffs have sought nominal damages from the County and are entitled to them if the County's ordinance is unconstitutional, their claim can still be redressed by this Court and this case is not moot.

### II. Declaratory and Injunctive Relief Would Likely Redress Plaintiffs' Injuries.

Furthermore, even though Plaintiffs' claim for nominal damages is sufficient to settle this issue, Plaintiffs' injuries would also be redressed by a declaration that they have a right under the

Second Amendment to own the firearms Cook County bans and an injunction barring the Defendants from enforcing Cook County's ordinance against them.

This might seem counterintuitive, given that the same firearms Plaintiffs wish to acquire are banned by the new Illinois law. In *Harp Advert. Ill., Inc. v. Vill. of Chicago Ridge*, 9 F.3d 1290 (7th Cir. 1993), for instance, the Seventh Circuit held that the plaintiff who had challenged a zoning restriction preventing it from erecting a billboard lacked standing because "[a]n injunction against the portions of the sign and zoning codes that it has challenged would not let it erect the proposed sign; the village could block the sign simply by enforcing another, valid, ordinance already on the books." *Id.* at 1292. But it would be misreading *Harp* to suggest that anytime a law other than the one challenged by plaintiffs blocks the activity they wish to engage in, those plaintiffs necessarily lack standing. The key point in *Harp* was that there was "another, *valid*, ordinance already on the books." *Id.* (emphasis added). In other words, the substance of the challenge in *Harp*, if successful, would in no way have undermined the unquestioned validity of a separate law that barred the plaintiffs from erecting a billboard. But here, the separate law's validity rises and falls with Cook County's ordinance. If this Court holds that Plaintiffs have a constitutional right to possess the firearms Cook County bans, both the Cook County and the State bans would be unconstitutional for the same reasons.

To be sure, the State ban is not being challenged in this litigation. But a ruling in favor of Plaintiffs likely would lead to the State ban not being enforced against them either. As State's Attorney for Cook County, Defendant Foxx is charged with bringing "all … criminal" prosecutions "in the circuit court for the county, in which the people of the State *or* county may be concerned." 55 ILCS 5/3-9005(a)(1) (emphasis added). In other words, Defendant Foxx is charged with enforcing both the County and the State bans. The individual Plaintiffs are residents of Cook

3

County. It is unlikely that Defendant Foxx would seek to prosecute them for violating the State Ban were she enjoined from prosecuting them for violating the County ban. Indeed, were she to try to she likely would be collaterally estopped from arguing that the State Ban is constitutional. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979) ("Under the doctrine of collateral estoppel . . . the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action."); *People v. Buonavolanto*, 238 Ill. App.3d 665, 673 (1st Dist. 1992) (holding that State was "collaterally estopped from pursuing a criminal conviction where the State has first failed to prevail in a civil . . . proceeding based upon the same issue").

As a result, this case is not like *Harp* at all—there is no separate "valid" restriction that would equally preclude Plaintiffs from possessing the firearms they desire to possess if Plaintiffs are correct about the constitutionality of the Cook County ordinance. This case is rather like *Maldonado v. Morales*, 556 F.3d 1037 (9th Cir. 2009), another case involving overlapping restrictions in which the plaintiffs challenged just one of two "similarly-worded" laws preventing the construction of billboards along landscaped freeways. *Id.* at 1043. Distinguishing *Harp*, the Ninth Circuit explained that "[w]hen evaluating redressability, the key question is whether the harm alleged by the plaintiff is *likely* to be alleviated by a ruling in its favor." *Id.* (emphasis in original); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("[I]t must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' " (citations omitted)). And while in *Harp* the two restrictions were distinct, in *Maldonado*, the restrictions were overlapping so that "[a]lthough the [unchallenged] ordinance might present another obstacle in Maldonado's path were he to prevail in this litigation, it is one that a favorable ruling here would likely allow him to surmount." *Maldonado*, 556 F.3d at 1043–44. The same is

4

true here. Since the constitutionality of the Cook County ban and the Illinois ban rise and fall together, the existence of the Illinois ban is no impediment to this Court resolving this case.

## CONCLUSION

For the foregoing reasons, this case continues to present a live challenge and the Court should not dismiss it.

Dated: February 26, 2024

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
55 West 22nd Street,
Suite 230
Lombard, IL 60148
(630) 452-4547
dsigale@sigalelaw.com

Respectfully Submitted,

/s/ David H. Thompson
David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com
　　*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

5