# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CUTBERTO VIRAMONTES, *et al.*, | |
| *Plaintiffs*, | Case No. 1:21-cv-04595 |
| v. | |
| THE COUNTY OF COOK, *et al.*, | Chief Judge Rebecca R. Pallmeyer |
| *Defendants*. | |

## NOTICE OF APPEAL

Plaintiffs Cutberto Viramontes, Christopher Khaya, Second Amendment Foundation, and Firearms Policy Coalition, Inc., hereby appeal to the United States Court of Appeals for the Seventh Circuit from this Court's order and judgment entered on March 1, 2024, in this case (Docs. 129 & 130).

Dated: March 15, 2024

Respectfully Submitted,

/s/ David H. Thompson

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
55 West 22nd Street,
Suite 230
Lombard, IL 60148
(630) 452-4547
dsigale@sigalelaw.com

David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com
*Admitted *pro hac vice*

*Attorneys for Plaintiffs- Appellants*

## UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Case No. 24-_____

| | |
|---|---|
| CUTBERTO VIRAMONTES, *et al.*, | On Appeal from the United States District Court for the Northern District of Illinois |
| *Plaintiffs*, | |
| v. | Case No. 1:21-cv-04595 |
| THE COUNTY OF COOK, *et al.*, | Hon. Rebecca R. Pallmeyer |
| *Defendants.* | |

## DOCKETING STATEMENT

Plaintiff Cutberto Viramontes, Christopher Khaya, Second Amendment Foundation, and Firearms Policy Coalition, Inc., allege that Cook County ordinances violate the Second and Fourteenth Amendments to the United States Constitution. Plaintiffs bring those claims against the County of Cook, Toni Preckwinkle, in her official capacity as the County Board President and Chief Executive Officer of the County, Kimberly Foxx, in her official capacity as State's Attorney for the County, and Thomas Dart, in his official capacity as Sheriff for the County, under 42 U.S.C. § 1983. The district court had jurisdiction under 28 U.S.C. §§ 1331, 1343. On March 1, 2024, the District Court denied Plaintiffs' motion for summary judgment, granted Defendants' motion for summary judgment, and denied Defendants' motion to strike as moot. *See* Opinion and Order, Doc. 129; Judgment, Doc. 130.

On March 15, 2024, Plaintiffs filed a notice of appeal of the District Court's order and judgment. Plaintiffs appeal to the United States Court of Appeals of the Seventh Circuit. The Seventh Circuit has jurisdiction under 28 U.S.C. § 1291. This appeal is timely because Plaintiffs filed their notice of appeal 14 days after the District Court's judgment. *See* Fed. R. App. P. 4.

Dated: March 15, 2024

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
55 West 22nd Street,
Suite 230
Lombard, IL 60148
(630) 452-4547
dsigale@sigalelaw.com

Respectfully Submitted,

/s/ David H. Thompson
David H. Thompson
   *Counsel of Record*
Peter A. Patterson
William V. Bergstrom
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

*Attorneys for Plaintiffs- Appellants*

ILND 450 (Rev. 04/29/2016) Judgment in a Civil Action

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CUTBERTO VIRAMONTES, an individual and resident of Cook County, Illinois, Rubi Joyal, an individual and resident of Cook County, Illinois, Christopher Khaya, an individual and resident of Cook County, Illinois, SECOND AMENDMENT FOUNDATION, and FIREARMS POLICY COALITION, INC. , <br><br> Plaintiff(s), <br><br> v. <br><br> THE COUNTY OF COOK, a body politic and corporate,  TONI PRECKWINKLE, in her official capacity as County Board President and Chief Executive Officer of Cook County; KIMBERLY M. FOXX, in her official capacity as State's Attorney, and THOMAS DART, in his official capacity as Sheriff, <br><br> Defendant(s). | Case No.  21-cv-04595 <br> Judge Rebecca R. Pallmeyer |

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐    in favor of plaintiff(s)
    and against defendant(s)
    in the amount of $      ,

        which ☐ includes     pre–judgment interest.
              ☐ does not include pre–judgment interest.

    Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

    Plaintiff(s) shall recover costs from defendant(s).

---

☒    in favor of defendant(s) The County of Cook, Toni Preckwinkle, Kimberly M. Foxx, and Thomas Dart.
        and against plaintiff(s) Cuberto Viramontes, Christopher Khaya, Second Amendment Foundation, and Firearms Policy Coalition, Inc.
.

    Defendant(s) shall recover costs from plaintiff(s).

☐    other:

---

This action was *(check one)*:

☐ tried by a jury with Judge       presiding, and the jury has rendered a verdict.

☐ tried by Judge       without a jury and the above decision was reached.

☒ decided by Judge Rebecca R. Pallmeyer. The court granted Defendants' motion for summary judgment [80] and denied Plaintiffs' [100]; it also denied Defendants' motion to strike [104] as moot. Plaintiff Rubi Joyal was previously dismissed on 4/25/2022 [34].

Date:   3/1/2024                  Thomas G. Bruton, Clerk of Court

                                        Christina Presslak , Deputy Clerk

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CUTBERTO VIRAMONTES, an individual and resident of Cook County, Illinois; Christopher Khaya, an individual and resident of Cook County, Illinois; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE COUNTY OF COOK, a body politic and corporate; TONI PRECKWINKLE, in her official capacity as County Board President and Chief Executive Officer of Cook County;  KIMBERLY M. FOXX, in her official capacity as State's Attorney; and  THOMAS DART, in his official capacity as Sheriff,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No.  21 C 4595<br>)<br>)  Judge Rebecca R. Pallmeyer<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>MEMORANDUM OPINION AND ORDER</u>

In several recent cases, gun-rights advocates have challenged Illinois state and local regulations on certain semiautomatic rifles defined by law as "assault weapons."  This is one of those cases.    Plaintiffs Cutberto Viramontes, Christopher Khaya, the Second Amendment Foundation, and Firearms Policy Coalition, Inc.[1] challenge the constitutionality of Cook County's assault-weapons ban, naming as Defendants Cook County and county officials Toni Preckwinkle, Kimberly M. Foxx, and Thomas Dart.  Before the court are the parties' competing motions for summary judgment [80, 100], as well as Defendants' motion to strike Plaintiffs' responses to Defendants' Rule 56.1 statements [104].  During the pendency of this case, and while the parties engaged in discovery on the merits, the Seventh Circuit decided *Bevis v. City of Naperville*, 85

---

[1]    Rubi Joyal, a former Plaintiff in the case, was removed in April 2022.  (*See* Minute Entry [34].)

F.4th 1175 (7th Cir. 2023), rejecting a preliminary injunction against enforcement of the State of Illinois's assault-weapons ban. Although this case presents a different procedural posture, the Seventh Circuit's *Bevis* opinion has greatly simplified the question presented for this court.

For the reasons discussed below, the court grants Defendants' summary judgment motion, denies Plaintiffs', and denies Defendants' motion to strike as moot.

## BACKGROUND

Cutberto Viramontes and Christopher Khaya both live in Cook County. (Pls.' Rule 56.1 Statement of Material Facts in Supp. of Summ. J. (hereinafter "PSOF") [101] ¶¶ 1, 4.)[2] They are members of Firearms Policy Coalition, Inc., a nonprofit dedicated to using "legislative advocacy, grassroots advocacy, litigation and legal efforts" to, in its view, "defend and promote the People's rights—including the right to keep and bear arms—advance individual liberty, and restore freedom." (*Id.* ¶¶ 7–8, 10.) Viramontes and Khaya are also members of the Second Amendment Foundation, a nonprofit devoted to similar educational and legal advocacy concerning gun rights. (*Id.* ¶¶ 12–13, 15.) Viramontes stated in his deposition that he hopes "to own a Smith & Wesson M&P 15 rifle," which is an "AR-15 style rifle" that he intends to use for self-defense. (*Id.* ¶¶ 2–3.) Khaya wants an "IMI [Israeli Military Industries] Galil semiautomatic rifle"[3] (*id.* at ¶ 5), which, he testified, he is "most likely to use at the range, to be honest." (Tr. of the Dep. of Christopher Khaya, Ex. 2 to PSOF [101-2] at 82:7–10.) He went on to say that if the other two guns he owns—a handgun and different (permitted) semi-automatic rifle—"are out of commission, then [he] would have to use" the Galil for self-defense. (*Id.* at 82:11–15.)

---

[2] The court broadly relies on the parties' Rule 56.1 statements for its factual recounting. Where a fact or characterization of part of the record is disputed, the court cites directly to the record.

[3] In their response to Defendant's Rule 56.1 statements, Plaintiffs agreed with Defendants' description of this weapon as an "Israel Military Industries Galil AR-15 style semiautomatic rifle". (Pl.'s Responses & Objections to Def.'s Rule 56.1 Statement of Material Facts [98] at 8.) Plaintiffs then amended their response in a footnote to their own Rule 56.1 statement, clarifying that "[t]he firearm in question is not an AR-15 style rifle but is largely based on the AK-47 design . . . ." (PSOF ¶ 6 n.1.)

Cook County's Blair Holt Assault Weapons Ban (the "Ordinance"), enacted in November of 2006 and revised in July 2013, makes it "unlawful for any person to manufacture, sell, offer or display for sale, give, lend, transfer ownership of, acquire, carry or possess any assault weapon or large capacity magazine in Cook County." (Cook County, Ill. Code §§ 54-212(a); Defs.' Local Rule 56.1 Statement of Undisputed Material Facts in Supp. of their Mot. for Summ. J. (hereinafter "DSOF") [81] ¶¶ 130–31.) The weapons Viramontes and Khaya would like to own are among those banned by the Ordinance. (DSOF ¶¶ 12, 15.)

Plaintiffs filed this lawsuit on August 27, 2021 arguing that the Ordinance violated the Second Amendment and seeking declaratory and injunctive relief. (Compl. [1] ¶ 71.) In their Complaint, Plaintiffs acknowledged the hurdle they faced: their claims were, in Plaintiffs' own words, "contrary to" Seventh Circuit precedent. (*Id.* ¶ 5.) Specifically, in *Friedman v. City of Highland Park*, 784 F.3d 406 (7th Cir. 2015), the Seventh Circuit held that Highland Park, Illinois's assault-weapons ban did not violate the Second Amendment. More recently, in *Wilson v. Cook County*, 937 F.3d 1028, 1029, 1034 (7th Cir. 2019), the Seventh Circuit rejected a Second Amendment challenge to the very same Cook County Ordinance at issue in this case, which the court and parties agreed was "materially indistinguishable" from the Highland Park ban at issue in *Friedman*. Plaintiffs "institute[d] this litigation to . . . seek to have *Wilson* and *Friedman* overruled." (Compl. ¶ 5.)

Eager to achieve that goal, Plaintiffs in early December 2021 moved for judgment on the pleadings in favor of *Defendants*. (Pls.' Mot. for J. on the Pleadings [20].) Recognizing that their claims "are foreclosed by *Wilson* . . . and *Friedman*," which themselves relied on general national evidence in upholding the weapons ban, Plaintiffs saw no need to "'develop a factual record on which to distinguish *Friedman* . . . .'" (Pls.' Brief in Supp. of J. on the Pleadings [21] at 1, 4, (quoting *Wilson*, 937 F.3d at 1036).) Plaintiffs noted that if the Seventh Circuit were to reverse *Friedman* and *Wilson*, Defendants could always ask to remand for "further factual development under correct legal standards." (*Id.* at 6.)

3

For their part, Defendants declined the offer of an easy victory. In a hearing on December 8, 2021, Defendants asked the court to deny Plaintiffs' request for a judgment in Defendants' favor. Instead, Defendants asked that discovery proceed on the issue of whether assault weapons (as defined by the Ordinance) were "dangerous and unusual"—and thus outside the Second Amendment's ambit. (Tr. of Proceedings held on Dec. 8, 2021 (hereinafter "Hearing Tr.") [24] at 4–5; *see also Friedman*, 784 F.3d at 407–08 (noting the longstanding practice of banning dangerous and unusual weapons).) They pointed out that *Friedman* declined to answer that threshold question, instead assuming that the Second Amendment was implicated, but nevertheless upholding the ban. (Hearing Tr. at 4–5; *see also Friedman*, 784 F.3d at 411 ("Since the banned weapons can be used for self-defense, we must consider whether the ordinance leaves residents of Highland Park ample means to exercise the inherent right of self-defense that the Second Amendment protects." (quotation omitted)).) In other words, in the case before this court, Defendants hoped to develop a record on assault weapons' dangerousness and use this record as "an additional basis pursuant to which we could potentially win on the merits." (Hearing Tr. at 5.) Plaintiffs countered that the relevant evidence bearing on that question amounted to "legislative facts"—in other words, universal facts about the weapons having nothing to do specifically with Cook County—and that to engage in discovery would be "a waste of judicial resources." (*Id.* at 7–8.) Ultimately, recognizing "powerful arguments in both directions," the court granted Defendants' request to develop a record in this respect, and discovery commenced. (*Id.* at 15.)

The subsequent two years saw numerous twists and turns. First, as discovery was ongoing, the Supreme Court decided *New York State Rifle & Pistol Association v. Bruen*, which announced a new standard applicable to Second Amendment claims:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.

597 U.S. 1, 24 (2022). Importantly, this new test explicitly rejected subjecting such laws to means-end scrutiny, holding instead that to justify a restriction, "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19.

On January 10, 2023, Illinois passed its own statewide assault-weapons ban. (Mem. of Law in Supp. of Pls.' Mot. to Stay (hereinafter "Stay Motion") [70] at 1; *see also* 720 Ill. Comp. Stat. 5/24-1.9.) That state law spawned challenges in several district courts across the Seventh Circuit. Plaintiffs asked the court to stay this case pending resolution of the Illinois ban's constitutionality, recognizing that the new law's scope, "while not identical" to that of the Cook County ordinance, "would equally bar Plaintiffs from acquiring their chosen firearms." (Stay Motion at 1.) The court set a hearing date in March of 2023 to decide whether to grant Plaintiffs' request (*see* Ord. [77]), but in the intervening months Judge Virginia M. Kendall issued an order denying a preliminary injunction that would have prevented enforcement of both the Illinois ban and a similar ban employed by the City of Naperville, finding that both the state law and the local ordinance would likely survive constitutional scrutiny, *see Bevis v. City of Naperville, Illinois*, 657 F. Supp. 3d 1052 (N.D. Ill. 2023), *aff'd*, 85 F.4th 1175 (7th Cir. 2023). On March 3, 2023, Defendants filed their motion for summary judgment. (*See* Def.'s Mot. for Summ. J. [80].) Five days later, after a hearing, the court declined to stay this case, noting the possibility that the Seventh Circuit's ruling in the appeal from *Bevis* (and other cases addressing assault weapons bans) might not resolve this one. (Ord. [88] at 1.) The court also observed that this case is the only one where the parties were developing a factual record. (*Id.*)

Briefing on Defendants' motion for summary judgment and on Plaintiffs' own motion for summary judgment (*see* Pl.'s Mot. for Summ. J. [100]) continued and was complete by mid-June. In September 2023, declining a motion for reassignment of a yet another assault-weapons-ban challenge case pending before Judge Harry D. Leinenweber, the court observed that the Seventh

5

Circuit had by then heard oral argument in *Bevis*, and its decision there "may well have substantial influence on, or control, this one." (Ord. [120] at 1–2.)

Then on November 3, 2023, the Seventh Circuit issued a single opinion addressing *Bevis* and the other consolidated cases challenging Illinois' statewide and local assault-weapons bans on appeal. The Court of Appeals refused to enjoin enforcement of any of these laws. *Bevis v. City of Naperville, Illinois*, 85 F.4th 1175, 1182, 1203 (7th Cir. 2023) (addressing the Illinois state law, a City of Chicago ordinance, a City of Naperville ordinance, and the Cook County Ordinance). In doing so, the court affirmed the "continuing vitality" of *Friedman*. *Id.* at 1184. The court noted that *Friedman* was "basically compatible with *Bruen*, insofar as *Friedman* anticipated the need to rest the analysis on history, not on a free-form balancing test." *Id.* at 1189. In defending this conclusion, the court noted that *Wilson* included a "gloss" on *Friedman*; that is, *Wilson* suggested that *Friedman* had done some sort of means-end scrutiny when upholding Highland Park's assault-weapons ban. That suggestion, the *Bevis* court said, was *dicta*; *Wilson* never explicitly characterized *Friedman* as having applied means-end scrutiny. *Id.* at 1191. That *Friedman* included a "fleeting reference to the city's reasons for adopting [its] ordinance" was not enough to "undermine the central analysis in the case," which focused on history. *Id.*

On the merits*, Bevis* considered whether challenges to these state and local assault-weapons bans were likely to succeed—a showing necessary for entry of a preliminary injunction against their enforcement. The court's Second Amendment analysis involved two successive inquiries: first, whether the weapons regulated by these laws are "Arms" within the meaning of the Second Amendment; and second, if so, whether the regulation comported with the history and tradition of firearms regulation.

At the first step, the court noted that the Amendment only applies to "bearable arms," which the court defined as "weapons in common use for a lawful purpose . . . [which] is at its core the right to individual self-defense." *Id.* at 1193 (relying on *District of Columbia v. Heller*, 554 U.S. 570, 624–25 (2008)). Plaintiffs therefore must show "that the weapons addressed in the pertinent

6

legislation are Arms that ordinary people would keep at home for purposes of self-defense, not weapons that are exclusively or predominantly useful in military service, or weapons that are not possessed for lawful purposes." *Id.* at 1194. Plaintiffs were not likely to meet that burden, the court concluded, pointing out that *Heller* "stated that M16s [military machineguns] are not among the Arms covered by the Second Amendment," and that the AR-15 (and similar weapons) were more like military weapons than those useful for self-defense. *Id.* at 1195 (citing *Heller*, 554 U.S. at 624, 627). Comparing the AR-15 and the M16, the court stressed that "[b]oth models use the same ammunition, deliver the same kinetic energy . . . the same muzzle velocity . . . and the same effective range . . . ." *Id.* at 1196. The "only meaningful distinction" the court found between the two weapons "is that the AR-15 has only semiautomatic capability (unless the user takes advantage of some simple modifications that essentially make it fully automatic), while the M16 operates both ways." *Id.* at 1195. The court also found irrelevant the fact that the "M16 has an automatic firing rate of 700 rounds per minute, while the [unmodified] AR-15 has a semiautomatic rate of 'only' 300 rounds per minute . . . ." *Id.* at 1196. This distinction made no difference for numerous reasons. For one, AR-15s could easily be modified with a bump stock to "mak[e] it, in essence, a fully automatic weapon." *Id.* And there was "a serious question" whether it would make sense to consider the AR-15 an Arm "as sold" if it could easily be modified to a military-like weapon; calling the AR-15 an Arm protected by the Amendment would, thus, "be a road map for assembling machineguns and avoiding legitimate regulations of their private use and carry." *Id.*

Importantly, the court concluded this threshold inquiry with a caveat:

Better data on firing rates might change the analysis of whether the AR-15 and comparable weapons fall on the military or civilian side of the line. We note in this connection that it is one thing to say that the AR-15 is capable of firing at a rate of 300 rounds per minute and the comparable rate for the M16 is 700 rounds per minute, but quite another to address actual firing capacity, which accounts for the need to change magazines. No one here has suggested that the M16 comes with a 700-round magazine, or for that matter that the AR-15 comes with a 300-round magazine. Either one must be reloaded multiple times to fire so many rounds. Factoring in the reloading time, the record may show that the two weapons differ more—or less—than it appears here.

7

*Id.* at 1197. The court also found that "large-capacity magazines . . . can lawfully be reserved for military use," and that "[a]nyone who wants greater firepower" could buy "three 10-round magazines" instead of one 30-round magazine. *Id.* The court concluded by stating that "there thus will be more to come, and we do not rule out the possibility that the plaintiffs will find other evidence that shows a sharper distinction between AR-15s and M16s (and each one's relatives) than the present record reveals." *Id.*

For the sake of completeness, the court also considered the second step "of the *Bruen* framework"—namely, whether "these laws [are] consistent with the history and tradition of firearms regulation . . . ." *Id.* at 1197–98. Here, too, the court concluded that plaintiffs were unlikely to succeed on the merits. The court began by tackling the question of whether assault weapons were in "common use" for self-defense—an inquiry it chose to conduct at the second step as opposed to the first. *Id.* at 1198. On that question, the court found "the analysis in *Friedman* to be particularly useful," in recognizing that "common use" was not tied to "numbers alone" concerning how many people owned the weapons, as this would make a ban constitutional at one time and unconstitutional at another. *Id.* at 1198–99. Instead, *Bevis* decided that "the relevant question is what are the modern analogues to the weapons people used for individual self-defense in 1791, and perhaps as late as 1868," and concluded those modern analogues include the non-military weapons that cases like *Heller* had in mind, "not a militaristic weapon such as the AR-15, which is capable of inflicting the grisly damage described in some of the briefs." *Id.* at 1199.

The *Bevis* court also addressed the history of regulation of dangerous weapons to protect the public. *Id.* at 1200. There is, the court held, a "long-standing tradition of regulating the especially dangerous weapons of the time, whether they were firearms, explosives, Bowie knives, or other like devices." *Id.* at 1199, 1201. The slate of assault-weapons bans at issue in *Bevis* thus "respect[ed] and rel[ied] on" what the court deemed "a long tradition, unchanged from the time when the Second Amendment was added to the Constitution, supporting a distinction

between weapons and accessories designed for military or law-enforcement use, and weapons designed for personal use." *Id.* at 1202.

After the *Bevis* decision issued, Defendants in this case filed a notice of supplemental authority, noting that *Bevis* "relied upon the analysis in *Friedman*" in reaching its conclusion as to *Bruen*'s second (history-minded) step. (*See* Notice of Supp. Authority [122] at 2.) Plaintiffs responded, admitting that "the legal conclusions in *Bevis* are binding here," but arguing that *Bevis* leaves open the possibility that further evidence, especially concerning the differences between AR-15s and M16s, could change its analysis. (Pls.' Resp. to Defs.' Supp. Authority (hereinafter "Pls.' *Bevis* Resp.") [123] at 1.) They contend that "[b]etter data" is available here, noting certain of their responses to Defendants' Rule 56.1 statements. (*Id.* at 2.) Specifically, they challenge *Bevis*' assumption that AR-15s shoot at a maximum rate of 300 rounds per minute (as compared with M16s' supposed rate of 700 per minute):

> The effective rate of fire of the M-16 rifle is 45–65 rounds per minute in semiautomatic mode and 150–200 rounds per minute in automatic mode. Unlike the M-16, the AR-15 is solely semiautomatic. It thus has an effective rate of fire that is one-third of the rate of the M-16 in automatic mode, and one-fifth of the rate posited by the Seventh Circuit.

(*Id.* at 2 (citations omitted).) This data, Plaintiffs argue, effectively distinguishes their case from *Bevis* on both prongs of the test identified by the Seventh Circuit, as both prongs rely to some extent on the distinction between military and civilian weapons. In other words, "[b]ecause the record in this case distinguishes AR-15s from M-16s, this tradition cannot support banning the AR-15 and other semiautomatic firearms." (*Id.*) Finally, *Bevis*' having left Illinois' assault-weapons ban intact left the court with questions about this case's justiciability. Accordingly, the court asked the parties to brief the issue of how Plaintiffs still have standing to challenge Cook County's ban. (Minute Ord. [125].)

## DISCUSSION

This case presents an awkward procedural puzzle with a simple solution. On the one hand, *Bevis* made clear that *Friedman* and *Wilson* remain good law, all but foreclosing Plaintiffs'

claim. On the other hand, *Bevis* also suggested that on remand, its merits analysis on the bans at issue (including Cook County's) might change based on a more fully developed factual record. In theory, this case—which has proceeded through discovery—might present just such a record to pick up where *Bevis* left off. But because Plaintiffs surface nothing from this record that might justify departing from binding precedent, the court grants summary judgment for Defendants.

The standards governing this case are familiar. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The court views the facts "in the light most favorable" to the nonmoving party when making this determination. *Lord v. Beahm*, 952 F.3d 902, 903 (7th Cir. 2020). And the "substantive law will identify which facts are material." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

I. **Whether Plaintiffs Have Standing**

Illinois' assault-weapons ban, which is unchallenged here, prohibits Plaintiffs from owning the same weapons that the challenged Cook County Ordinance does. The court thus asked the parties to explain how Plaintiffs' injuries are redressable by a ruling in their favor. Both parties urged that Plaintiffs do retain standing. Plaintiffs argue (1) that they have asked for nominal damages, which entitle them to *some* relief; and (2) that Defendant Foxx (the Cook County State's Attorney) is tasked with enforcing both state and county law. Thus, Plaintiffs assert, a ruling in their favor concerning the county's ban would strongly imply that the state ban is also unconstitutional, and would likely dissuade Foxx from enforcing the state law while independent challenges to its constitutionality proceed elsewhere. (*See* Pl.'s Resp. to Ord. to Show Cause [128].)

Defendants also argue that standing exists, for different reasons. First, Defendants contend that the Ordinance fully prohibits ownership of assault weapons, while Illinois' ban "allows gun owners to retain possession of assault weapons purchased prior to October 1, 2023, if registered." (Def.'s Mem. in Resp. to ECF No. 125 [127] at 4.) Defendants tacitly admit that

neither side has shown that any Plaintiff in fact owned covered weapons before October of 2023, but they make the common-sense assumption that the organizational "Plaintiffs here likely represent" such people. (*Id.* at 5.) Secondly, Defendants note that the Ordinance allows for larger penalties than Illinois' ban does, such that a ruling in Plaintiffs' favor would insulate them from harsher forms of punishment. (*Id.* at 6–7.)

The fact that the Plaintiffs seek nominal damages, and that the two bans are similar enough that the unconstitutionality of one would likely fall with the other, persuade the court that the case remains justiciable. *See N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York, New York*, 140 S. Ct. 1525, 1536 (2020) (Alito, J., dissenting) ("[I]t is widely recognized that a claim for nominal damages precludes mootness."). Accordingly, the court proceeds to the merits.

## II.     Whether *Friedman* and *Wilson* control this case

It is undisputed that this court is bound by Seventh Circuit precedent "unless 'powerfully convinced that the [Seventh Circuit] would overrule it at the first opportunity.'" *Brenner v. Brown*, 814 F. Supp. 717, 718 (N.D. Ill. 1993) (quoting *Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1123 (7th Cir. 1987)). The court follows Seventh Circuit precedent even if it believes those decisions are wrong or mistaken. *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004).

*Friedman* affirmed a grant of summary judgment in favor of Highland Park and held that its assault-weapons ban did not violate the Second Amendment. 784 F.3d at 406. And in 2019, *Wilson* affirmed dismissal of a complaint challenging the same Cook County Ordinance at issue in this case,[4] holding that *Friedman* was controlling because the two ordinances were "materially indistinguishable" and "the plaintiffs ha[d] not come forward with a compelling reason to revisit" that earlier decision. 937 F.3d at 1029. If this were not enough, the parties have expressly agreed that, if they are still good law, *Friedman* and *Wilson* control the case. Plaintiffs themselves made this point in their December 2021 motion for judgment on the pleadings (in favor of Defendants),

---

[4]      The Ordinance has not been amended in the interim; it has remained the same since July 2013. *See* Cook County, Ill. Code §§ 54-210 *et seq.*

11

admitting that "the claims at issue in this case are foreclosed by *Wilson* . . . and *Friedman*," and that "[a]ll parties agree that the Court is bound by these decisions . . . ." (Pls.' Brief in Supp. of J. on the Pleadings at 1.) Defendants see it in the same way. In their March 2023 motion for summary judgment, Defendants argue that Plaintiffs' "claims are foreclosed by the Seventh Circuit's decisions in *Wilson* . . . and *Friedman* . . . ." (Defs.' Mem. of Law in Supp. of Their Mot. for Summ. J. [82] at 46.)

The only hope for Plaintiffs' claim was that the Seventh Circuit would hold that *Friedman* and *Wilson* are inconsistent with *Bruen* and thus call them into serious doubt or overrule them. But crucially, the court in *Bevins* went well beyond simply refusing to overrule *Friedman* (and *Wilson* by extension); *Bevis* made a point of stressing *Friedman*'s "continuing vitality . . . ." 85 F.4th at 1184, 1190–91. And Plaintiffs conceded after *Bevins* came down that its legal conclusions are binding on this court. (Pls.' *Bevis* Resp. at 1.) Plaintiffs' claims are thus squarely foreclosed by binding precedent.

## III. Whether Any Evidence Distinguishes this Case from *Bevis*, *Friedman*, or *Wilson*

Nor, to the extent dicta in *Bevis* suggests that firing-rate differentials between M16s and AR-15s could change the calculus, have Plaintiffs offered evidence meaningfully doing so. First, it is not at all clear that the papers, surveys, and other online sources to which Plaintiffs cite are even admissible in this case. (*See* Defs.' Reply Filed in Supp. of Defs.' Mot. to Strike [117] at 5 (noting that Plaintiffs rely largely on "opinions set forth by alleged experts" without disclosing them in discovery and thus "circumvent[ing] th[e] court's discovery orders").)

But even considering the sources the Plaintiffs *do* cite, their evidence falls far short of meaningfully distinguishing AR-15s from M16s. Plaintiffs claim that the M16 and AR-15 both have a lower "effective" rate of fire than the rates contemplated by the Seventh Circuit in *Bevis*. Recall that *Bevis* appeared to assume that the M16 as an automatic weapon was capable of firing a maximum of 700 rounds per minute while the semiautomatic AR-15's comparable maximum rate was 300 rounds per minute. 85 F.4th at 1196. Plaintiffs note, contrarily, that the *effective* rate of

fire of the M16 rifle is 'only' 150–200 (not 700) rounds per minute in automatic mode and 45–65 (not 300) rounds per minute in semiautomatic mode, which would be the same for the AR-15, as it is semiautomatic. (Pls.' *Bevis* Resp. at 2.) This leads Plaintiffs to claim that the AR-15 "has an effective rate of fire that is one-third of the rate of the M-16 in automatic mode, and one-fifth of the rate posited by the Seventh Circuit." (*Id.*)

This is truly a distinction without a difference. *Bevis* made clear that the relevant distinction is not how fast the AR-15 shot in isolation, but how its firing rate compares with that of an M16, which (as recognized in *Heller*) was appropriately subject to regulation. *Id.* at 1197 ("[W]e do not rule out the possibility that the plaintiffs will find other evidence that shows a sharper distinction between AR-15s and M16s . . . than the present record reveals.") By the court's math, pre-modification with bump stocks or other devices, the AR-15 shot about 40% as many rounds in a minute as did the M16 (300 versus 700). The difference is similar, though, using Plaintiffs' numbers: if the M16 can "effective[ly]" shoot at 150–200 rounds a minute and the AR-15 can, pre-modification, shoot at 45–65 rounds a minute, then the AR-15 can shoot about 33% as many rounds in a minute as the M16 does. There is no indication in *Bevis* that this percentage difference in minute-to-minute firing capacity would render AR-15s different enough from M16s (which the court assumed were military weapons) to render them subject to Second Amendment protection. Moreover, the court in *Bevis* made a point of stressing that AR-15s can easily be modified with bump stocks or other devices to at least "double the rate at which" they can fire, further demonstrating the practical similarity between the two weapons. *See id.* at 1196. Nothing Plaintiffs have presented casts this into doubt. Additionally, *Bevis* appeared more concerned with whether the firing-rate differentials between AR-15s and M16s were exacerbated by things like "[f]actoring in reloading time" and the size of the typical magazines used with each weapon, and

Plaintiffs point to no evidence suggesting any such difference. *See id.* at 1197; *see also generally* Pls.' Resps. & Objections to Defs.' Rule 56.1 Statement of Material Facts [98].[5]

More importantly, it appears that the Seventh Circuit had this evidence before it in some form when deciding *Bevis*. In his dissent, Judge Manion points to a report from one of the compiled cases "listing the M16's maximum semiautomatic effective rate at 45 rounds per minute" to argue that the AR-15, which would have that same semiautomatic firing rate, was significantly lower than the M16 firing in automatic mode. *Bevis*, 85 F.4th at 1224 (Manion, J., dissenting). The *Bevis* majority was evidently unmoved by this distinction.

## CONCLUSION

For the foregoing reasons, the court grants Defendants' motion for summary judgment [80] and denies Plaintiffs' [100]; it also denies Defendants' motion to strike [104] as moot. The Clerk is directed to enter judgment in favor of Defendants. This ruling is final and appealable.

ENTER:

Dated: March 1, 2024

REBECCA R. PALLMEYER
United States District Judge

---

[5] Indeed, Plaintiffs' evidence in this case appears to have been broadly similar to that addressed in *Bevis*, as Plaintiffs seem to have relied on publicly available studies and information as opposed to producing expert reports during discovery. (*See* Motion to Strike at 6–7 (pointing out that Plaintiffs did not disclose exhibits they use to challenge Defendants' Rule 56.1 statements during discovery).) For example, in addition to the firing-rate evidence discussed above, *Bevis* was not troubled by statistics about the apparent popularity of the weapons at issue including "[o]ne brief['s] assert[ion] that at least 20 million AR-15s and similar rifles are owned by some 16 million citizens," and Plaintiffs stress similar figures here. (*Bevis*, 85 F.4th at 1198; Pls.' Mem. of Law in Supp. of Summ. J. [102] at 8.)

APPEAL,COX,PROTO,TERMED

# United States District Court
## Northern District of Illinois – CM/ECF NextGen 1.7.1.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:21-cv-04595
## Internal Use Only

| | |
|---|---|
| Viramontes et al v. The County of Cook et al | Date Filed: 08/27/2021 |
| Assigned to: Honorable Rebecca R. Pallmeyer | Date Terminated: 03/01/2024 |
| Cause: 28:1331 Federal Question: Other Civil Rights | Jury Demand: None |
| | Nature of Suit: 950 Constitutional - State Statute |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Cutberto Viramontes**
*an individual and resident of Cook County, Illinois*

represented by **William Victor Bergstrom**
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
(202) 220-9622
Email: wbergstrom@cooperkirk.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christian D. Ambler**
Stone & Johnson, Chartered
111 West Washington St.
Suite 1800
Chicago, IL 60602
(312) 332-5656
Email: cambler@stonejohnsonlaw.com
*TERMINATED: 11/01/2022*

**David G. Sigale**
Law Firm of David G. Sigale, P.C.
55 West 22nd Street
Suite 230
Lombard, IL 60148
630-452-4547
Email: dsigale@sigalelaw.com
*ATTORNEY TO BE NOTICED*

**David Henry Thompson**
Cooper & Kirk, Pllc
1523 New Hampshire Avenue, N.w.
Washington, DC 20036
(202) 220-9600
Email: dthompson@cooperkirk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Peter A Patterson
Cooper & Kirk, Pllc
1523 New Hampshire Ave. Nw
Washington, DC 20036
(202) 220-9600
Email: ppatterson@cooperkirk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Rubi Joyal**<br>*an individual and resident of Cook County,*<br>*Illinois*<br>*TERMINATED: 04/25/2022* | represented by | **William Victor Bergstrom**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**Christian D. Ambler**
(See above for address)
*TERMINATED: 11/01/2022*

**David Henry Thompson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Peter A Patterson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Christopher Khaya**<br>*an individual and resident of Cook County,*<br>*Illinois* | represented by | **Christian D. Ambler**<br>(See above for address)<br>*TERMINATED: 11/01/2022* |

**David G. Sigale**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Henry Thompson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Peter A Patterson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William Victor Bergstrom**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Second Amendment Foundation** | represented by | **William Victor Bergstrom**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Christian D. Ambler**<br>(See above for address)<br>*TERMINATED: 11/01/2022* |
| | | **David G. Sigale**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **David Henry Thompson**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Peter A Patterson**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Firearms Policy Coalition, Inc.** | represented by | **Christian D. Ambler**<br>(See above for address)<br>*TERMINATED: 11/01/2022* |
| | | **David G. Sigale**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **David Henry Thompson**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Peter A Patterson**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **William Victor Bergstrom**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

**The County of Cook**
*a body politic and corporate*

represented by **Jessica Megan Scheller**
Office of the Cook County States Attorney
500 Richard J. Daley Center
Chicago, IL 60602
312-603-6934
Email: jessica.scheller@cookcountysao.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Alan Adelman**
Cook County State's Attorney's Office
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, IL 60602
312-603-3151
Email: david.adelman@cookcountysao.org
*ATTORNEY TO BE NOTICED*

**Edward M. Brener**
Cook County State's Attorney
Civil Litigation Bureau
50 W. Washington
5th Floor
Chicago, IL 60602
(312) 603-5971
Email: edward.brener@cookcountysao.org
*ATTORNEY TO BE NOTICED*

**Hellin Jang**
Cook County States Attorneys Office
50 W. Washington Street, Suite 500
Chicago, IL 60602
(312) 970-0677
Email: hellin.jang@cookcountyil.gov
*ATTORNEY TO BE NOTICED*

**Jessica Wasserman**
Cook County State's Attorney's Office
500 Richard J. Daley Center
50 W. Washington Street
Ste 500
Chicago, IL 60602
312-603-5967
Email:
jessica.wasserman@cookcountysao.org
*ATTORNEY TO BE NOTICED*

**Megan Marie Honingford**
Cook County State's Attorney's Office
50 W. Washington
5th Floor
Chicago, IL 60602
(312) 603-3630
Email:

megan.honingford@cookcountysao.org
*ATTORNEY TO BE NOTICED*

**Prathima Yeddanapudi**
Cook County State's Attorney's Office
50 W. Washington
Suite 500
Chicago, IL 60602
(312) 603-5463
Email:
prathima.yeddanapudi@cookcountysao.org
*ATTORNEY TO BE NOTICED*

**Silvia Mercado Masters**
Cook County State's Attorney's Office
50 West Washington
Suite 500
Chicago, IL 60602
(312) 603-7795
Email:
silvia.mercadomasters@cookcountysao.org
*ATTORNEY TO BE NOTICED*

**Defendant**

**Toni Preckwinkle**
*in her official capacity as County Board
President and Chief Executive Officer of
Cook County*

represented by **Jessica Megan Scheller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Alan Adelman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward M. Brener**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hellin Jang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Wasserman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Megan Marie Honingford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Prathima Yeddanapudi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Silvia Mercado Masters**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kimberly M. Foxx**                          represented by    **Jessica Megan Scheller**
*in her official capacity as State's Attorney*                     (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **David Alan Adelman**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

                                              **Edward M. Brener**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

                                              **Hellin Jang**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

                                              **Jessica Wasserman**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

                                              **Megan Marie Honingford**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

                                              **Prathima Yeddanapudi**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

                                              **Silvia Mercado Masters**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Thomas Dart**                               represented by    **Jessica Megan Scheller**
*in his official capacity as Sheriff*                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **David Alan Adelman**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

                                              **Edward M. Brener**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

                                              **Hellin Jang**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Jessica Wasserman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Megan Marie Honingford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Prathima Yeddanapudi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Silvia Mercado Masters**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Chicago Board of Rabbis**                  represented by   **Brienne M Letourneau**
White & Case LLP
111 South Wacker Drive
Suite 5100
Chicago, IL 60606-4302
312-775-4808
Email: brienne.letourneau@whitecase.com
*TERMINATED: 05/19/2023*

**Jeremy Hillel Salinger**
Willkie Farr & Gallagher LLP
300 N. LaSalle
50th Fl
Chicago, IL 60606
(312) 728-9053
Email: jsalinger@willkie.com
*ATTORNEY TO BE NOTICED*

V.

**Movant**

**The City of Highland Park, Illinois**      represented by   **David Henry Hoffman**
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
312-853-7000
Email: david.hoffman@sidley.com
*ATTORNEY TO BE NOTICED*

**Neil Harris Conrad**
Sidley Austin Llp
1 S Dearborn St
Chicago, IL 60603
(312) 853-7579

Email: nconrad@sidley.com
*ATTORNEY TO BE NOTICED*

**Movant**

**City of Naperville, Illinois**      represented by   **Christopher B. Wilson**
Perkins Coie LLC
110 North Wacker Drive
Suite 3400
Chicago, IL 60606-1511
(312) 324-8603
Email: cwilson@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Gabriel Tong**
Perkins Coie Llp
110 North Wacker Drive
Suite 3400
Chicago, IL 60606
(312) 673-6493
Email: gtong@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Micaela Snashall**
Perkins Coie Llp
110 North Wacker Drive
Ste 3400
Chicago, IL 60606
312-324-8423
Email: MSnashall@perkinscoie.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/27/2021 | 1 | COMPLAINT filed by CUTBERTO VIRAMONTES; Filing fee $ 402, receipt number 0752-18612379. (Attachments: # 1 Civil Cover Sheet)(Ambler, Christian) (Entered: 08/27/2021) |
| 08/27/2021 | 2 | ATTORNEY Appearance for Plaintiffs FIREARMS POLICY COALITION, INC., RUBI JOYAL, CHRISTOPHER KHAYA, SECOND AMENDMENT FOUNDATION, CUTBERTO VIRAMONTES by Christian D. Ambler (Ambler, Christian) (Entered: 08/27/2021) |
| 08/27/2021 | 3 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by All Plaintiffs (Ambler, Christian) (Entered: 08/27/2021) |
| 08/27/2021 | 4 | CIVIL Cover Sheet (Ambler, Christian) (Entered: 08/27/2021) |
| 08/27/2021 | | CASE ASSIGNED to the Honorable Rebecca R. Pallmeyer. Designated as Magistrate Judge the Honorable Susan E. Cox. Case assignment: Random assignment. (cp, ) (Entered: 08/27/2021) |
| 08/30/2021 | | SUMMONS Issued as to Defendants THOMAS DART, KIMBERLY M. FOXX, TONI PRECKWINKLE, and THE COUNTY OF COOK. (lxk, ) (Entered: 08/30/2021) |

| 09/06/2021 | 5 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Parties are directed to submit a Proposed Scheduling Order by 11/8/2021. Mailed notice. (rbf, ) (Entered: 09/06/2021) |
|---|---|---|
| 09/13/2021 | 6 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-18658760. (Thompson, David) (Entered: 09/13/2021) |
| 09/13/2021 | 7 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-18658829. (Patterson, Peter) (Entered: 09/13/2021) |
| 09/14/2021 | 8 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-18665211. (Bergstrom, William) (Entered: 09/14/2021) |
| 09/16/2021 | 9 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Attorneys David Thompson, Peter Patterson and William Bergstrom's respective motion(s) to appear pro hac vice 6 7 , 8 on behalf of plaintiffs are granted. Mailed notice. (rbf, ) (Entered: 09/16/2021) |
| 09/20/2021 | 10 | AFFIDAVIT of Service filed by Plaintiffs Firearms Policy Coalition, Inc., Rubi Joyal, Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes regarding Summons served on The County of Cook on 09/10/2021 (Ambler, Christian) (Entered: 09/20/2021) |
| 09/20/2021 | 11 | AFFIDAVIT of Service filed by Plaintiffs Firearms Policy Coalition, Inc., Rubi Joyal, Christopher Khaya, Second Amendment Foundation regarding Summons served on Toni Preckwinkle on 09/10/2021 (Ambler, Christian) (Entered: 09/20/2021) |
| 09/20/2021 | 12 | AFFIDAVIT of Service filed by Plaintiffs Firearms Policy Coalition, Inc., Rubi Joyal, Christopher Khaya, Second Amendment Foundation regarding Summons served on Kimberly M. Foxx on 9/09/2021 (Ambler, Christian) (Entered: 09/20/2021) |
| 09/20/2021 | 13 | AFFIDAVIT of Service filed by Plaintiffs Firearms Policy Coalition, Inc., Rubi Joyal, Christopher Khaya, Second Amendment Foundation regarding Summons served on Thomas Dart on 09/13/2021 (Ambler, Christian) (Entered: 09/20/2021) |
| 09/30/2021 | 14 | ATTORNEY Appearance for Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook by Hellin Jang *Assistant State's Attorney* (Jang, Hellin) (Entered: 09/30/2021) |
| 09/30/2021 | 15 | MOTION by Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook for extension of time to file answer *or Otherwise Plead* (Jang, Hellin) (Entered: 09/30/2021) |
| 10/14/2021 | 16 | MINUTE entry before the Honorable Rebecca R. Pallmeyer:Defendants' motion for extension of time to answer 15 is granted. The parties shall submit a Report of Planning Meeting by 12/01/2021. (rbf, ) (Entered: 10/14/2021) |
| 11/15/2021 | 17 | ANSWER to Complaint by Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook(Jang, Hellin) (Entered: 11/15/2021) |
| 12/01/2021 | 18 | REPORT of Rule 26(f) Planning Meeting by Firearms Policy Coalition, Inc., Rubi Joyal, Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes (Thompson, David) (Entered: 12/01/2021) |
| 12/03/2021 | 19 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Telephonic status hearing set for 12/8/2021 at 11:15 a.m. Members of the public and media will be able to call in to listen to this hearing. Instructions and a link to the conference |

| | | |
|---|---|---|
| | | number are located on Judge Pallmeyer's website. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. (rbf, ) (Entered: 12/03/2021) |
| 12/03/2021 | 20 | MOTION by Plaintiffs Firearms Policy Coalition, Inc., Rubi Joyal, Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes for judgment on the pleadings (Thompson, David) (Entered: 12/03/2021) |
| 12/03/2021 | 21 | MEMORANDUM by Firearms Policy Coalition, Inc., Rubi Joyal, Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes in support of motion for judgment on the pleadings 20 (Thompson, David) (Entered: 12/03/2021) |
| 12/08/2021 | 22 | ATTORNEY Appearance for Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook by Jessica Megan Scheller *Office of the Cook County State's Attorney* (Scheller, Jessica) (Entered: 12/08/2021) |
| 12/08/2021 | 23 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Telephonic status hearing held on 12/08/2021. For the reasons stated on the record, plaintiffs' motion for judgment on the pleadings 20 is denied without prejudice. Discovery shall be commenced in time to be completed by 05/13/2022. Telephonic status hearing set for 02/25/2022 at 9:00 a.m. Members of the public and media will be able to call in to listen to the hearing. Instructions and a link to the conference number are located on Judge Pallmeyer's website. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. (rbf, ) (Entered: 12/08/2021) |
| 01/05/2022 | 24 | TRANSCRIPT OF PROCEEDINGS held on 12/8/21 before the Honorable Rebecca R. Pallmeyer. Order Number: 42300. Court Reporter Contact Information: Frances Ward - wardofficialtranscripts@gmail.com - (312)435-5561.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 1/26/2022. Redacted Transcript Deadline set for 2/7/2022. Release of Transcript Restriction set for 4/5/2022. (Ward, Frances) (Entered: 01/05/2022) |
| 01/14/2022 | 25 | ATTORNEY Appearance for Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook by Megan Marie Honingford (Honingford, Megan) (Entered: 01/14/2022) |
| 02/01/2022 | 26 | ATTORNEY Appearance for Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook by David Alan Adelman (Attachments: # 1 Notice of Filing)(Adelman, David) (Entered: 02/01/2022) |
| 02/22/2022 | 27 | MINUTE entry before the Honorable Rebecca R. Pallmeyer:Telephonic status hearing set for 02/25/2022 is stricken and reset for 3/17/2022 at 09:30 a.m. |

| | | |
|---|---|---|
| | | Members of the public and media will be able to call in to listen to the hearing. Instructions and a link to the conference number are located on Judge Pallmeyer's website. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. (rbf, ) (Entered: 02/22/2022) |
| 03/17/2022 | 28 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Telephonic status hearing held. The parties informed the court that discovery is still ongoing. The next telephonic status hearing is set for 4/25/22 at 9:30 a.m. Members of the public and media will be able to call in to listen to the hearing. Instructions and a link to the conference number are located on Judge Pallmeyer's website. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (mjc, ) (Entered: 03/17/2022) |
| 04/14/2022 | 29 | MOTION by Plaintiff Rubi Joyal to dismiss *without prejudice pursuant to FRCP 41* (Thompson, David) Modified on 9/1/2022 (cp, ). (Entered: 04/14/2022) |
| 04/14/2022 | 30 | MEMORANDUM by Rubi Joyal in support of motion to dismiss 29 *without prejudice pursuant to FRCP 41* (Thompson, David) (Entered: 04/14/2022) |
| 04/15/2022 | 31 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Defendants' brief in opposition to the motion to dismiss 29 is due 4/21/22; Plaintiffs may reply by 4/25/22. Notices mailed. (psm, ) (Entered: 04/15/2022) |
| 04/21/2022 | 32 | RESPONSE by Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook to motion to dismiss 29 , memorandum in support of motion 30 *to dismiss Plaintiff Joyal* (Honingford, Megan) (Entered: 04/21/2022) |
| 04/22/2022 | 33 | REPLY by Rubi Joyal to Response 32 (Thompson, David) (Entered: 04/22/2022) |
| 04/25/2022 | 34 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Telephonic status hearing held. Parties report that discovery is ongoing. As Rubi Joyal has already been deposed, and further information or documents can be obtained by subpoena, Defendant's objection to a without-prejudice dismissal is overruled. Rubi Joyal's motion for voluntary dismissal without prejudice 29 is granted. Rubi Joyal is terminated from the case. The next telephone status hearing is set for 5/31/2022 at 10:30 a.m., at which time the parties should be prepared to propose an agreed schedule for expert discovery. Members of the public and media will be able to call in to listen to the hearing. Instructions and a link to the conference number are located on Judge Pallmeyer's website. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice (mjc, ) (Entered: 04/25/2022) |
| 05/11/2022 | 35 | ATTORNEY Appearance for Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook by Silvia Mercado Masters (Masters, Silvia) (Entered: 05/11/2022) |

| 05/25/2022 | 36 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: The telephonic status hearing set for 5/31/22 at 10:30 a.m. is RESET to 11:45 a.m. (TIME CHANGE ONLY). Members of the public and media will be able to call in to listen to the hearing. Instructions and a link to the conference number are located on Judge Pallmeyer's website. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (mjc, ) (Entered: 05/25/2022) |
|---|---|---|
| 05/31/2022 | 37 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Telephone status hearing held on 5/31/22. Fact discovery will remain open for the limited purpose of production of documents in response Plaintiffs' proposal for search terms. Plaintiff will not disclose affirmative experts but Defendant expects to do so on the following scheduled, agreed by counsel: Date for initial expert disclosure is set July 15, 2022. Responsive disclosures, if any, will be submitted in accordance with the Federal Rules. Further telephone status hearing is set for September 8, 2022, at 9:30 a.m. Members of the public and media will be able to call in to listen to this hearing. Instructions and a link to the conference number are located on Judge Pallmeyer's website. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice (mjc, ) (Entered: 06/01/2022) |
| 07/06/2022 | 38 | MOTION by Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook for extension of time *to disclose and produce expert reports* (Honingford, Megan) (Entered: 07/06/2022) |
| 07/07/2022 | 39 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: In light of the rapidly-evolving circumstances described in Defendants' motion 38 , that motion is granted. Time for Defendants' expert disclosure is extended to September 15, 2022. The parties are invited to propose a schedule for Plaintiff's disclosures, if any. Telephone status conference now set for September 8, 2022, is stricken and re-set to September 29, 2022 at 10:00 a.m. Members of the public and media will be able to call in to listen to this hearing. Instructions and a link to the conference number are located on Judge Pallmeyer's website. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (mjc, ) (Entered: 07/07/2022) |
| 08/19/2022 | 40 | ATTORNEY Appearance for Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook by Edward M. Brener (Brener, Edward) (Entered: 08/19/2022) |
| 08/19/2022 | 41 | MOTION by Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook for order *Joint Confidentiality Order* (Attachments: # 1 Text of Proposed Order Proposed Joint Confidentiality Order)(Brener, Edward) (Entered: 08/19/2022) |

| 08/22/2022 | 42 | Agreed Confidentiality Order: Signed by the Honorable Rebecca R. Pallmeyer on 8/22/2022. Mailed notice. (cp, ) (Entered: 08/22/2022) |
|---|---|---|
| 09/15/2022 | 43 | CERTIFICATE of Service *of Rule 26(a)(2) disclosures and expert reports along with supporting documentation* by David Alan Adelman on behalf of All Defendants (Adelman, David) (Entered: 09/15/2022) |
| 09/27/2022 | 44 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: By agreement of the parties, the telephone status date set for 9/29/22 is stricken and RE-SET to 10/12/2022 at 9:00 a.m. Members of the public and media will be able to call in to listen to this hearing. Instructions and a link to the conference number are located on Judge Pallmeyer's website. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (cp, ) (Entered: 09/27/2022) |
| 09/27/2022 | 45 | ATTORNEY Appearance for Plaintiffs Firearms Policy Coalition, Inc., Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes by David G. Sigale (Sigale, David) (Entered: 09/27/2022) |
| 10/12/2022 | 46 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Telephone status hearing held. The court adopts the parties' agreed discovery schedule: Expert discovery concludes by 11/28/2022 and dispositive motions to be filed on or before 1/19/2023. Parties are directed to submit agreed briefing schedules for any dispositive motions filed. Mailed notice. (cp, ) (Entered: 10/12/2022) |
| 10/31/2022 | 47 | MOTION by Attorney Christian D. Ambler to withdraw as attorney for Firearms Policy Coalition, Inc., Rubi Joyal, Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes. No party information provided (Ambler, Christian) (Entered: 10/31/2022) |
| 11/01/2022 | 48 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Motion for leave to withdraw as attorney 47 is granted. Attorney Christian D. Ambler is terminated as counsel for plaintiffs. Mailed notice. (cp, ) (Entered: 11/01/2022) |
| 11/04/2022 | 49 | MOTION by Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook to amend/correct *answer* (Attachments: # 1 Exhibit Ex. 1 Proposed Amended Answer)(Honingford, Megan) (Entered: 11/04/2022) |
| 11/07/2022 | 50 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Defendants' motion for leave to amend answer 49 is granted. Defendants are granted leave to file their amended answer. Mailed notice. (cp, ) (Entered: 11/07/2022) |
| 11/07/2022 | 51 | AMENDED Answer by Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook to *Plaintiffs' Complaint* (Honingford, Megan) (Entered: 11/07/2022) |
| 12/23/2022 | 52 | ATTORNEY Appearance for Movant The City of Highland Park, Illinois by David Henry Hoffman (Hoffman, David) (Entered: 12/23/2022) |
| 12/23/2022 | 53 | ATTORNEY Appearance for Movant The City of Highland Park, Illinois by Neil Harris Conrad (Conrad, Neil) (Entered: 12/23/2022) |
| 12/23/2022 | 54 | MOTION by Movant The City of Highland Park, Illinois to reassign case (Hoffman, David) (Entered: 12/23/2022) |

| 12/23/2022 | 55 | MEMORANDUM by The City of Highland Park, Illinois in support of motion to reassign case 54 (Attachments: # 1 Index of Exhibits, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Hoffman, David) (Entered: 12/23/2022) |
| --- | --- | --- |
| 12/29/2022 | 56 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Briefing schedule for Highland Park's motion to reassign related case 54 is as follows: Response is due by 1/6/2023 and Reply is due by 1/13/2023. Mailed notice. (cp, ) (Entered: 12/29/2022) |
| 12/29/2022 | 57 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/29/2022: Mailed notice. (tg, ) (Entered: 12/29/2022) |
| 01/06/2023 | 58 | RESPONSE by National Association for Gun Rights, Susan Goldmanin Opposition to MOTION by Movant The City of Highland Park, Illinois to reassign case 54 (Arrington, Barry) (Entered: 01/06/2023) |
| 01/06/2023 | 59 | RESPONSE by Firearms Policy Coalition, Inc., Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes to MOTION by Movant The City of Highland Park, Illinois to reassign case 54 (Thompson, David) (Entered: 01/06/2023) |
| 01/13/2023 | 60 | MOTION by Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle for extension of time *to file dispositive motions (agreed)*, MOTION by Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle for leave to file excess pages *(agreed)* (Honingford, Megan) (Entered: 01/13/2023) |
| 01/13/2023 | 61 | ATTORNEY Appearance for Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook by Prathima Yeddanapudi (Yeddanapudi, Prathima) (Entered: 01/13/2023) |
| 01/13/2023 | 62 | REPLY by The City of Highland Park, Illinois to response in opposition to motion 58 , response to motion 59 *Reply In Support of the City of Highland Park's Motion to Reassign Related Case Pursuant to Local Rule 40.4* (Hoffman, David) (Entered: 01/13/2023) |
| 01/18/2023 | 63 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: County Defendants' agreed motion for extension of time and for leave to file Memorandum in excess of 15 pages and statement of material facts in excess of 80 statements 60 is granted. The County Defendants are granted leave to file a memorandum in support of summary judgment in excess of 15 pages, and in excess of the 80-fact limit. Extension is granted to file dispositive motions on or before February 2, 2023. Mailed notice. (cp, ) (Entered: 01/18/2023) |

| 01/19/2023 | 64 | MOTION by Movant City of Naperville, Illinois to reassign case *City of Naperville's Motion to Reassign Related Case Pursuant to Local Rule 40.4* (Snashall, Micaela) (Entered: 01/19/2023) |
| 01/19/2023 | 65 | MEMORANDUM by City of Naperville, Illinois in support of motion to reassign case 64 *Memorandum in Support of The City of Naperville's Motion to Reassign Related Case Pursuant to Local Rule 40.4* (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Snashall, Micaela) (Entered: 01/19/2023) |
| 01/20/2023 | 66 | ATTORNEY Appearance for Movant City of Naperville, Illinois by Micaela Snashall (Snashall, Micaela) (Entered: 01/20/2023) |
| 01/20/2023 | 67 | ATTORNEY Appearance for Movant City of Naperville, Illinois by Gabriel Tong (Tong, Gabriel) (Entered: 01/20/2023) |
| 01/20/2023 | 68 | ATTORNEY Appearance for Movant City of Naperville, Illinois by Christopher B. Wilson (Wilson, Christopher) (Entered: 01/20/2023) |
| 01/31/2023 | 69 | MOTION by Plaintiffs Firearms Policy Coalition, Inc., Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes to stay (Thompson, David) (Entered: 01/31/2023) |
| 01/31/2023 | 70 | MEMORANDUM by Firearms Policy Coalition, Inc., Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes in support of motion to stay 69 (Thompson, David) (Entered: 01/31/2023) |
| 02/01/2023 | 71 | MOTION by Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook for extension of time *to file dispositive motions (unopposed)* (Honingford, Megan) (Entered: 02/01/2023) |
| 02/03/2023 | 72 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: The parties have agreed to the following briefing schedule for Plaintiff's motion to stay 69 : Defendants' response is due by 2/15/2023 and plaintiffs' reply is due by 2/22/2023. Mailed notice. (cp, ) (Entered: 02/03/2023) |
| 02/03/2023 | 73 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Motion 71 is granted. Date for submission of dispositive motions is extended to 14 days after the court's ruling on the motion for stay. Mailed notice. (cp, ) (Entered: 02/03/2023) |
| 02/03/2023 | 74 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: A motion hearing is set for 3/8/2023 at 1:00 p.m. for plaintiff's motion to stay . This hearing will be conducted via Microsoft Teams video conference. Counsel shall email the courtroom deputy and provide the email address for each attorney that is expected to participate. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (cp, ) (Entered: 02/03/2023) |
| 02/15/2023 | 75 | RESPONSE by Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cookin Opposition to MOTION by Plaintiffs Firearms Policy Coalition, Inc., Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes to stay 69 (Yeddanapudi, Prathima) (Entered: 02/15/2023) |
| 02/22/2023 | 76 | REPLY by Firearms Policy Coalition, Inc., Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes to response in opposition to motion, 75 (Thompson, David) (Entered: 02/22/2023) |

| 02/27/2023 | 77 | ORDER: The court directs the parties to be prepared to address issues as described below. See attached Order for further details. Signed by the Honorable Rebecca R. Pallmeyer on 2/27/2023. Mailed notice. (cp, ) (Entered: 02/28/2023) |
|---|---|---|
| 03/02/2023 | 78 | ATTORNEY Appearance for Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook by Jessica Wasserman (Wasserman, Jessica) (Entered: 03/02/2023) |
| 03/02/2023 | 79 | Notice of Withdrawal of Motion by City of Naperville, Illinois (Wilson, Christopher) (Entered: 03/02/2023) |
| 03/03/2023 | 80 | MOTION by Defendants The County of Cook, Toni Preckwinkle, Thomas Dart, Kimberly M. Foxx for summary judgment *Pursuant to Fed. R. Civ. P. 56* (Scheller, Jessica) (Entered: 03/03/2023) |
| 03/03/2023 | 81 | RULE 56.1 Statement by Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook regarding motion for summary judgment 80 (Attachments: # 1 Exhibit Ex. 1, # 2 Exhibit Ex. 2, # 3 Exhibit Ex. 3, # 4 Exhibit Ex. 4, # 5 Exhibit Ex. 5, # 6 Exhibit Ex. 6, # 7 Exhibit Ex. 7, # 8 Exhibit Ex. 8, # 9 Exhibit Ex. 9, # 10 Exhibit Ex. 10, # 11 Exhibit Ex. 11, # 12 Exhibit Ex. 12, # 13 Exhibit Ex. 13, # 14 Exhibit Ex. 14, # 15 Exhibit Ex. 15, # 16 Exhibit Ex. 16, # 17 Exhibit Ex. 17, # 18 Exhibit Ex. 18, # 19 Exhibit Ex. 19)(Honingford, Megan) (Entered: 03/03/2023) |
| 03/03/2023 | 82 | MEMORANDUM by Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook in support of motion for summary judgment 80 (Yeddanapudi, Prathima) (Entered: 03/03/2023) |
| 03/03/2023 | 83 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Pursuant to notice 79 , Plaintiff's motion to reassign 69 is stricken without prejudice. Mailed notice. (cp, ) (Entered: 03/03/2023) |
| 03/05/2023 | 84 | NOTICE by Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook (Attachments: # 1 Exhibit Memorandum in Opposition)(Wasserman, Jessica) (Entered: 03/05/2023) |
| 03/06/2023 | 85 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Members of the public and media will be able to call in to listen to the Microsoft Teams video hearing scheduled for 3/8/23 at 1:00 pm. The courtroom deputy sent a link to the video hearing to the attorneys of record. The call in number is: 312-646-0998 and access code is: 501 065 584#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (cp, ) (Entered: 03/06/2023) |
| 03/06/2023 | 🔒 | (Court only) ***Reopen Document MOTION by Plaintiffs Firearms Policy Coalition, Inc., Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes to stay 69 (cp, ) (Entered: 03/06/2023) |
| 03/07/2023 | 86 | CORRECTED MINUTE entry before the Honorable Rebecca R. Pallmeyer: Minute entry 83 is stricken and corrected as follows: Pursuant to notice 79 , Plaintiff's motion to reassign 64 is stricken without prejudice. Mailed notice. (cp, ) (Entered: 03/07/2023) |
| 03/08/2023 | 87 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Video motion hearing held on 3/8/23 on Plaintiff's motion to stay 69 . Order to enter. Mailed notice. |

| | | |
|---|---|---|
| | | (cp, ) (Entered: 03/08/2023) |
| 03/08/2023 | 88 | ORDER: Plaintiffs' motion for stay 69 is denied without prejudice. The parties are directed to submit a proposed agreed briefing schedule for Defendants' Motion for Summary Judgment 80 . Signed by the Honorable Rebecca R. Pallmeyer on 3/8/2023. Mailed notice. (cp, ) (Entered: 03/08/2023) |
| 03/10/2023 | 89 | ATTORNEY Appearance for Amicus Chicago Board of Rabbis by Brienne M Letourneau (Letourneau, Brienne) (Entered: 03/10/2023) |
| 03/10/2023 | 90 | MOTION by Amicus Chicago Board of Rabbis for leave to file *(MOTION OF THE CHICAGO BOARD OF RABBIS FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE INSTANTER)* (Attachments: # 1 Exhibit A - Amicus Brief, # 2 Exhibit 1 - DECLARATION OF SARAH FOLLMER, # 3 Text of Proposed Order) (Letourneau, Brienne) (Entered: 03/10/2023) |
| 03/10/2023 | 91 | ATTORNEY Appearance for Amicus Chicago Board of Rabbis by Jeremy Hillel Salinger (Salinger, Jeremy) (Entered: 03/10/2023) |
| 03/13/2023 | 92 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: By agreement of the parties, the court enters the following briefing schedule: Plaintiff's response to Defendant's motion for summary judgment 80 is due by 4/24/23; Defendant's reply is due by 5/8/23. Plaintiff's motion for summary judgment is due by 5/1/2023; Defendant's response is due by 6/1/2023. Plaintiff's reply is due by 6/15/2023. Mailed notice. (cp, ) (Entered: 03/13/2023) |
| 03/16/2023 | 93 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Parties are directed to file objections, if any, to the motion filed by Amicus Chicago Board of Rabbis 90 , on or before March 24, 2023. Mailed notice. (cp, ) (Entered: 03/16/2023) |
| 03/22/2023 | 94 | SUPPLEMENTAL BRIEF by The City of Highland Park, Illinois *in Support of Motion to Reassign Related Case Pursuant to Local Rule 40.4* 54 (Hoffman, David) (Entered: 03/22/2023) |
| 04/20/2023 | 95 | MOTION by Plaintiffs Firearms Policy Coalition, Inc., Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes for leave to file excess pages (Thompson, David) (Entered: 04/20/2023) |
| 04/21/2023 | 96 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Plaintiff's motion for leave to file an overlength brief 95 is granted. Plaintiff's granted leave to file a response to the Defendants' motion for summary judgment that is not in excess of 48 pages. Mailed notice. (cp, ) (Entered: 04/21/2023) |
| 04/24/2023 | 97 | RESPONSE by Firearms Policy Coalition, Inc., Christopher Khaya, Second Amendment Foundation, Cutberto Viramontesin Opposition to MOTION by Defendants The County of Cook, Toni Preckwinkle, Thomas Dart, Kimberly M. Foxx for summary judgment *Pursuant to Fed. R. Civ. P. 56* 80 (Thompson, David) (Entered: 04/24/2023) |
| 04/24/2023 | 98 | RESPONSE by Plaintiffs Firearms Policy Coalition, Inc., Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes to Rule 56 statement,, 81 (Attachments: # 1 Exhibit Exs. 1-10, # 2 Exhibit Exs. 11-20, # 3 Exhibit Exs. 21-30, # 4 Exhibit Exs. 31-40, # 5 Exhibit Exs. 41-50, # 6 Exhibit Exs. 51-60, # 7 Exhibit Exs. 61-70, # 8 Exhibit Exs. 71-80, # 9 Exhibit Exs. 81-85, # 10 Exhibit Exs. 86-90, # 11 Exhibit Exs. 91-95, # 12 Exhibit Exs. 96-100, # 13 Exhibit Exs. 101-105)(Thompson, David) (Entered: 04/24/2023) |
| 04/24/2023 | 99 | RULE 56 Statement by Firearms Policy Coalition, Inc., Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes regarding motion for |

| | | summary judgment 80 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Thompson, David) (Entered: 04/24/2023) |
|---|---|---|
| 05/01/2023 | 100 | MOTION by Plaintiffs Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes, Firearms Policy Coalition, Inc. for summary judgment *Pursuant to Fed. R. Civ. P. 56* (Thompson, David) (Entered: 05/01/2023) |
| 05/01/2023 | 101 | RULE 56 Statement by Firearms Policy Coalition, Inc., Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes regarding motion for summary judgment 100 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Thompson, David) (Entered: 05/01/2023) |
| 05/01/2023 | 102 | MEMORANDUM by Firearms Policy Coalition, Inc., Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes in support of motion for summary judgment 100 (Thompson, David) (Entered: 05/01/2023) |
| 05/08/2023 | 103 | MOTION by Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook for leave to file excess pages *(agreed)*<br><br>(Honingford, Megan) (Entered: 05/08/2023) |
| 05/08/2023 | 104 | MOTION by Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook to strike Response,, 98 *MOTION TO STRIKE PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' RULE 56.1 STATEMENT OF MATERIAL FACTS AND EXHIBITS*<br><br>(Scheller, Jessica) (Entered: 05/08/2023) |
| 05/08/2023 | 105 | RESPONSE by Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook to Rule 56 statement 99 *of additional facts* (Honingford, Megan) (Entered: 05/08/2023) |
| 05/08/2023 | 106 | REPLY by Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook to Rule 56 statement,, 81 , MOTION by Defendants The County of Cook, Toni Preckwinkle, Thomas Dart, Kimberly M. Foxx for summary judgment *Pursuant to Fed. R. Civ. P. 56* 80 , memorandum in support of motion 82 , Response,, 98 , response in opposition to motion, 97 *DEFENDANTS' REPLY FILED IN SUPPORT OF THEIR FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT* (Scheller, Jessica) (Entered: 05/08/2023) |
| 05/09/2023 | 107 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: County Defendants' agreed motion for leave to file reply in excess of 10 pages 103 is granted. Mailed notice. (cp, ) (Entered: 05/09/2023) |
| 05/09/2023 | 108 | AGREED ORDER: The parties agree to the following briefing schedule regarding Defendants' May 8, 2023 Motion to Strike (ECF No. 104): Plaintiffs shall file their response on or before May 22, 2023; and Defendants shall file their reply, if any, on or before June 5, 2023. Signed by the Honorable Rebecca R. Pallmeyer on 5/9/2023. Mailed notice. (cp, ) (Entered: 05/09/2023) |
| 05/17/2023 | 109 | MOTION by Amicus Chicago Board of Rabbis to withdraw *appearance of Brienne M. Letourneau*<br><br>(Letourneau, Brienne) (Entered: 05/17/2023) |
| 05/19/2023 | 110 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Motion for leave to withdraw the appearance of Brienne M. Letourneau 109 is granted. Attorney Brienne M Letourneau is terminated. Mailed notice. (cp, ) (Entered: 05/19/2023) |

| 05/22/2023 | 111 | RESPONSE by Firearms Policy Coalition, Inc., Christopher Khaya, Second Amendment Foundation, Cutberto Viramontesin Opposition to MOTION by Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook to strike Response,, 98 *MOTION TO STRIKE PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' RULE 56.1 STATEMENT OF MATERIAL FACTS AND EXHIBITS 104 (Thompson, David) (Entered: 05/22/2023)* |
| --- | --- | --- |
| 05/23/2023 | 112 | MOTION by Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook for leave to file *Motion to Adopt Cross-Statements of Undisputed Material Facts [Agreed]*<br><br>(Brener, Edward) (Entered: 05/23/2023) |
| 05/24/2023 | 113 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: The Parties' Agreed Motion To Adopt Cross-Statements Of Undisputed Material Facts 112 is granted. Mailed notice (cn). (Entered: 05/24/2023) |
| 06/01/2023 | 114 | RESPONSE by Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook to Rule 56 statement, 101 *Plaintiffs' 56.1 Statement of Facts* (Scheller, Jessica) (Entered: 06/01/2023) |
| 06/01/2023 | 115 | RULE 56 (b)(3)(c) Statement *of Additional Undisputed Material Facts* (Scheller, Jessica) (Entered: 06/01/2023) |
| 06/01/2023 | 116 | RESPONSE by Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cookin Opposition to MOTION by Plaintiffs Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes, Firearms Policy Coalition, Inc. for summary judgment *Pursuant to Fed. R. Civ. P. 56* 100 (Scheller, Jessica) (Entered: 06/01/2023) |
| 06/05/2023 | 117 | REPLY by Defendants Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook to motion to strike, 104 *Plaintiffs' Response to 56.1* (Scheller, Jessica) (Entered: 06/05/2023) |
| 06/13/2023 | 118 | REPLY by Firearms Policy Coalition, Inc., Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes to MOTION by Plaintiffs Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes, Firearms Policy Coalition, Inc. for summary judgment *Pursuant to Fed. R. Civ. P. 56* 100 (Thompson, David) (Entered: 06/13/2023) |
| 06/13/2023 | 119 | RESPONSE by Plaintiffs Firearms Policy Coalition, Inc., Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes to Rule 56 statement 115 *of Additional Undisputed Material Facts* (Thompson, David) (Entered: 06/13/2023) |
| 09/28/2023 | 120 | ORDER: The City of Highland Park ("Highland Park"), Illinois has moved for reassignment of Goldman v. City of Highland Park, No. 22-cv-04774 (N.D. Ill.), currently pending before Judge Harry D. Leinenweber, as related to this one. The motion 54 is denied without prejudice. Signed by the Honorable Rebecca R. Pallmeyer on 9/28/2023. Mailed notice. (cp, ) (Entered: 09/28/2023) |
| 10/31/2023 | 121 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: No objection having been filed, motion of the Chicago Board of Rabbis for leave to file amicus brief 90 is granted. Mailed notice. (cp, ) (Entered: 10/31/2023) |
| 11/06/2023 | 122 | NOTICE by Thomas Dart, Kimberly M. Foxx, Toni Preckwinkle, The County of Cook *of Supplemental Authority* (Attachments: # 1 Exhibit A)(Scheller, Jessica) (Entered: 11/06/2023) |

| 11/29/2023 | 123 | RESPONSE by Plaintiffs Firearms Policy Coalition, Inc., Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes to notice of filing 122 *re Supplemental Authority* (Thompson, David) (Entered: 11/29/2023) |
|---|---|---|
| 12/28/2023 | 124 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/28/2023: Mailed notice. (tg, ) (Entered: 12/28/2023) |
| 02/05/2024 | 125 | ORDER: The court is prepared to rule on the parties' cross-motions for summary judgment, but notes a concern about justiciability, raised in part by the parties in this case while the appeal was pending in Bevis v. City of Naperville, 84 F.4th 1175 (7th Cir. 2023). That case has now been decided; the Court of Appeals declined to enjoin enforcement of the State of Illinois' assault-weapons ban, leaving that ban in place for now. Because Illinois' assault-weapons ban remains the law, Plaintiffs' injuries may not be redressable in this lawsuit, which challenges Cook County's nearly indistinguishable ban. The court is mindful that Illinois' and Cook County's assault-weapons bans are not identical, and that daylight between the two could be relevant in determining whether one or more of the remaining Plaintiffs' injuries could be redressed by a decision in their favor. As the court is uncertain whether this is the case without more information, it directs the parties to show cause within 21 days why this case should not be dismissed without prejudice. Signed by the Honorable Rebecca R. Pallmeyer on 2/5/2024. Mailed notice. (cp, ) (Entered: 02/06/2024) |
| 02/14/2024 | 🔒 126 | TRANSCRIPT OF PROCEEDINGS held on 3/8/23 before the Honorable Rebecca R. Pallmeyer. Order Number: 47963. Court Reporter Contact Information: Frances Ward - frances_ward@ilnd.uscourts.gov - (312)435-5561.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 3/6/2024. Redacted Transcript Deadline set for 3/18/2024. Release of Transcript Restriction set for 5/14/2024. (Ward, Frances) (Entered: 02/14/2024) |
| 02/23/2024 | 127 | MEMORANDUM order,,,, 125 by Kimberly M. Foxx *in Response to ECF No. 125* (Scheller, Jessica) (Entered: 02/23/2024) |
| 02/26/2024 | 128 | RESPONSE by Plaintiffs Firearms Policy Coalition, Inc., Rubi Joyal, Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes to order,,,, 125 |

| | | |
|---|---|---|
| | | (Thompson, David) (Entered: 02/26/2024) |
| 03/01/2024 | 129 | MEMORANDUM Opinion and Order: The court grants Defendants' motion for summary judgment 80 and denies Plaintiffs' 100 ; it also denies Defendants' motion to strike 104 as moot. The Clerk is directed to enter judgment in favor of Defendants. This ruling is final and appealable. Please see attached Memorandum Opinion and Order for further details. Signed by the Honorable Rebecca R. Pallmeyer on 3/1/2024. Mailed notice. (cp, ) (Entered: 03/01/2024) |
| 03/01/2024 | 130 | ENTERED JUDGMENT. Mailed notice.(cp, ) (Entered: 03/01/2024) |
| 03/15/2024 | 131 | NOTICE of appeal by Firearms Policy Coalition, Inc., Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes regarding orders 129 Filing fee $ 605, receipt number AILNDC-21750646. Receipt number: n (Thompson, David) (Entered: 03/15/2024) |
| 03/15/2024 | 132 | DOCKETING Statement by Firearms Policy Coalition, Inc., Christopher Khaya, Second Amendment Foundation, Cutberto Viramontes regarding notice of appeal 131 (Thompson, David) (Entered: 03/15/2024) |
| 03/22/2024 | 133 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 131 . (jn, ) (Entered: 03/22/2024) |